1  Carolyn Hunt Cottrell (SBN 166977)
   Ori Edelstein (SBN 268145)
2  SCHNEIDER WALLACE COTTRELL
   KONECKY WOTKYNS LLP
3  2000 Powell Street, Suite 1400
   Emeryville, California 94608
4  Tel: (415) 421-7100
   Fax: (415) 421-7105
5
   Attorneys for Plaintiff and the Putative Class
6  and Collective

7              UNITED STATES DISTRICT COURT FOR THE
8                  EASTERN DISTRICT OF CALIFORNIA

9  JOSHUA WRIGHT on behalf of himself and all    Case No. _____
10 others similarly situated,
                                                 **CLASS AND COLLECTIVE ACTION**
11          Plaintiffs,                          **COMPLAINT FOR DAMAGES AND**
                                                 **DECLARATORY RELIEF AND DEMAND**
12 vs.                                           **FOR JURY TRIAL**

13 FRONTIER MANAGEMENT LLC, FRONTIER
   SENIOR LIVING, LLC, and GH SENIOR
14 LIVING, LLC dba GREENHAVEN ESTATES
   ASSISTED LIVING,
15
            Defendants
16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Joshua Wright ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

**SUBJECT MATTER JURISDICTION AND VENUE**

1.     This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous hourly, non-exempt employees who reside in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Defendants are subject to personal jurisdiction here.  Defendant Frontier Management, according to its website, operates multiple residential memory care and senior living facilities, and employs Class and Collective members, in California, including in this judicial district.  Defendant Frontier Senior living, according to its filings with the California Secretary of State, is the corporate entity through which Defendant Frontier Management manages its California operations, including those in this judicial district.

**INTRODUCTION**

3.     Plaintiff brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for Frontier Management LLC ("Frontier Management"), Frontier Senior Living, LLC ("Frontier Senior Living"), and GH Senior Living, LLC dba Greenhaven Estates Assisted Living ("Greenhaven") (collectively, "Defendants") as hourly, non-exempt employees.

4.     Defendants maintain a longstanding policy and practice of failing to properly compensate non-exempt employees for work performed during meal periods, for work performed while "off-the-clock," and for missed rest and meal periods. These policies denied Plaintiff and

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND
DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

1   other hourly, non-exempt employees payment for all hours worked, including overtime, and deny

2   Plaintiff and Class members meal and rest periods that comply with California law.

3       5.      Defendants violate the FLSA and California law by knowingly and willfully requiring

4   Plaintiff and Class and Collective members to perform work and/or remain on duty during meal

5   and rest breaks, subjecting them to interruptions during those times. While Defendants require

6   Class and Collective members to clock in and out for meal periods, these employees remain on

7   duty and are continuously subject to interruption during that time.

8       6.      Defendants received value from the work performed by Plaintiff and Class and

9   Collective members during their meal periods and while "off-the-clock" without compensating

10  them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff and

11  Class and Collective members for work performed.

12      7.      Defendant's conduct violated and continues to violate the FLSA because of the

13  mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one

14  and one-half times their regular rate of pay for all hours worked in excess of forty within a single

15  workweek.  *See* 29 U.S.C. § 207(a).

16      8.      Plaintiff also pursues claims under California Labor Code to challenge Defendants'

17  policies and practices of: (1) failing to pay Plaintiff and Class members minimum wage (§ 1194);

18  (2) failing to pay Plaintiff and Class members overtime wages (§ 510); (3) failing to authorize and

19  permit Plaintiff and Class members to take meal and rest breaks to which they are entitled by law

20  (§§ 226.7 and 512); (4) failing to compensate Plaintiff and Class members for all hours worked (§

21  204); (5) failing to provide Plaintiff and Class members accurate, itemized wage statements (§ 226);

22  (6) failing to timely pay Plaintiff and Class members full wages upon termination or resignation (§§

23  201-203); (7) failing to reimburse Plaintiff and Class members for necessary business expenses (§

24  2802), and engaging in unfair and unlawful business practices (California Business and Professions

25  Code § 17200, et seq.).

26      9.      Plaintiff files this action to recover on behalf of himself and Class and Collective

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND
DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

members all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and state law individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and Class and Collective members of their lawfully-earned wages.

**PARTIES**

10.     Plaintiff Joshua Wright is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Sacramento.  Mr. Wright was employed as a Medication Technician by Defendants at their Greenhaven facility from April 12, 2018 until March 15, 2019.

11.     The Collective members are people who are or who have been employed by Defendants as hourly, non-exempt employees in the United States at any time within the three years preceding the filing of this Complaint.

12.     The Class members are all people who are or who have been employed by Defendants as hourly, non-exempt employees in California within the four years preceding the filing of this Complaint.

13.     Plaintiff is informed, believes, and thereon alleges that Defendant Frontier Management is an Oregon limited liability corporation that maintains its principal office in Portland, Oregon.

14.     Plaintiff is informed, believes, and thereon alleges that Defendant Frontier Senior Living is an Oregon limited liability corporation that maintains its principal office in Portland, Oregon.

15.     Plaintiff is informed, believes, and thereon alleges that that Defendant Greenhaven is a California limited liability company that maintains its headquarters in Sacramento, California. Defendant Greenhaven is registered to do business in the state of California.

16.     Plaintiff is informed, believes, and thereon alleges that Defendant Frontier

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

Management owns Frontier Senior Living, that Defendant Frontier Senior Living is a member of Defendant Greenhaven, and that Defendants Frontier Management, Frontier Senior Living, and Greenhaven all share at least one member or manager and all share the same primary place of business.

17.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

18.     Plaintiff is informed, believes, and thereon alleges that Defendants maintain a chain of retirement and assisted living communities throughout the United States, including in California. Plaintiff is informed, believes, and thereon alleges that Defendants employ hourly, non-exempt employees throughout the United States, including in California.

19.     Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants Frontier Management, Frontier Senior Living, and Greenhaven, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

20.     Plaintiff is informed, believes, and thereon alleges that Defendant Frontier Management directly controls the operations of its agents, Defendants Frontier Senior Living and Greenhaven.  Plaintiff is informed, believes, and thereon alleges that Defendants Frontier Management, Frontier Senior Living, and Greenhaven jointly exercised control over Plaintiff and Class and Collective members with respect to their employment.

21.     As employers of Plaintiff and the Class and Collective members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for back pay, penalties, and other economic damages owed to Plaintiff and the Class and Collective members.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

22.     Throughout this Complaint, any reference to "Defendant" or "Defendants" is intended to refer to Defendants Frontier Management, Frontier Senior Living, and Greenhaven jointly.

23.     Plaintiff and Class and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

24.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

25.     Plaintiff is informed, believes, and thereon alleges that Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

26.     At all material times, Defendants have been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

27.     In addition to Plaintiff, Defendants have employed numerous other employees who, like Plaintiff, are hourly, non-exempt employees engaged in interstate commerce.  Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

28.     At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

29.     At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class members in this judicial district.  Defendants are a "person" as defined in Labor Code § 18 and Business and Professions Code § 17201.  Defendants are also an "employer" as that term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working

conditions.

## FACTUAL ALLEGATIONS

30.     Defendants operate a chain of retirement and assisted living communities throughout the United States and California, including Greenhaven, which is located in Sacramento, California. Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

31.     Plaintiff Wright worked at Greenhaven as a Medication Technician from April 12, 2018 until March 15, 2019.  He was paid at an hourly rate of $14.50 and regularly worked in excess of eight hours a day and forty hours per week, usually working approximately 44 to 46 hours per week.

32.     As a matter of policy, Defendants require Plaintiff, Class, and Collective members to remain on duty during their scheduled shifts, including during rest breaks and while clocked out for meal periods.  Defendants do not compensate these employees for work performed while clocked out for meal periods.

33.     Specifically, Defendants require Plaintiff, Class, and Collective members to carry communication devices with them at all times. Defendants require them to carry these devices so that Plaintiff and Class and Collective members can be reached at all times throughout the day to handle issues concerning their patients and facility personnel.  Defendants have a policy and/or practice that Class and Collective members must keep these communication devices, namely walkie-talkies, on during meal and rest breaks, in order to be continuously available. Defendants require these employees to respond to calls during this time, regardless of whether they are taking a meal or rest break. As a result of Defendants' policies and practices, Class and Collective members are routinely denied the opportunity to take legally-compliant meal and rest breaks.  Plaintiff is informed, believes, and thereon alleges that this policy and practice applies to all hourly-paid, non-exempt staff.

34.     As a result of these policies, Defendants deny Plaintiff and Class and Collective

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND
DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

members meal and rest periods to which they are statutorily entitled, as well as the overtime premiums resulting from the additional off-the-clock work performed during meal breaks.

35.     Despite these recurring violations, Defendants do not provide Plaintiff and Class and Collective members premium pay for missed breaks and meal periods.

36.     Plaintiff and Class and Collective members are also regularly required to work off-the-clock, time which Defendants neither record nor compensate them for. Defendants require Plaintiff and Class and Collective members to use a timeclock that encounters technical difficulties 2 to 3 times per pay period. These technical difficulties prevent employees from logging their work hours. Defendants do not account for this off-the-clock work when compensating Plaintiff and Class and Collective members, resulting in widespread under-compensation.  As a result, Defendants failed to record or compensate each Class and Collective member for approximately 8 to 12 hours of off-the-clock work for each pay period.  Although Defendants' management staff is aware of the timeclock issues, which Plaintiff Wright reported multiple times, Defendants refuse to remedy this issue.  Plaintiff is informed, believes, and thereon alleges that this same timekeeping system is used across all Defendants' facilities, including in California and nationwide.

37.     Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Collective and Class members. In particular, Defendants have failed to record hours that Plaintiff and Collective and Class members worked during missed meal breaks as well as hours worked off the clock.

38.     Defendants' failure to record all hours worked also results in a failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendant provides are not accurate because they do not reflect the actual hours worked by Plaintiff and Class members. The wage statements do not contain off-the-clock work or time that should be compensable during interruptible meal breaks. Further, the wage statements are inaccurate because they do not include premium pay for missed breaks, overtime, and work that was performed while the timeclock was out of service.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

39.     Further, Defendants do not provide Class members, including Plaintiff, with full payment of all wages owed at the end of employment. As these workers are owed for off-the-clock work, unpaid overtime, and premium pay when their employment ends, and these amounts remain unpaid under Defendants' policies and practices, Defendants fail to pay all wages due upon termination. As a consequence, Defendants are subject to waiting time penalties.

40.     Finally, Defendants do not reimburse or compensate Plaintiff and Class members for business expenses incurred for Defendants benefit. Plaintiff and Class members are required to use their personal cell phones, in addition to their radios, in order to stay in constant communication with managers via phone calls and texts, especially once managers are no longer on the premises. Defendants do not reimburse or compensate Plaintiff and Class members for these business expenses.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

41.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

42.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective of individuals:

> All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States during the time period three years prior to the filing of this Complaint until the resolution of this action.

43.     Defendants have not compensated these employees for all hours worked, including minimum wage and overtime compensation for all hours worked over 40 hours per week.

44.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

45.     Plaintiff is informed, believes, and thereon alleges that that Collective members have been denied compensation, including overtime compensation for time worked "off-the-clock," and would therefore likely join this collective action if provided a notice of their rights to do so.

46.     Plaintiff and the Collective members are similarly situated. Like Plaintiff, Defendants subjected Collective members to Defendants' common practices, policies, or plans of refusing to pay overtime for all work performed in clear violation of the FLSA. Other hourly, non-exempt employees work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek. Other hourly, non-exempt employees also performed compensable work while "off-the-clock" which, when included with their recorded hours, results in additional overtime hours worked that were not compensated at the rate of one and one-half times their regular hourly in violation of the FLSA.

47.     Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty as a result of meal breaks that were interrupted due to work demands and "off-the-clock" work.

48.     Collective members perform or have performed the same or similar work as Plaintiff.

49.     Collective members regularly work or have worked in excess of forty hours during a workweek.

50.     Collective members are not exempt from receiving overtime compensation under the FLSA.

51.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

52.     This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

a.   Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

b.   Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective members; and

c.   Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members.

53.   Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

54.   Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not recording or paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock." These unpaid hours are typically worked in excess of 40 hours per week, and therefore the failure to track these hours results in a violation of the FLSA.

55.   Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 500 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records.

## RULE 23 CLASS ALLEGATIONS

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

56. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is defined as follows:

> All current and former non-exempt employees, employed by Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living in California during the time period four years prior to the filing of original complaint until the resolution of this action.

58. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

a. **Numerosity**: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 500. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendants fail to compensate putative Class members for all hours worked in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 et seq.;

ii. Whether Defendants fail to compensate putative Class members with at

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

least minimum wage for all compensable work time in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 et seq.;

iii.   Whether Defendants fail to compensate putative Class members with overtime wages for work performed in excess of eight hours in a day in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 et seq.;

iv.   Whether Defendants fail to authorize, permit, make available, and/or provide putative Class members with compliant meal periods to which they are entitled in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 et seq.;

v.   Whether Defendants fail to authorize, permit, make available, and/or provide putative Class members with compliant rest periods to which they are entitled in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 et seq.;

vi.   Whether Defendants fail to reimburse putative Class members for reasonable business expenses that they incur in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 et seq.;

vii.   Whether Defendants fail to provide putative Class members with timely, accurate itemized wage statements in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 et seq.;

viii.   Whether Defendants fail to timely pay Class members for all wages owing upon termination of employment in violation of the California Labor Code, Wage Orders, and Business and Professions Code § 17200 et seq.; and

ix.   The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the putative Class alleged herein.

c.   **Typicality**:  Plaintiff's claims are typical of the claims of the Class.  Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and Putative Class members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d.   **Adequacy of Representation**:  Plaintiff is a member of the Class, he does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including misclassification and wage and hour class actions.  Plaintiff will fairly and adequately represent and protect the interests of the Class members.

e.   **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible.  Individualized litigation increases the delay and expense to all Parties and the Court.  By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

59.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

60.     If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

61.     Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(Against Defendants – on Behalf of the Collective)**

62.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

63.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206(a)(1), 207(a)(1).

64.     At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

65.     Defendants are covered employers required to comply with the FLSA's mandates.

66.     Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

67. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

68. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

69. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

70. Pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective as a result of the Defendants' violations of the FLSA. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

71. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Pursuant to California Labor Code § 1194**
**(Against All Defendants – on Behalf of the Class)**

72. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

73. Defendants fail to compensate Plaintiff and putative Class members with at least the

---

15

minimum wage for all hours worked or spent in Defendant's control because Plaintiff and the putative Class members are paid at rates at or just above the applicable California minimum, and when the required premium payments for missed breaks, wages for off-the-clock work, and overtime wages are factored in, the actual rate of pay often drops below the applicable California minimum.

74.     Defendants have maintained policies and procedures which created a working environment where Plaintiff and Class members are routinely compensated at a rate that is less than the statutory minimum wage.

75.     During the applicable statutory period, Labor Code §§1182.11, 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendant's employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of ten dollars ($10.00) per hour commencing January 1, 2016.

76.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

77.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

78.     Because of Defendant's policies and practices with regard to compensating Plaintiff and Class members, Defendants have failed to pay minimum wages as required by law.  Plaintiff and Class members frequently perform work for which they are compensated below the statutory minimum, as determined by the IWC.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

79.     Labor Code §1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.     California law further requires that employers pay their employees for all hours worked at the statutory or agreed upon rate.  No part of the rate may be used as a credit against a minimum wage obligation.

81.     By failing to maintain adequate time records as required by Labor Code §1174(d) and IWC Wage Order 4-2001(7), Defendants have made it difficult to calculate the minimum wage compensation due to Plaintiff and Class members.

82.     As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

83.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**Pursuant to California Labor Code § 510**
**(Against All Defendants – on Behalf of the Class)**

84.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

85.     Defendants do not compensate Plaintiff and Class members with appropriate overtime, including time and half and double time, as required by California law.

86.     Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

87.    The IWC Wage Order 4-2001(3)(A)(1) states:

[E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek[.] …

88.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

89.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

90.    Defendants often require Plaintiff and Class members to work in excess of eight hours per day.  Defendants do not compensate Plaintiff and Class members at an overtime rate for hours in excess of eight hours each day or in excess of forty in each week, nor does Defendants

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

compensate Plaintiff and Class members at a double time rate for hours in excess of twelve each day or in excess of eight on the seventh consecutive day.

91.     Plaintiff and Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Order, and other applicable law.

92.     Defendants have knowingly and willfully refused to properly compensate Plaintiff and the Class for overtime work.  As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

93.     Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

94.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
**Failure to Authorize and Permit, Provide and/or Make Available Meal and Rest Periods**
**Pursuant to California Labor Code §§ 226.7 and 512**
**(Against All Defendants – on Behalf of the Class)**

95.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

96.     Defendants require Plaintiff and Class members to respond to calls at all times during their shifts, even if this means cutting breaks short or not being relieved for breaks at all.

97.     Defendants do not pay Plaintiff and Class members one hour of premium pay for the missed meal and rest breaks.

98.     Labor Code §§ 226.7 and 512 and the applicable Wage Order requires Defendants to authorize and permit meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the Wage Order prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND
DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

per day without providing the employee with a second meal period of not less than thirty minutes. Section 226.7 and the applicable Wage Order also require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

99.     Under § 226.7(b) and the applicable Wage Order, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available

100.     Despite these requirements, Defendants knowingly and willfully refuse to perform their obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to take the off-duty meal and rest periods to which they are entitled. Defendants also fail to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest periods that they are denied. Defendants' conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

101.     As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

102.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**Pursuant to California Labor Code §§ 200, 204, 1194, and 1198**
**(Against All Defendants – on Behalf of the Class)**

103.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

herein.

104.     Plaintiff alleges that Defendants willfully engaged and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in Defendants' control.

105.     Defendants regularly require Plaintiff and putative Class members to perform uncompensated off-the-clock work. Detailed above, Defendants require Plaintiff and putative Class members to clock out for meal breaks but then require, suffer, and/or permit them to work through these meal breaks.

106.     Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

107.     Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

108.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

109.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

110.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so…."

111.     In violation of California law, Defendants knowingly and willfully refuse to perform its obligation to provide Plaintiff and putative Class members with compensation for all time worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and putative Class members'

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

1   rights. Plaintiff and putative Class members are thus entitled to recover nominal, actual, and

2   compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

3       112.   As a proximate result of the aforementioned violations, Plaintiff and the putative

4   Class have been damaged in an amount according to proof at time of trial.

5       113.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

6
## SIXTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements
Pursuant to California Labor Code § 226
(Against All Defendants – on Behalf of the Class)**

7

8

9       114.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

10   herein.

11       115.   Defendants do not provide Plaintiff and Class members with accurate itemized wage

12   statements as required by California law.

13       116.   Labor Code § 226(a) provides:

14
15   An employer, semimonthly or at the time of each payment of wages, shall furnish to
his or her employee, either as a detachable part of the check, draft, or voucher paying
16   the employee's wages, or separately if wages are paid by personal check or cash, an
accurate itemized statement in writing showing (1) gross wages earned, (2) total
hours worked by the employee, except as provided in subdivision (j), (3) the number
17   of piece-rate units earned and any applicable piece rate if the employee is paid on a
piece-rate basis, (4) all deductions, provided that all deductions made on written
18   orders of the employee may be aggregated and shown as one item, (5) net wages
earned, (6) the inclusive dates of the period for which the employee is paid, (7) the
19   name of the employee and only the last four digits of his or her social security number
or an employee identification number other than a social security number, (8) the
20   name and address of the legal entity that is the employer and, if the employer is a
farm labor contractor, as defined in subdivision (b) of Section 1682, the name and
address of the legal entity that secured the services of the employer, and (9) all
21   applicable hourly rates in effect during the pay period and the corresponding number
of hours worked at each hourly rate by the employee…

22       117.   The IWC Wage Order also establishes this requirement.  (See IWC Wage Order 4-

23   2001(7)).

24       118.   Labor Code § 226(e)(1) provides:

25
26   An employee suffering injury as a result of a knowing and intentional failure
by an employer to comply with subdivision (a) is entitled to recover the greater

27

28

of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

119.    Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

120.    Defendants have failed to provide timely, accurate itemized wage statements to Plaintiff and Class members in accordance with Labor Code § 226(a) and the IWC Wage Order. The wage statements Defendants provide their employees, including Plaintiff and Class members, do not reflect the actual hours worked, actual gross wages earned, or actual net wages earned.  The wage statements are simply a record of shifts worked, and the amount earned per shift.

121.    Defendants are liable to Plaintiff and the Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

122.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Waiting Time Penalties
### Pursuant to California Labor Code §§ 201-203
### (Against All Defendants – on Behalf of the Class)

123.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

124.    Defendants do not provide Class members whose employment with Defendants has ended, including Plaintiff, with their wages due at the time their employment ends as required under California law.

125.    Labor Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

126.    Labor Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

127.    Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

128.    Class members have left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages, including overtime and double time wages.

129.    Defendants willfully refuse and continue to refuse to pay former Class members all the wages that are due and owing them, in the form of, *inter alia*, overtime and double time pay and meal and rest period premium pay, upon the end of their employment.  As a result of Defendants' actions, Plaintiff and Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

130.    Defendants' willful failure to pay Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendants are liable to Class members for all penalties owing pursuant to Labor Code §§ 201-203.

131.    In addition, § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due.  Therefore, Plaintiff and Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

132.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
**Failure to Reimburse for Necessary Business Expenses**
**Pursuant to California Labor Code § 2802**
**(Against All Defendants – on Behalf of the Class)**

133.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

134.    Defendants do not reimburse Plaintiff and Class members for necessary business expenses.

135.    Labor Code § 2802(a) provides as follows:

1
2
3

> An employer shall indemnify his or her employee for all necessary
> expenditures or losses incurred by the employee in direct consequence
> of the discharge of his or her duties, or of his or her obedience to the
> directions of the employer, even though unlawful, unless the employee,
> at the time of obeying the direction, believed them to be lawful.

4   136.   Defendants require Plaintiff and Class members to use their personal mobile devices

5   for Defendants' benefit.  Defendants does not reimburse Plaintiff or Class members for these

6   expenses that are necessary to perform their daily work assignments.

7   137.   Defendants are liable to Plaintiff and Class members for the unreimbursed expenses

8   and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys'

9   fees and costs as set forth below.

10   138.   As a direct and proximate result of the aforementioned violations, Plaintiff and Class

11   members have been damaged in an amount according to proof at time of trial.

12   139.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

13
14
15

**NINTH CAUSE OF ACTION**
**Unfair Business Practices**
**Pursuant to California Business and Professions Code §§ 17200, *et seq.***
**(Against All Defendants – on Behalf of the Class)**

16   140.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

17   herein.

18   141.   Business and Professions Code §§17200 *et seq.* prohibits unfair competition in the

19   form of any unlawful, unfair or fraudulent business acts or practices.

20   142.   Business and Professions Code § 17204 allows a person injured by the unfair

21   business acts or practices to prosecute a civil action for violation of the UCL.

22   143.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce

23   minimum labor standards in order to ensure employees are not required to work under substandard

24   and unlawful conditions, and to protect employers who comply with the law from those who

25   attempt to gain competitive advantage at the expense of their workers by failing to comply with

26   minimum labor standards.

27   144.   Beginning at an exact date unknown to Plaintiff, but at least since the date four years

28

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND
DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business acts and practices described in this Complaint, including, but not limited to:

      a.   violations of Labor Code § 1194 and IWC Wage Order pertaining to the payment of wages;

      b.   violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

      c.   violations of Labor Code §§ 1182.11, 1182.12, and 1197 and IWC wage orders pertaining to minimum wage;

      d.   violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

      e.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

      f.   violations of Labor Code §§ 201-203.

      g.   violations of Labor Code § 2802

145.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 *et seq.*

146.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

147.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair, and fraudulent business acts and practices alleged above.

148.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

149.    Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated.  Plaintiff and Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

150.    Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing them to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

151.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the putative Class and Collective she seeks to represent in this action, requests the following relief:

1.    For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2. For an order equitably tolling the statute of limitations for the potential members of the Collective;

3. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and California Business and Professions Code;

4. For a declaratory judgment that Defendants have violated the FLSA, California Labor Code, and public policy as alleged herein;

5. For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200 et seq., as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

6. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

7. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

8. For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

9. For an order awarding Plaintiff and Class and Collective members civil penalties pursuant to the FLSA, California Labor Code, and the laws of the State of California, with interest thereon;

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

10. For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, the FLSA, and/or other applicable law;

11. For all costs of suit;

12. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: September 6, 2019

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
Ori Edelstein
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

Attorneys for Plaintiff and the Putative Class and Collective

29
CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

Date: September 6, 2019

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
Ori Edelstein
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

Attorneys for Plaintiff and the Putative Class and Collective

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*