1  Carolyn H. Cottrell (SBN 166977)
   Ori Edelstein (SBN 268145)
2  SCHNEIDER WALLACE
   COTTRELL KONECKY LLP
3  2000 Powell Street, Suite 1400
   Emeryville, California 94608
4  Telephone: (415) 421-7100
   Facsimile: (415) 421-7105
5  ccottrell@schneiderwallace.com
   oedelstein@schneiderwallace.com

   Attorneys for Plaintiff and the Putative
7  Class and Collective

8              UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF CALIFORNIA
9

10 JOSHUA WRIGHT, on behalf of himself and    Case No. 2:19-cv-01767-JAM-CKD
   all others similarly situated,
11                                            **STIPULATION TO CONDITIONALLY
         Plaintiff,                           CERTIFY THE COLLECTIVE AND
12                                            FACILITATE NOTICE PURSUANT TO 29
   vs.                                        U.S.C. § 216(b) AND [PROPOSED] ORDER**
13
   FRONTIER MANAGEMENT LLC,                   Judge: Hon. John A. Mendez
14 FRONTIER SENIOR LIVING, LLC, and GH
   SENIOR LIVING, LLC dba GREENHAVEN          Complaint Filed:  September 6, 2019
15 ESTATES ASSISTED LIVING,                   Trial Date:       None

16       Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1  Plaintiff Joshua Wright ("Plaintiff") and Defendants Frontier Management LLC, Frontier

2  Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living

3  (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"),

4  by and through their attorneys of record, hereby stipulate as follows:

5      1.     Plaintiff initiated this action on September 6, 2019 asserting claims on behalf of a

6  national Collective against Defendants for violation of the Fair Labor Standards Act, 29 U.S.C. §§

7  201 *et seq.* ("FLSA"), as well as class claims under the California state wage and hour laws. ECF

8  1.

9      2.     Plaintiff alleges that Defendants violated the FLSA with respect to Plaintiff and the

10  putative Collective by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours

11  worked and, with respect to such hours, failing to pay the legally mandated overtime premium for

12  such work and/or minimum wage.

13      3.     The proposed Collective is defined as follows:

14          All current and former hourly, non-exempt employees of Frontier

15          Management LLC, Frontier Senior Living, LLC, and GH Senior Living,
        LLC dba Greenhaven Estates Assisted Living, in the United States after

16          [DATE (three years prior to date of filing of stipulated motion for
        conditional certification)].

17

18      4.     The Parties have met and conferred, and agreed to attempt early resolution via

19  private mediation in May 2020, thereby necessitating the early facilitation of nationwide notice to

20  the proposed Collective. The Parties recognize that the Court may: (1) grant a Plaintiff's motion

21  for conditional certification under § 216(b) of the FLSA, given the low threshold for conditional

22  certification or (2) deny a plaintiff's motion for conditional certification under § 216(b) of the

23  FLSA in light of potentially material differences alleged to exist across the putative Collective,

24  which might preclude a finding of "similarly situated" necessary for conditional certification.

25  Therefore, to promote efficiency and to conserve resources among the Parties' and the Court, the

26  Parties have also agreed to stipulate to the Court's entry of an order conditionally certifying a

27  nationwide FLSA Collective. The Parties have also agreed that Plaintiff shall be appointed

28  collective representative and that Plaintiff's counsel shall be appointed collective counsel.

STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

5. Pursuant to the Parties' agreement, Plaintiff now seeks to notify a "Stipulated Collective" consisting of:

> All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)].

6. The decision by Defendants not to oppose conditional certification does not constitute an admission that the named Plaintiff meets the conditions necessary for certification of a FLSA collective action. Defendants retain the right to move to decertify the Collective action, oppose any request by Plaintiff for final certification of this Collective action, or otherwise oppose the claims presented.

7. Within fourteen (14) days of this Order, Defendants shall provide Plaintiff with a computer-readable data file containing the names, last known mailing addresses, last known email addresses, and home and cellular telephone numbers of all persons within the Stipulated Collective.

8. Defendants shall provide this information for any person who has been employed with Defendants after [DATE (three years prior to Order granting stipulated motion re conditional certification)]

9. The Court will appoint a third-party notice administrator ("Notice Administrator") to provide to all persons identified in Defendants' list a proposed Notice of Collective Action Lawsuit ("Notice") and Opt-In Consent Form (attached as Exhibit A) The form of this Notice shall be determined by the Court in light of the following: The Parties have met-and-conferred extensively on the form of notice and agreed on all aspects but have reached an impasse on language pertaining to notice of imposition of costs and notice of Rule 11. The Parties' respective positions are set forth below for the Court's consideration.

**Plaintiff's Position**:

Plaintiff requests that the Court approve the Notice found in Exhibit B attached to this Stipulation. This notice omits a detailed discussion of the imposition of costs and fees in favor of a

---

3

1  statement in Section IV (for ease of the Court's consideration the statement is bolded, underlined,

2  and italicized in the attached Exhibit A; however in the notice sent to Collective members the

3  statement would be unformatted) approved by courts in this district providing that, "Costs and fees

4  will be determined by federal statute and/or the contractual agreement you have with your

5  attorney." See *Gomez v. H & R Gunlund Ranches, Inc.*, No. CV F 10-1163 LJO MJS, 2010 U.S.

6  Dist. LEXIS 137736, at *32 (E.D. Cal. Dec. 16, 2010) (rejecting defendants request for language

7  alerting collective members of the potential imposition of costs, however approving language

8  reflecting that "If the class does not prevail, costs and fees will be determined by federal statute

9  and/or the contractual agreement you have with your attorney.")

10  Plaintiff objects to the inclusion of any reference to Rule 11 sanctions as inappropriate and

11  unwarranted. There is no basis for including any such language, and to do so will act to chill

12  participation in this collective action. See *Phelps v. MC Communs., Inc.*, No. 2:11-CV-00423-

13  PMP-LRL, 2011 U.S. Dist. LEXIS 84428, at *19-20 (D. Nev. Aug. 1, 2011) ("Defendants present

14  no authority that a plaintiff may be liable for a defendant-employer's costs and attorney's fees in

15  an FLSA action absent bad faith conduct. [citing cases]. The remote possibility of bad faith

16  litigation conduct does not support the requested language and would serve only to discourage

17  putative collective action members from joining the suit.")

18  **Defendant's Position:**

19  Defendant's Position re Imposition of Costs: Defendants understand their meet-and-confer

20  efforts with Plaintiff have placed the Parties in agreement that some form of notice to Collective

21  Members regarding imposition of costs is appropriate. Defendants understand Plaintiff to simply

22  favor this language: "Costs and fees will be determined by federal statute and/or the contractual

23  agreement you have with your attorney" based on *Gomez v. H & R Gunlund Ranches, Inc.*

24  ("*Gomez*"), 2010 U.S. Dist. LEXIS 137736, *32 (E.D. Cal. Dec. 16, 2010). Plaintiff's proposed

25  language describes what it ought to convey at simply too high a level of generality. Plaintiff's

26  proposed language also affirmatively states, in relevant part, "Costs and fees will be determined

27  by the contractual agreement you have with your attorney." This may be inaccurate in light of the

28

STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

1 proposed Notice provision that informs Collective Members they may obtain independent
2 counsel: "you … may retain a different lawyer to represent you and have that lawyer enter an
3 appearance in this lawsuit on your behalf …" Proposed Notice, § IV. There is presently no
4 information as to what the cost and fee arrangement is other than between Plaintiff and his
5 Counsel. Plaintiff's proposed language, in effect, impermissibly purports to speak as to the cost
6 and fee arrangement between Collective Members and any of their independent counsel not
7 presently in the case. Therefore, Defendants propose that the more accurate language under the
8 circumstances and the language that reasonably mitigates confusion is this: "*If Joshua Wright and*
9 *his attorneys do not prevail*, any costs and fees that you could be liable for will be determined by
10 federal statute and/or the contractual agreement you have with your attorney.) (emphasis as to
11 Defendants' proposed language). Plaintiff relies on *Gomez*, but *Gomez* did not involve issues
12 related to the interplay between terms of notice and collective members' right to independent
13 counsel. If anything, *Gomez* supports Defendants' proposed language because *Gomez* relied on
14 *Garcia v. Elite Labor Serv., Ltd.,* 1996 U.S. Dist. LEXIS 9824 (N.D. Ill. July 12, 1996), a case
15 involving a substantially identical prefatory clause to the one Defendants propose and one that
16 partly predicated *Gomez's* outcome. *Gomez,* 2010 U.S. Dist. LEXIS * 31 ("If you are represented
17 by plaintiff's attorneys, their costs and fees …"). Plaintiff's proposed is inaccurate and contains
18 an impermissible risk of confusion; these defects run afoul of the requirement that notice be
19 "accurate." See, *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

Defendant's Position re Fed. R. Civ. P. 11: Defendants propose adding a paragraph to the
"Effect of Joining This Suit" section that informs Collective Members of Rule 11 of the Federal
Rules of Civil Procedure. Plaintiff contends a Rule 11 notice would "chill" participation. There
are no facts to support that notion. Plaintiff's speculative submission is also beside the point
because FLSA notices are no more an exercise in crafting a mechanism designed to guarantee or
result in the largest number of actual opt-ins than they are an exercise in providing notice in name
only and constrict participation. Those are just not the issues at hand. Rather, this Court's task is
to maintain neutrality and facilitate "accurate and timely notice concerning the pendency of the

5

1 collective action, so that [potential collective members] can make informed decisions about
2 whether to participate." *Hoffman-LaRoche,* 493 U.S. at 170. Anything more is an impermissible
3 thumb on the scales. Here, Rule 11 is a basic norm of universal application in federal litigation; it
4 helps focus litigants' minds, mitigates litigation as a mere reflex response, and by seeking to
5 eliminate baseless litigation, ultimately serves the interests of all sides, including courts.
6 Notwithstanding, Plaintiff contends informing Collective Members of Rule 11 is unwarranted
7 based on *Phelps v. MC Communs., Inc.*, 2011 U.S. Dist. LEXIS 84428 (D. Nev. Aug. 1, 2011).
8 But *Phelps* dealt with whether a FLSA notice as to costs and fees was appropriate as a matter of
9 the FLSA's statutory fee-shifting provision; *Phelps* had nothing to do with Rule 11. The mere fact
10 Plaintiff advances a FLSA claim does not insulate this case from Rule 11's operation. All told, a
11 Rule 11 provision here would provide for a balanced notice and allow Collective Members to
12 make an informed decision about whether to participate.

13 Defendants' proposed notice is attached hereto as Exhibit C. Defendants' proposed terms
14 are in § IV and are visible in blue ink. The final version, if accepted, would not be underlined.

15 10. Plaintiff proposes that Heffler Claims Group be appointed to administer the Notice.
16 Plaintiff shall pay the costs of the Notice Administrator, subject to claiming the costs as a
17 reimbursable litigation expense. The Notice Administrator shall provide the Notice and Opt-In
18 Consent Form by: (1) first class mail, (2) email, and (3) electronically at website hosted by the
19 Notice Administrator within seven (7) days of receipt of the list of Defendants 'eligible current and
20 former employees, or as soon thereafter as practicable.

21 11. Within seven (7) days of the Notice Administrator's receipt of the list of Defendants'
22 eligible current and former employees, or as soon thereafter as practicable, the Defendants shall
23 post a copy of the Notice in appropriate, conspicuous, visible, and accessible places at each of its
24 offices or other locations in which Collective Members currently work and maintain such posting
25 throughout the sixty (60)-day notice period. Plaintiff's counsel may also post a copy of the Notice
26 and Opt-In Consent Form on Plaintiff's counsel's firm website during this sixty (60)-day notice
27 period.

28

1     12.     Eligible persons shall be given sixty (60)-days from the latest of the date on which

2 the Notice and Opt-In Consent Form is sent via first class mail, the date on which the Notice and

3 Opt-In Consent Form is sent via email, or the date on which it is posted electronically, in which to

4 return their Opt-In Consent Form (received, postmarked, or completed via an electronic signature

5 service) to the Notice Administrator or Plaintiff's counsel.

6     13.     Eligible persons who have not submitted their Opt-In Consent Form after forty (40)

7 days of the initial mailing contemplated in Paragraph 9 will receive a reminder by email from the

8 Notice Administrator. All Opt-In Consent Forms will be deemed to have been filed with the Court

9 the date they are stamped as received by Plaintiff's Counsel or the Notice Administrator, and

10 Plaintiff's Counsel will file them electronically on the docket on a weekly basis. Plaintiff's

11 counsel may cure and re-file any Opt-In Consent Forms that were filed and later found to be

12 deficient.

13

14     NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

15     That this action be conditionally certified as a FLSA collective action, pursuant to 29 U.S.C.

16 §§ 201 et seq.

17

18 Dated: March 13, 2020

19                             */s/ Ori Edelstein*
                            Carolyn H. Cottrell

20                             Ori Edelstein
                            SCHNEIDER WALLACE

21                             COTTRELL KONECKY LLP

22                             Attorneys for Plaintiff and the Putative
                            Class and Collective

23

24

25

26

27

28

STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

Dated: March 13, 2020

*/s/ Vincent R. Fisher*
Joseph P. Lordan
Vincent R. Fisher
LEWIS BRISBOIS BISGAARD & SMITH LLP

Attorneys for Defendants FRONTIER
MANAGEMENT LLC, FRONTIER SENIOR
LIVING, LLC and GH SENIOR LIVING, LLC dba
GREENHAVEN ESTATES ASSISTED LIVING

STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

# [ORDER]

Plaintiff Joshua Wright ("Plaintiff") and Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), have stipulated to conditionally certify as a FLSA collective action, pursuant to 29 U.S.C. §§ 201 et seq., the following Collective:

> All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)].

Plaintiff alleges that Defendants violated the FLSA with respect to Plaintiff and the putative Collective by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.

Having considered the Parties' Stipulation, the allegations in Plaintiff's Complaint, and given the low threshold for conditional certification under Section 216(b) of the FLSA, *see Ramirez v. Ghilotti Bros. Inc.,* 941 F. Supp. 2d 1197, 1203 (N.D. Cal. 2013), Plaintiff has met the lenient standard at this stage for conditional certification and for this Court to facilitate notice to proposed Collective members pursuant to the FLSA.

The decision by Defendants not to oppose conditional certification does not constitute an admission that the named Plaintiff meets the conditions necessary for certification of a FLSA collective action. Defendants retain the right to move to decertify the Collective action, oppose any request by Plaintiff for final certification of this Collective action, or otherwise oppose the claims presented. However, at this time, the Court has determined Plaintiff's allegations are sufficient to provide Defendants' other non-exempt employees notice of the litigation and an opportunity to opt-in to the action to pursue their FLSA claims.

Therefore, Stipulation for Conditional Certification and to Facilitate Notice under 29 U.S.C. § 216(b) is **GRANTED** as follows:

1       1.      Within fourteen (14) days of this Order, Defendants shall provide Plaintiff with a

2   computer-readable data file containing the names, last known mailing addresses, last known email

3   addresses, and home and cellular telephone numbers of all persons within the following definition:

4               All current and former hourly, non-exempt employees of Frontier
                Management LLC, Frontier Senior Living, LLC, and GH Senior Living,
5               LLC dba Greenhaven Estates Assisted Living, in the United States after
                [DATE (three years prior to date of filing of stipulated motion for
6               conditional certification)].

7       2.      Defendants shall provide this information for any person who has been employed with

8   Defendants at any time from [DATE (three years prior to date of filing of stipulated motion for

9   conditional certification)].

10      3.      Plaintiff shall be appointed class and collective representative and Plaintiff's counsel

11  shall be appointed class and collective counsel. The Court will appoint a third-party notice

12  administrator ("Notice Administrator") to provide the proposed Notice of Collective Action

13  Lawsuit ("Notice") and Opt-In Consent Form to all persons identified in Defendants' list.

14      4.      The Court approves the Opt-In Form attached to the Parties' Stipulation as Exhibit

15  A.

16      5.      The Court approves the Proposed Notice attached to the Stipulation as:

17              _____        Exhibit B (Plaintiff's proposed Notice); or

18              _____        Exhibit C (Defendants' proposed Notice).

19      6.      The Court will appoint a third-party notice administrator ("Notice Administrator") to

20  mail and email the proposed Notice of Collective Action Lawsuit and Opt-In Consent Form to all

21  persons identified in Defendant's list. Heffler Claims Group is approved as the Notice

22  Administrator. Plaintiff shall pay the costs of the Notice Administrator, subject to claiming the

23  costs as a reimbursable litigation expense. The Notice Administrator shall provide the Notice and

24  Opt-In Consent Form by: (1) first class mail, (2) email, and (3) electronically at a website hosted

25  by the Notice Administrator within seven (7) days of receipt of the list of Defendants' eligible

26  current and former employees, or as soon thereafter as practicable.

27      7.      Within seven (7) days of the Notice Administrator's receipt of the list of Defendants'

28
---
2
STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

1    eligible current and former employees, or as soon thereafter as practicable, the Defendants shall

2    post a copy of the Notice in appropriate, conspicuous, visible, and accessible places at each of its

3    offices or other locations in which Collective Members currently work and maintain such posting

4    throughout the sixty (60)-day notice period. Plaintiff's counsel may also post a copy of the Notice

5    and Opt-In Consent Form on Plaintiff's counsel's firm website during this sixty (60)-day notice-

6    period.

7        8.     Eligible persons shall be given sixty (60) days from the latest of the date on which

8    the Notice and Opt-In Consent Form is sent via first class mail, the date on which the Notice and

9    Opt-In Consent Form is sent via email, or the date on which it is posted electronically, in which to

10   return their Opt-In Consent Form (received, postmarked, or completed via an electronic signature

11   service) to the Notice Administrator or Plaintiff's counsel.

12       9.     Eligible persons who have not submitted their Opt-In Consent Form within forty

13   (40) days of the initial mailing contemplated in Paragraph 3 will receive a reminder by email from

14   the Notice Administrator.

15      10.     All Opt-In Consent Forms will be deemed to have been filed with the Court the date

16   they are stamped as received by Plaintiff's Counsel or the Notice Administrator, and Plaintiff's

17   Counsel will file them electronically on the docket on a weekly basis. Plaintiff's counsel may cure

18   and re-file any Opt-In Consent Forms that were filed and later found to be deficient.

19

20

21    **IT IS SO ORDERED.**

22

23    Dated:   3/16/2020

24                                HON. JOHN A. MENDEZ
                                 UNITED STATES DISTRICT JUDGE

25

26

27

28

STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

1  **CERTIFICATE OF SERVICE**

2  I hereby certify that I electronically filed the foregoing document with the Clerk of the Court

3  for the United States District Court, Eastern District of California, by using the Court's CM/ECF

4  system on March 13, 2020.

5  I certify that all participants in the case are registered CM/ECF users and that service will be

6  accomplished by the Court's CM/ECF system.

7

8  Dated: March 13, 2020                    Respectfully submitted,

9                                           */s/ Ori Edelstein*
10                                          Carolyn H. Cottrell
                                            Ori Edelstein
11                                          SCHNEIDER WALLACE
                                            COTTRELL KONECKY LLP
12
                                            Attorneys for Plaintiff and the Putative Class
13                                          and Collective

14

15  **SIGNATORY ATTESTATION**

16  The e-filing attorney hereby attests that concurrence in the content of the attached documents

17  and authorization to file the attached documents has been obtained from the other signatory indicated

18  by a conformed signature (/s/) within the attached e-filed documents.

19

20  Dated: March 13, 2020                    */s/ Ori Edelstein*
                                            Ori Edelstein
21

22

23

24

25

26

27

28
                                            1

EXHIBIT A

## OPT-IN CONSENT FORM
### *Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living*
### United States District Court, Eastern District of California
### Case No. 2:19-cv-01767-JAM-CKD

### Complete And Submit To:

<table>
<tr><td>[Notice Administrator<br>Address<br>Fax/email]</td><td>[Plaintiff's Counsel<br>Address<br>Fax/email]</td></tr>
</table>

<table>
<tr><td>Name:<br>_____ (Please Print)</td><td>Date of Birth:</td></tr>
<tr><td>Address:</td><td>Phone No. 1:<br>Phone No. 2:<br>E-mail Address:</td></tr>
</table>

### CONSENT TO JOIN COLLECTIVE ACTION
**Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.***

1. I consent and agree to pursue my claims relating to and arising from Defendants' (Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living) alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* in connection with the above-referenced litigation.

2. I have worked as a/an **(job title)** _____ for Defendant in **(city and state where worked)** _____ from approximately on or about **(date employment began)** _____ to approximately on or about **(date employment ended)** _____.

3. I understand that this litigation has been filed as a proposed collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* I hereby consent, agree, and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize my attorneys, Schneider Wallace Cottrell Konecky LLP to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendants in this litigation.

<table>
<tr><td>_____ (Date Signed)</td><td>_____ (Signature)</td></tr>
</table>

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

# EXHIBIT B

# NOTICE OF COLLECTIVE ACTION LAWSUIT

**This Notice has not been prepared by the Court. This Notice is not a representation by the Court of the merits of the lawsuit.**

*Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC*
*dba Greenhaven Estates Assisted Living*
**United States District Court, Eastern District of California**
**Case No. 2:19-cv-01767-JAM-CKD**

**TO:** All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)].

**RE:** **Federal Fair Labor Standards Act ("FLSA") lawsuit seeking alleged unpaid wages, including minimum wages, wages at the agreed rate, and overtime compensation**



## PLEASE READ THIS NOTICE CAREFULLY.
## THIS NOTICE COULD AFFECT YOUR LEGAL RIGHTS.

### I.  INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, should you choose to do so.

YOU HAVE NOT JOINED THE LAWSUIT UNTIL YOU RETURN THE "OPT-IN CONSENT FORM" PROVIDED WITH THIS NOTICE TO THE CLAIMS ADMINISTRATOR AND/OR PLAINTIFF'S COUNSEL LISTED BELOW.

### II.  DESCRIPTION OF THE LAWSUIT

This lawsuit is brought by Joshua Wright, a former Med Tech at Greenhaven Estates, on behalf of current and former hourly, non-exempt employees of Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living ("Defendants") throughout the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)]. Joshua Wright, the Plaintiff, has made the following claims, among others:

> 1) Defendants allegedly failed to pay wages for all hours worked, including, without limitation: for time spent working before and after scheduled shifts; and for time spent working during meal breaks;

1

2) Defendants allegedly failed to pay all wages owed, including payment of at least minimum wage and overtime pay for all hours worked, as well as compensation for wage deductions for the cost of purchase and/or maintenance for required uniforms/protective gear; and

3) Defendants allegedly failed to make, keep, and preserve required accurate records of all hours worked by the employees.

Defendants deny all of these contentions and Plaintiff's other allegations in this lawsuit. Defendants also deny that this case can properly be maintained, litigated, or adjudicated as a collective action. Defendants assert that they have always properly paid all wages due to employees, including as to at least minimum and overtime wages.

Plaintiff seeks to recover payment for all hours worked, including payment for unpaid straight time and the time worked above 40 hours in a work week, and minimum wage violations, including interest thereon, statutory penalties and liquidated damages, reasonable attorneys' fees, and litigation costs on behalf of themselves and all similarly situated workers. It is your own decision whether to join this lawsuit.

This lawsuit was filed against Defendants, on September 6, 2019 in the United States District Court for the Eastern District of California. The case name is *Joshua Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.* The case number is 2:19-cv-01767-JAM-CKD. The Parties have stipulated to conditional certification of this case to notify you of the lawsuit and to give you a chance to join the lawsuit.

## III. **YOUR RIGHT TO PARTICIPATE IN THIS SUIT**

You may join, or "opt in" to, this lawsuit by submitting your "Opt-in Consent Form to the Claims Administrator by: (1) visiting the following website [hyperlink to administrator website] and submitting your completed "Opt-In Consent Form" electronically, (2) emailing your completed "Opt-In Consent Form" to [email address of Claims Administrator and Plaintiff's Counsel], (3) faxing your completed "Opt-In Consent Form" to [fax numbers of Claims Administrator and Plaintiff's Counsel] or (4) mailing your completed "Opt-In Consent Form" to the Claims Administrator at the following address:

FRONTIER AND GREENHAVEN FLSA LITIGATION
c/o Claims Admin
Claim Admin Address

You are not required to join or "opt in" to this lawsuit, but if you wish to do so, this form must be returned to the Claims Administrator and/or Plaintiff's Counsel on or before [INSERT DATE – 60 days after mailing/emailing/posting of notice.] If you fail to return the "Opt-In Consent Form" to the Claims Administrator and/or Plaintiff's Counsel on or before [DATE] , you may not be able to participate in this lawsuit. If you choose not to join in this lawsuit, you are only waiving your right to join this particular lawsuit; you would be free to file your own lawsuit against Defendants.

If you file an "Opt-In Consent Form," your continued right to participate in pursuing these FLSA claims in this action may depend upon a later decision by the Court as to whether you and the named Plaintiff are actually "similarly situated" in accordance with federal law.

## IV. EFFECT OF JOINING THIS SUIT

If you choose to join this suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable as to claims made in this action under the FLSA. If the Court or jury rules in favor of the Defendants, you will not be entitled to any relief, monetary or otherwise, under the FLSA if you join this action. *Costs and fees will be determined by federal statute and/or the contractual agreement you have with your attorney.*

Your decision to file an Opt-In Consent Form does not necessarily determine whether or not you will be required to submit evidence or provide testimony during the case. Defendants contend its policies were lawful and that individualized inquiries into your claims may be warranted. Joshua Wright's attorneys and Defendants' attorneys may take evidence and testimony from both those who submit an Opt-In Consent Form as well as those who do not.

## VI. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable. If you choose not to join in this lawsuit, the only right you are forfeiting is the right to join this particular lawsuit, and you would be free to file your own lawsuit.

## VII. NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

This Notice is for the sole purpose of determining the identity of those persons who wish to join and participate in this lawsuit. Although the United States District Court for the Eastern District of California has authorized the sending of this Notice, This Notice is not from the Court. The Court has not decided whether Plaintiff or Defendants are correct, and the Court is not suggesting whether Plaintiff will win or lose the case. The Court expresses no opinion regarding the merits of Plaintiff's claims or Defendants' defenses, as this is ongoing litigation and those issues have not yet been decided.

## VIII. NO RETALIATION PERMITTED

Federal law prohibits Defendants from discharging or in any other manner discriminating or retaliating against you because you have exercised your rights under the FLSA to join, or not to join, this action.

## IX. YOUR LEGAL REPRESENTATION IF YOU JOIN

By joining this lawsuit, you may designate Joshua Wright, the Named Plaintiff, and his attorneys as your agents to make decisions on your behalf concerning the litigation. The law firm of Schneider Wallace Cottrell and Konecky LLP will represent those who receive this notice and join the collective action. If you desire, however, you also may retain a different lawyer to represent you and have that lawyer enter an appearance in this lawsuit on your behalf, or you may choose not to retain a lawyer and represent yourself in this action within the applicable statute of limitations period.

3

If you have any questions, you may contact the attorneys listed below:

Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

## **\*\*PLEASE NOTE\*\***

There is a two (2) year deadline for filing overtime claims or three (3) years if the violation is determined to be willful. This deadline continues to run until you "opt-in" to this conditionally certified Collective Action. If you wish to participate in this Collective Action, return your "Opt-in Consent Form" as soon as possible so that your rights may be preserved.

# EXHIBIT C

# NOTICE OF COLLECTIVE ACTION LAWSUIT

**This Notice has not been prepared by the Court. This Notice is not a representation by the Court of the merits of the lawsuit.**

*Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living*
**United States District Court, Eastern District of California**
**Case No. 2:19-cv-01767-JAM-CKD**

**TO:** All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)].

**RE:** **Federal Fair Labor Standards Act ("FLSA") lawsuit seeking alleged unpaid wages, including minimum wages, wages at the agreed rate, and overtime compensation**



## PLEASE READ THIS NOTICE CAREFULLY.
## THIS NOTICE COULD AFFECT YOUR LEGAL RIGHTS.

## I.  INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, should you choose to do so.

YOU HAVE NOT JOINED THE LAWSUIT UNTIL YOU RETURN THE "OPT-IN CONSENT FORM" PROVIDED WITH THIS NOTICE TO THE CLAIMS ADMINISTRATOR AND/OR PLAINTIFF'S COUNSEL LISTED BELOW.

## II.  DESCRIPTION OF THE LAWSUIT

This lawsuit is brought by Joshua Wright, a former Med Tech at Greenhaven Estates, on behalf of current and former hourly, non-exempt employees of Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living ("Defendants") throughout the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)]. Joshua Wright, the Plaintiff, has made the following claims, among others:

    1) Defendants allegedly failed to pay wages for all hours worked, including, without limitation: for time spent working before and after scheduled shifts; and for time spent working during meal breaks;

2) Defendants allegedly failed to pay all wages owed, including payment of at least minimum wage and overtime pay for all hours worked, as well as compensation for wage deductions for the cost of purchase and/or maintenance for required uniforms/protective gear; and

3) Defendants allegedly failed to make, keep, and preserve required accurate records of all hours worked by the employees.

Defendants deny all of these contentions and Plaintiff's other allegations in this lawsuit. Defendants also deny that this case can properly be maintained, litigated, or adjudicated as a collective action. Defendants assert that they have always properly paid all wages due to employees, including as to at least minimum and overtime wages.

Plaintiff seeks to recover payment for all hours worked, including payment for unpaid straight time and the time worked above 40 hours in a work week, and minimum wage violations, including interest thereon, statutory penalties and liquidated damages, reasonable attorneys' fees, and litigation costs on behalf of themselves and all similarly situated workers. It is your own decision whether to join this lawsuit.

This lawsuit was filed against Defendants, on September 6, 2019 in the United States District Court for the Eastern District of California. The case name is *Joshua Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.* The case number is 2:19-cv-01767-JAM-CKD. The Parties have stipulated to conditional certification of this case to notify you of the lawsuit and to give you a chance to join the lawsuit.

### III. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

You may join, or "opt in" to, this lawsuit by submitting your "Opt-in Consent Form to the Claims Administrator by: (1) visiting the following website [hyperlink to administrator website] and submitting your completed "Opt-In Consent Form" electronically, (2) emailing your completed "Opt-In Consent Form" to [email address of Claims Administrator and Plaintiff's Counsel], (3) faxing your completed "Opt-In Consent Form" to [fax numbers of Claims Administrator and Plaintiff's Counsel] or (4) mailing your completed "Opt-In Consent Form" to the Claims Administrator at the following address:

FRONTIER AND GREENHAVEN FLSA LITIGATION
c/o Claims Admin
Claim Admin Address

You are not required to join or "opt in" to this lawsuit, but if you wish to do so, this form must be returned to the Claims Administrator and/or Plaintiff's Counsel on or before [INSERT DATE – 60 days after mailing/emailing/posting of notice.] If you fail to return the "Opt-In Consent Form" to the Claims Administrator and/or Plaintiff's Counsel on or before [DATE] , you may not be able to participate in this lawsuit. If you choose not to join in this lawsuit, you are only waiving your right to join this particular lawsuit; you would be free to file your own lawsuit against Defendants.

If you file an "Opt-In Consent Form," your continued right to participate in pursuing these FLSA claims in this action may depend upon a later decision by the Court as to whether you and the named Plaintiff are actually "similarly situated" in accordance with federal law.

## IV. **EFFECT OF JOINING THIS SUIT**

If you choose to join this suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable as to claims made in this action under the FLSA. If the Court or jury rules in favor of the Defendants, you will not be entitled to any relief, monetary or otherwise, under the FLSA if you join this action. If Joshua Wright and his attorneys do not prevail, any costs and fees will be determined by federal statute and/or the contractual agreement you have with your attorney.

Your decision to file an Opt-In Consent Form does not necessarily determine whether or not you will be required to submit evidence or provide testimony during the case. Defendants contend its policies were lawful and that individualized inquiries into your claims may be warranted. Joshua Wright's attorneys and Defendants' attorneys may take evidence and testimony from both those who submit an Opt-In Consent Form as well as those who do not.

If this case is found to be presented for an improper purpose, not warranted by law, or without factual support, under Federal Rule of Civil Procedure 11, you may be required to pay some or all of the attorneys fees incurred by Frontier Management LLC, Frontier Senior Living, LLC, or GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

## VI. **NO LEGAL EFFECT IN NOT JOINING THIS SUIT**

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable. If you choose not to join in this lawsuit, the only right you are forfeiting is the right to join this particular lawsuit, and you would be free to file your own lawsuit.

## VII. **NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE**

This Notice is for the sole purpose of determining the identity of those persons who wish to join and participate in this lawsuit. Although the United States District Court for the Eastern District of California has authorized the sending of this Notice, This Notice is not from the Court. The Court has not decided whether Plaintiff or Defendants are correct, and the Court is not suggesting whether Plaintiff will win or lose the case. The Court expresses no opinion regarding the merits of Plaintiff's claims or Defendants' defenses, as this is ongoing litigation and those issues have not yet been decided.

## VIII. **NO RETALIATION PERMITTED**

Federal law prohibits Defendants from discharging or in any other manner discriminating or retaliating against you because you have exercised your rights under the FLSA to join, or not to join, this action.

## IX. **YOUR LEGAL REPRESENTATION IF YOU JOIN**

By joining this lawsuit, you may designate Joshua Wright, the Named Plaintiff, and his attorneys as your agents to make decisions on your behalf concerning the litigation. The law firm of Schneider Wallace Cottrell and Konecky LLP will represent those who receive this notice and join the collective action. If you desire, however, you also may retain a different lawyer to represent you and have that lawyer enter an appearance in this lawsuit on your behalf, or you may choose not to retain a lawyer and represent yourself in this action within the applicable statute of limitations period.

If you have any questions, you may contact the attorneys listed below:

Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

## **\*\*PLEASE NOTE\*\***

There is a two (2) year deadline for filing overtime claims or three (3) years if the violation is determined to be willful. This deadline continues to run until you "opt-in" to this conditionally certified Collective Action. If you wish to participate in this Collective Action, return your "Opt-in Consent Form" as soon as possible so that your rights may be preserved.