1  Carolyn H. Cottrell (SBN 166977)
   Ori Edelstein (SBN 268145)
2  SCHNEIDER WALLACE
   COTTRELL KONECKY LLP
3  2000 Powell Street, Suite 1400
   Emeryville, California 94608
4  Telephone: (415) 421-7100
   Facsimile: (415) 421-7105
5  ccottrell@schneiderwallace.com
   oedelstein@schneiderwallace.com

   Attorneys for Plaintiff and the Putative
7  Class and Collective

8           **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF CALIFORNIA**
9

10  JOSHUA WRIGHT, on behalf of himself and
    all others similarly situated,
11.
                                              Case No. 2:19-cv-01767-JAM-CKD
            Plaintiff,                        Amended
12                                            **STIPULATION TO CONDITIONALLY
    vs.                                       CERTIFY THE COLLECTIVE AND
13                                            FACILITATE NOTICE PURSUANT TO 29
                                              U.S.C. § 216(b) AND ORDER**
14  FRONTIER MANAGEMENT LLC,
    FRONTIER SENIOR LIVING, LLC, and GH       Judge: Hon. John A. Mendez
    SENIOR LIVING, LLC dba GREENHAVEN
15  ESTATES ASSISTED LIVING,                  Complaint Filed: September 6, 2019
                                              Trial Date:      None
16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Joshua Wright ("Plaintiff") and Defendants Frontier Management LLC, Frontier

2    Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living

3    (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"),

4    by and through their attorneys of record, hereby stipulate as follows:

5        1.    Plaintiff initiated this action on September 6, 2019 asserting claims on behalf of a

6    national Collective against Defendants for violation of the Fair Labor Standards Act, 29 U.S.C. §§

7    201 *et seq.* ("FLSA"), as well as class claims under the California state wage and hour laws. ECF

8    1.

9        2.    Plaintiff alleges that Defendants violated the FLSA with respect to Plaintiff and the

10   putative Collective by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours

11   worked and, with respect to such hours, failing to pay the legally mandated overtime premium for

12   such work and/or minimum wage.

13       3.    The proposed Collective is defined as follows:

14           All current and former hourly, non-exempt employees of Frontier
             Management LLC, Frontier Senior Living, LLC, and GH Senior Living,
15           LLC dba Greenhaven Estates Assisted Living, in the United States after
             [DATE (three years prior to date of filing of stipulated motion for
16           conditional certification)].

17

18       4.    The Parties have met and conferred, and agreed to attempt early resolution via

19   private mediation in May 2020, thereby necessitating the early facilitation of nationwide notice to

20   the proposed Collective. The Parties recognize that the Court may: (1) grant a Plaintiff's motion

21   for conditional certification under § 216(b) of the FLSA, given the low threshold for conditional

22   certification or (2) deny a plaintiff's motion for conditional certification under § 216(b) of the

23   FLSA in light of potentially material differences alleged to exist across the putative Collective,

24   which might preclude a finding of "similarly situated" necessary for conditional certification.

25   Therefore, to promote efficiency and to conserve resources among the Parties' and the Court, the

26   Parties have also agreed to stipulate to the Court's entry of an order conditionally certifying a

27   nationwide FLSA Collective. The Parties have also agreed that Plaintiff shall be appointed

28   collective representative and that Plaintiff's counsel shall be appointed collective counsel.

1    5.    Pursuant to the Parties' agreement, Plaintiff now seeks to notify a "Stipulated

2    Collective" consisting of:

3              All current and former hourly, non-exempt employees of Frontier
               Management LLC, Frontier Senior Living, LLC, and GH Senior Living,
4              LLC dba Greenhaven Estates Assisted Living, in the United States after
               [DATE (three years prior to date of filing of stipulated motion for
5              conditional certification)].

6    6.    The decision by Defendants not to oppose conditional certification does not

7    constitute an admission that the named Plaintiff meets the conditions necessary for certification of

8    a FLSA collective action. Defendants retain the right to move to decertify the Collective action,

9    oppose any request by Plaintiff for final certification of this Collective action, or otherwise oppose

10   the claims presented.

11   7.    Within fourteen (14) days of this Order, Defendants shall provide Plaintiff with a

12   computer-readable data file containing the names, last known mailing addresses, last known email

13   addresses, and home and cellular telephone numbers of all persons within the Stipulated

14   Collective.

15   8.    Defendants shall provide this information for any person who has been employed with

16   Defendants after [DATE (three years prior to Order granting stipulated motion re conditional

17   certification)]

18   9.    The Court will appoint a third-party notice administrator ("Notice Administrator") to

19   provide to all persons identified in Defendants' list a proposed Notice of Collective Action

20   Lawsuit ("Notice") and Opt-In Consent Form (attached as Exhibit A) The form of this Notice shall

21   be determined by the Court in light of the following: The Parties have met-and-conferred

22   extensively on the form of notice and agreed on all aspects but have reached an impasse on

23   language pertaining to notice of imposition of costs and notice of Rule 11. The Parties' respective

24   positions are set forth below for the Court's consideration.

25   **Plaintiff's Position:**

26   Plaintiff requests that the Court approve the Notice found in Exhibit B attached to this

27   Stipulation. This notice omits a detailed discussion of the imposition of costs and fees in favor of a

28
                                                    3
STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
                        TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
        *Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

1 statement in Section IV (for ease of the Court's consideration the statement is bolded, underlined,
2 and italicized in the attached Exhibit A; however in the notice sent to Collective members the
3 statement would be unformatted) approved by courts in this district providing that, "Costs and fees
4 will be determined by federal statute and/or the contractual agreement you have with your
5 attorney." See *Gomez v. H & R Gunlund Ranches, Inc.*, No. CV F 10-1163 LJO MJS, 2010 U.S.
6 Dist. LEXIS 137736, at *32 (E.D. Cal. Dec. 16, 2010) (rejecting defendants request for language
7 alerting collective members of the potential imposition of costs, however approving language
8 reflecting that "If the class does not prevail, costs and fees will be determined by federal statute
9 and/or the contractual agreement you have with your attorney.")

10      Plaintiff objects to the inclusion of any reference to Rule 11 sanctions as inappropriate and
11 unwarranted. There is no basis for including any such language, and to do so will act to chill
12 participation in this collective action. See *Phelps v. MC Communs., Inc.*, No. 2:11-CV-00423-
13 PMP-LRL, 2011 U.S. Dist. LEXIS 84428, at *19-20 (D. Nev. Aug. 1, 2011) ("Defendants present
14 no authority that a plaintiff may be liable for a defendant-employer's costs and attorney's fees in
15 an FLSA action absent bad faith conduct. [citing cases]. The remote possibility of bad faith
16 litigation conduct does not support the requested language and would serve only to discourage
17 putative collective action members from joining the suit.")

18 **Defendant's Position:**

19      Defendant's Position re Imposition of Costs: Defendants understand their meet-and-confer
20 efforts with Plaintiff have placed the Parties in agreement that some form of notice to Collective
21 Members regarding imposition of costs is appropriate. Defendants understand Plaintiff to simply
22 favor this language: "Costs and fees will be determined by federal statute and/or the contractual
23 agreement you have with your attorney" based on *Gomez v. H & R Gunlund Ranches, Inc.*
24 ("*Gomez*"), 2010 U.S. Dist. LEXIS 137736, *32 (E.D. Cal. Dec. 16, 2010). Plaintiff's proposed
25 language describes what it ought to convey at simply too high a level of generality. Plaintiff's
26 proposed language also affirmatively states, in relevant part, "Costs and fees will be determined
27 by the contractual agreement you have with your attorney." This may be inaccurate in light of the

28

1 proposed Notice provision that informs Collective Members they may obtain independent
2 counsel: "you … may retain a different lawyer to represent you and have that lawyer enter an
3 appearance in this lawsuit on your behalf …" Proposed Notice, § IV. There is presently no
4 information as to what the cost and fee arrangement is other than between Plaintiff and his
5 Counsel. Plaintiff's proposed language, in effect, impermissibly purports to speak as to the cost
6 and fee arrangement between Collective Members and any of their independent counsel not
7 presently in the case. Therefore, Defendants propose that the more accurate language under the
8 circumstances and the language that reasonably mitigates confusion is this: "*If Joshua Wright and*
9 *his attorneys do not prevail*, any costs and fees that you could be liable for will be determined by
10 federal statute and/or the contractual agreement you have with your attorney.) (emphasis as to
11 Defendants' proposed language). Plaintiff relies on *Gomez*, but *Gomez* did not involve issues
12 related to the interplay between terms of notice and collective members' right to independent
13 counsel. If anything, *Gomez* supports Defendants' proposed language because *Gomez* relied on
14 *Garcia v. Elite Labor Serv., Ltd.*, 1996 U.S. Dist. LEXIS 9824 (N.D. Ill. July 12, 1996), a case
15 involving a substantially identical prefatory clause to the one Defendants propose and one that
16 partly predicated *Gomez's* outcome. *Gomez*, 2010 U.S. Dist. LEXIS * 31 ("If you are represented
17 by plaintiff's attorneys, their costs and fees …"). Plaintiff's proposed is inaccurate and contains
18 an impermissible risk of confusion; these defects run afoul of the requirement that notice be
19 "accurate." See, *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

20 Defendant's Position re Fed. R. Civ. P. 11: Defendants propose adding a paragraph to the
21 "Effect of Joining This Suit" section that informs Collective Members of Rule 11 of the Federal
22 Rules of Civil Procedure. Plaintiff contends a Rule 11 notice would "chill" participation. There
23 are no facts to support that notion. Plaintiff's speculative submission is also beside the point
24 because FLSA notices are no more an exercise in crafting a mechanism designed to guarantee or
25 result in the largest number of actual opt-ins than they are an exercise in providing notice in name
26 only and constrict participation. Those are just not the issues at hand. Rather, this Court's task is
27 to maintain neutrality and facilitate "accurate and timely notice concerning the pendency of the
28

5

1  collective action, so that [potential collective members] can make informed decisions about
2  whether to participate." *Hoffman-LaRoche,* 493 U.S. at 170. Anything more is an impermissible
3  thumb on the scales. Here, Rule 11 is a basic norm of universal application in federal litigation; it
4  helps focus litigants' minds, mitigates litigation as a mere reflex response, and by seeking to
5  eliminate baseless litigation, ultimately serves the interests of all sides, including courts.
6  Notwithstanding, Plaintiff contends informing Collective Members of Rule 11 is unwarranted
7  based on *Phelps v. MC Communs., Inc.*, 2011 U.S. Dist. LEXIS 84428 (D. Nev. Aug. 1, 2011).
8  But *Phelps* dealt with whether a FLSA notice as to costs and fees was appropriate as a matter of
9  the FLSA's statutory fee-shifting provision; *Phelps* had nothing to do with Rule 11. The mere fact
10  Plaintiff advances a FLSA claim does not insulate this case from Rule 11's operation. All told, a
11  Rule 11 provision here would provide for a balanced notice and allow Collective Members to
12  make an informed decision about whether to participate.

13       Defendants' proposed notice is attached hereto as Exhibit C. Defendants' proposed terms
14  are in § IV and are visible in blue ink. The final version, if accepted, would not be underlined.

15       10.     Plaintiff proposes that Heffler Claims Group be appointed to administer the Notice.
16  Plaintiff shall pay the costs of the Notice Administrator, subject to claiming the costs as a
17  reimbursable litigation expense. The Notice Administrator shall provide the Notice and Opt-In
18  Consent Form by: (1) first class mail, (2) email, and (3) electronically at website hosted by the
19  Notice Administrator within seven (7) days of receipt of the list of Defendants 'eligible current and
20  former employees, or as soon thereafter as practicable.

21       11.     Within seven (7) days of the Notice Administrator's receipt of the list of Defendants'
22  eligible current and former employees, or as soon thereafter as practicable, the Defendants shall
23  post a copy of the Notice in appropriate, conspicuous, visible, and accessible places at each of its
24  offices or other locations in which Collective Members currently work and maintain such posting
25  throughout the sixty (60)-day notice period. Plaintiff's counsel may also post a copy of the Notice
26  and Opt-In Consent Form on Plaintiff's counsel's firm website during this sixty (60)-day notice
27  period.

28

1  12.  Eligible persons shall be given sixty (60)-days from the latest of the date on which

2  the Notice and Opt-In Consent Form is sent via first class mail, the date on which the Notice and

3  Opt-In Consent Form is sent via email, or the date on which it is posted electronically, in which to

4  return their Opt-In Consent Form (received, postmarked, or completed via an electronic signature

5  service) to the Notice Administrator or Plaintiff's counsel.

6  13.  Eligible persons who have not submitted their Opt-In Consent Form after forty (40)

7  days of the initial mailing contemplated in Paragraph 9 will receive a reminder by email from the

8  Notice Administrator. All Opt-In Consent Forms will be deemed to have been filed with the Court

9  the date they are stamped as received by Plaintiff's Counsel or the Notice Administrator, and

10  Plaintiff's Counsel will file them electronically on the docket on a weekly basis. Plaintiff's

11  counsel may cure and re-file any Opt-In Consent Forms that were filed and later found to be

12  deficient.

13

14  NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

15  That this action be conditionally certified as a FLSA collective action, pursuant to 29 U.S.C.

16  §§ 201 et seq.

17

18  Dated: March 13, 2020

19  */s/ Ori Edelstein*
   Carolyn H. Cottrell

20  Ori Edelstein
   SCHNEIDER WALLACE

21  COTTRELL KONECKY LLP

22  Attorneys for Plaintiff and the Putative
   Class and Collective

23

24

25

26

27

28
   7

1    Dated: March 13, 2020

                                    */s/ Vincent R. Fisher*
2                                   Joseph P. Lordan
3                                   Vincent R. Fisher
                                    LEWIS BRISBOIS BISGAARD & SMITH LLP
4
                                    Attorneys for Defendants FRONTIER
5                                   MANAGEMENT LLC, FRONTIER SENIOR
                                    LIVING, LLC and GH SENIOR LIVING, LLC dba
6                                   GREENHAVEN ESTATES ASSISTED LIVING
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
─────────────────────────────────────────────────────────────
                              8
STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
            TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

## [ORDER

Plaintiff Joshua Wright ("Plaintiff") and Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), have stipulated to conditionally certify as a FLSA collective action, pursuant to 29 U.S.C. §§ 201 et seq., the following Collective:

> All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)].

Plaintiff alleges that Defendants violated the FLSA with respect to Plaintiff and the putative Collective by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.

Having considered the Parties' Stipulation, the allegations in Plaintiff's Complaint, and given the low threshold for conditional certification under Section 216(b) of the FLSA, *see Ramirez v. Ghilotti Bros. Inc.,* 941 F. Supp. 2d 1197, 1203 (N.D. Cal. 2013), Plaintiff has met the lenient standard at this stage for conditional certification and for this Court to facilitate notice to proposed Collective members pursuant to the FLSA.

The decision by Defendants not to oppose conditional certification does not constitute an admission that the named Plaintiff meets the conditions necessary for certification of a FLSA collective action. Defendants retain the right to move to decertify the Collective action, oppose any request by Plaintiff for final certification of this Collective action, or otherwise oppose the claims presented. However, at this time, the Court has determined Plaintiff's allegations are sufficient to provide Defendants' other non-exempt employees notice of the litigation and an opportunity to opt-in to the action to pursue their FLSA claims.

Therefore, Stipulation for Conditional Certification and to Facilitate Notice under 29 U.S.C. § 216(b) is **GRANTED** as follows:

1.     Within fourteen (14) days of this Order, Defendants shall provide Plaintiff with a computer-readable data file containing the names, last known mailing addresses, last known email addresses, and home and cellular telephone numbers of all persons within the following definition:

> All current and former hourly, non-exempt employees of Frontier
> Management LLC, Frontier Senior Living, LLC, and GH Senior Living,
> LLC dba Greenhaven Estates Assisted Living, in the United States after
> [DATE (three years prior to date of filing of stipulated motion for
> conditional certification)].

2.     Defendants shall provide this information for any person who has been employed with Defendants at any time from [DATE (three years prior to date of filing of stipulated motion for conditional certification)].

3.     Plaintiff shall be appointed class and collective representative and Plaintiff's counsel shall be appointed class and collective counsel. The Court will appoint a third-party notice administrator ("Notice Administrator") to provide the proposed Notice of Collective Action Lawsuit ("Notice") and Opt-In Consent Form to all persons identified in Defendants' list.

4.     The Court approves the Opt-In Form attached to the Parties' Stipulation as Exhibit A.

5.     The Court approves the Proposed Notice attached to the Stipulation as:

_JAM_ ✓     Exhibit B (Plaintiff's proposed Notice); or

_____     Exhibit C (Defendants' proposed Notice).

6.     The Court will appoint a third-party notice administrator ("Notice Administrator") to mail and email the proposed Notice of Collective Action Lawsuit and Opt-In Consent Form to all persons identified in Defendant's list. Heffler Claims Group is approved as the Notice Administrator. Plaintiff shall pay the costs of the Notice Administrator, subject to claiming the costs as a reimbursable litigation expense. The Notice Administrator shall provide the Notice and Opt-In Consent Form by: (1) first class mail, (2) email, and (3) electronically at a website hosted by the Notice Administrator within seven (7) days of receipt of the list of Defendants' eligible current and former employees, or as soon thereafter as practicable.

7.     Within seven (7) days of the Notice Administrator's receipt of the list of Defendants'

eligible current and former employees, or as soon thereafter as practicable, the Defendants shall post a copy of the Notice in appropriate, conspicuous, visible, and accessible places at each of its offices or other locations in which Collective Members currently work and maintain such posting throughout the sixty (60)-day notice period. Plaintiff's counsel may also post a copy of the Notice and Opt-In Consent Form on Plaintiff's counsel's firm website during this sixty (60)-day notice-period.

8. Eligible persons shall be given sixty (60) days from the latest of the date on which the Notice and Opt-In Consent Form is sent via first class mail, the date on which the Notice and Opt-In Consent Form is sent via email, or the date on which it is posted electronically, in which to return their Opt-In Consent Form (received, postmarked, or completed via an electronic signature service) to the Notice Administrator or Plaintiff's counsel.

9. Eligible persons who have not submitted their Opt-In Consent Form within forty (40) days of the initial mailing contemplated in Paragraph 3 will receive a reminder by email from the Notice Administrator.

10. All Opt-In Consent Forms will be deemed to have been filed with the Court the date they are stamped as received by Plaintiff's Counsel or the Notice Administrator, and Plaintiff's Counsel will file them electronically on the docket on a weekly basis. Plaintiff's counsel may cure and re-file any Opt-In Consent Forms that were filed and later found to be deficient.

**IT IS SO ORDERED.**

Dated: 3/16/2020

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

---

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Eastern District of California, by using the Court's CM/ECF system on March 13, 2020.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: March 13, 2020                    Respectfully submitted,

                                         /s/ Ori Edelstein
                                         Carolyn H. Cottrell
                                         Ori Edelstein
                                         SCHNEIDER WALLACE
                                         COTTRELL KONECKY LLP

                                         Attorneys for Plaintiff and the Putative Class
                                         and Collective

## SIGNATORY ATTESTATION

The e-filing attorney hereby attests that concurrence in the content of the attached documents and authorization to file the attached documents has been obtained from the other signatory indicated by a conformed signature (/s/) within the attached e-filed documents.

Dated: March 13, 2020                    /s/ Ori Edelstein
                                         Ori Edelstein

---

1

STIPULATION TO CONDITIONALLY CERTIFY THE COLLECTIVE AND FACILITATE NOTICE PURSUANT
TO 29 U.S.C. § 216(b) AND [PROPOSED] ORDER
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

EXHIBIT A

## OPT-IN CONSENT FORM
### *Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living*
#### United States District Court, Eastern District of California
#### Case No. 2:19-cv-01767-JAM-CKD

### Complete And Submit To:

<table>
<tr><td>[Notice Administrator<br>Address<br>Fax/email]</td><td>[Plaintiff's Counsel<br>Address<br>Fax/email]</td></tr>
</table>

| Name:<br>_____ (Please Print) | Date of Birth: |
|---|---|
| Address: | Phone No. 1:<br>Phone No. 2:<br>E-mail Address: |

### CONSENT TO JOIN COLLECTIVE ACTION
#### Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

1. I consent and agree to pursue my claims relating to and arising from Defendants' (Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living) alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* in connection with the above-referenced litigation.

2. I have worked as a/an (**job title**) _____ for Defendant in (**city and state where worked**) _____ from approximately on or about (**date employment began**) _____ to approximately on or about (**date employment ended**) _____.

3. I understand that this litigation has been filed as a proposed collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* I hereby consent, agree, and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize my attorneys, Schneider Wallace Cottrell Konecky LLP to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendants in this litigation.

| | |
|---|---|
| _____ (Date Signed) | _____ (Signature) |

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

EXHIBIT B

# NOTICE OF COLLECTIVE ACTION LAWSUIT

**This Notice has not been prepared by the Court. This Notice is not a representation by the Court of the merits of the lawsuit.**

*Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living*
**United States District Court, Eastern District of California**
**Case No. 2:19-cv-01767-JAM-CKD**

**TO:** All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)].

**RE:** **Federal Fair Labor Standards Act ("FLSA") lawsuit seeking alleged unpaid wages, including minimum wages, wages at the agreed rate, and overtime compensation**

★ ★ ★ ★

## PLEASE READ THIS NOTICE CAREFULLY.
## THIS NOTICE COULD AFFECT YOUR LEGAL RIGHTS.

## I.   INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, should you choose to do so.

YOU HAVE NOT JOINED THE LAWSUIT UNTIL YOU RETURN THE "OPT-IN CONSENT FORM" PROVIDED WITH THIS NOTICE TO THE CLAIMS ADMINISTRATOR AND/OR PLAINTIFF'S COUNSEL LISTED BELOW.

## II.   DESCRIPTION OF THE LAWSUIT

This lawsuit is brought by Joshua Wright, a former Med Tech at Greenhaven Estates, on behalf of current and former hourly, non-exempt employees of Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living ("Defendants") throughout the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)]. Joshua Wright, the Plaintiff, has made the following claims, among others:

> 1) Defendants allegedly failed to pay wages for all hours worked, including, without limitation: for time spent working before and after scheduled shifts; and for time spent working during meal breaks;

2) Defendants allegedly failed to pay all wages owed, including payment of at least minimum wage and overtime pay for all hours worked, as well as compensation for wage deductions for the cost of purchase and/or maintenance for required uniforms/protective gear; and

3) Defendants allegedly failed to make, keep, and preserve required accurate records of all hours worked by the employees.

Defendants deny all of these contentions and Plaintiff's other allegations in this lawsuit. Defendants also deny that this case can properly be maintained, litigated, or adjudicated as a collective action. Defendants assert that they have always properly paid all wages due to employees, including as to at least minimum and overtime wages.

Plaintiff seeks to recover payment for all hours worked, including payment for unpaid straight time and the time worked above 40 hours in a work week, and minimum wage violations, including interest thereon, statutory penalties and liquidated damages, reasonable attorneys' fees, and litigation costs on behalf of themselves and all similarly situated workers. It is your own decision whether to join this lawsuit.

This lawsuit was filed against Defendants, on September 6, 2019 in the United States District Court for the Eastern District of California. The case name is *Joshua Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.* The case number is 2:19-cv-01767-JAM-CKD. The Parties have stipulated to conditional certification of this case to notify you of the lawsuit and to give you a chance to join the lawsuit.

## III. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

You may join, or "opt in" to, this lawsuit by submitting your "Opt-in Consent Form to the Claims Administrator by: (1) visiting the following website [hyperlink to administrator website] and submitting your completed "Opt-In Consent Form" electronically, (2) emailing your completed "Opt-In Consent Form" to [email address of Claims Administrator and Plaintiff's Counsel], (3) faxing your completed "Opt-In Consent Form" to [fax numbers of Claims Administrator and Plaintiff's Counsel] or (4) mailing your completed "Opt-In Consent Form" to the Claims Administrator at the following address:

FRONTIER AND GREENHAVEN FLSA LITIGATION
c/o Claims Admin
Claim Admin Address

You are not required to join or "opt in" to this lawsuit, but if you wish to do so, this form must be returned to the Claims Administrator and/or Plaintiff's Counsel on or before [INSERT DATE – 60 days after mailing/emailing/posting of notice.] If you fail to return the "Opt-In Consent Form" to the Claims Administrator and/or Plaintiff's Counsel on or before [DATE] , you may not be able to participate in this lawsuit. If you choose not to join in this lawsuit, you are only waiving your right to join this particular lawsuit; you would be free to file your own lawsuit against Defendants.

If you file an "Opt-In Consent Form," your continued right to participate in pursuing these FLSA claims in this action may depend upon a later decision by the Court as to whether you and the named Plaintiff are actually "similarly situated" in accordance with federal law.

2

## IV. EFFECT OF JOINING THIS SUIT

If you choose to join this suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable as to claims made in this action under the FLSA. If the Court or jury rules in favor of the Defendants, you will not be entitled to any relief, monetary or otherwise, under the FLSA if you join this action. ***Costs and fees will be determined by federal statute and/or the contractual agreement you have with your attorney.***

Your decision to file an Opt-In Consent Form does not necessarily determine whether or not you will be required to submit evidence or provide testimony during the case. Defendants contend its policies were lawful and that individualized inquiries into your claims may be warranted. Joshua Wright's attorneys and Defendants' attorneys may take evidence and testimony from both those who submit an Opt-In Consent Form as well as those who do not.

## VI. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable. If you choose not to join in this lawsuit, the only right you are forfeiting is the right to join this particular lawsuit, and you would be free to file your own lawsuit.

## VII. NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

This Notice is for the sole purpose of determining the identity of those persons who wish to join and participate in this lawsuit. Although the United States District Court for the Eastern District of California has authorized the sending of this Notice, This Notice is not from the Court. The Court has not decided whether Plaintiff or Defendants are correct, and the Court is not suggesting whether Plaintiff will win or lose the case. The Court expresses no opinion regarding the merits of Plaintiff's claims or Defendants' defenses, as this is ongoing litigation and those issues have not yet been decided.

## VIII. NO RETALIATION PERMITTED

Federal law prohibits Defendants from discharging or in any other manner discriminating or retaliating against you because you have exercised your rights under the FLSA to join, or not to join, this action.

## IX. YOUR LEGAL REPRESENTATION IF YOU JOIN

By joining this lawsuit, you may designate Joshua Wright, the Named Plaintiff, and his attorneys as your agents to make decisions on your behalf concerning the litigation. The law firm of Schneider Wallace Cottrell and Konecky LLP will represent those who receive this notice and join the collective action. If you desire, however, you also may retain a different lawyer to represent you and have that lawyer enter an appearance in this lawsuit on your behalf, or you may choose not to retain a lawyer and represent yourself in this action within the applicable statute of limitations period.

If you have any questions, you may contact the attorneys listed below:

Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

## **\*\*PLEASE NOTE\*\***

There is a two (2) year deadline for filing overtime claims or three (3) years if the violation is determined to be willful. This deadline continues to run until you "opt-in" to this conditionally certified Collective Action. If you wish to participate in this Collective Action, return your "Opt-in Consent Form" as soon as possible so that your rights may be preserved.

# EXHIBIT C

# NOTICE OF COLLECTIVE ACTION LAWSUIT

**This Notice has not been prepared by the Court. This Notice is not a representation by the Court of the merits of the lawsuit.**

## *Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living*
### United States District Court, Eastern District of California
### Case No. 2:19-cv-01767-JAM-CKD

**TO:**   All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)].

**RE:**   **Federal Fair Labor Standards Act ("FLSA") lawsuit seeking alleged unpaid wages, including minimum wages, wages at the agreed rate, and overtime compensation**



## PLEASE READ THIS NOTICE CAREFULLY.
## THIS NOTICE COULD AFFECT YOUR LEGAL RIGHTS.

### I.   INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, should you choose to do so.

YOU HAVE NOT JOINED THE LAWSUIT UNTIL YOU RETURN THE "OPT-IN CONSENT FORM" PROVIDED WITH THIS NOTICE TO THE CLAIMS ADMINISTRATOR AND/OR PLAINTIFF'S COUNSEL LISTED BELOW.

### II.   DESCRIPTION OF THE LAWSUIT

This lawsuit is brought by Joshua Wright, a former Med Tech at Greenhaven Estates, on behalf of current and former hourly, non-exempt employees of Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living ("Defendants") throughout the United States after [DATE (three years prior to date of filing of stipulated motion for conditional certification)]. Joshua Wright, the Plaintiff, has made the following claims, among others:

> 1) Defendants allegedly failed to pay wages for all hours worked, including, without limitation: for time spent working before and after scheduled shifts; and for time spent working during meal breaks;

2) Defendants allegedly failed to pay all wages owed, including payment of at least minimum wage and overtime pay for all hours worked, as well as compensation for wage deductions for the cost of purchase and/or maintenance for required uniforms/protective gear; and

3) Defendants allegedly failed to make, keep, and preserve required accurate records of all hours worked by the employees.

Defendants deny all of these contentions and Plaintiff's other allegations in this lawsuit. Defendants also deny that this case can properly be maintained, litigated, or adjudicated as a collective action. Defendants assert that they have always properly paid all wages due to employees, including as to at least minimum and overtime wages.

Plaintiff seeks to recover payment for all hours worked, including payment for unpaid straight time and the time worked above 40 hours in a work week, and minimum wage violations, including interest thereon, statutory penalties and liquidated damages, reasonable attorneys' fees, and litigation costs on behalf of themselves and all similarly situated workers. It is your own decision whether to join this lawsuit.

This lawsuit was filed against Defendants, on September 6, 2019 in the United States District Court for the Eastern District of California. The case name is *Joshua Wright v. Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.* The case number is 2:19-cv-01767-JAM-CKD. The Parties have stipulated to conditional certification of this case to notify you of the lawsuit and to give you a chance to join the lawsuit.

## III. <u>YOUR RIGHT TO PARTICIPATE IN THIS SUIT</u>

You may join, or "opt in" to, this lawsuit by submitting your "Opt-in Consent Form to the Claims Administrator by: (1) visiting the following website [hyperlink to administrator website] and submitting your completed "Opt-In Consent Form" electronically, (2) emailing your completed "Opt-In Consent Form" to [email address of Claims Administrator and Plaintiff's Counsel], (3) faxing your completed "Opt-In Consent Form" to [fax numbers of Claims Administrator and Plaintiff's Counsel] or (4) mailing your completed "Opt-In Consent Form" to the Claims Administrator at the following address:

FRONTIER AND GREENHAVEN FLSA LITIGATION
c/o Claims Admin
Claim Admin Address

You are not required to join or "opt in" to this lawsuit, but if you wish to do so, this form must be returned to the Claims Administrator and/or Plaintiff's Counsel on or before [INSERT DATE – 60 days after mailing/emailing/posting of notice.] If you fail to return the "Opt-In Consent Form" to the Claims Administrator and/or Plaintiff's Counsel on or before [DATE] , you may not be able to participate in this lawsuit. If you choose not to join in this lawsuit, you are only waiving your right to join this particular lawsuit; you would be free to file your own lawsuit against Defendants.

If you file an "Opt-In Consent Form," your continued right to participate in pursuing these FLSA claims in this action may depend upon a later decision by the Court as to whether you and the named Plaintiff are actually "similarly situated" in accordance with federal law.

## IV. EFFECT OF JOINING THIS SUIT

If you choose to join this suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable as to claims made in this action under the FLSA. If the Court or jury rules in favor of the Defendants, you will not be entitled to any relief, monetary or otherwise, under the FLSA if you join this action. If Joshua Wright and his attorneys do not prevail, any costs and fees will be determined by federal statute and/or the contractual agreement you have with your attorney.

Your decision to file an Opt-In Consent Form does not necessarily determine whether or not you will be required to submit evidence or provide testimony during the case. Defendants contend its policies were lawful and that individualized inquiries into your claims may be warranted. Joshua Wright's attorneys and Defendants' attorneys may take evidence and testimony from both those who submit an Opt-In Consent Form as well as those who do not.

If this case is found to be presented for an improper purpose, not warranted by law, or without factual support, under Federal Rule of Civil Procedure 11, you may be required to pay some or all of the attorneys fees incurred by Frontier Management LLC, Frontier Senior Living, LLC, or GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

## VI. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable. If you choose not to join in this lawsuit, the only right you are forfeiting is the right to join this particular lawsuit, and you would be free to file your own lawsuit.

## VII. NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

This Notice is for the sole purpose of determining the identity of those persons who wish to join and participate in this lawsuit. Although the United States District Court for the Eastern District of California has authorized the sending of this Notice, This Notice is not from the Court. The Court has not decided whether Plaintiff or Defendants are correct, and the Court is not suggesting whether Plaintiff will win or lose the case. The Court expresses no opinion regarding the merits of Plaintiff's claims or Defendants' defenses, as this is ongoing litigation and those issues have not yet been decided.

## VIII. NO RETALIATION PERMITTED

Federal law prohibits Defendants from discharging or in any other manner discriminating or retaliating against you because you have exercised your rights under the FLSA to join, or not to join, this action.

## IX. YOUR LEGAL REPRESENTATION IF YOU JOIN

By joining this lawsuit, you may designate Joshua Wright, the Named Plaintiff, and his attorneys as your agents to make decisions on your behalf concerning the litigation. The law firm of Schneider Wallace Cottrell and Konecky LLP will represent those who receive this notice and join the collective action. If you desire, however, you also may retain a different lawyer to represent you and have that lawyer enter an appearance in this lawsuit on your behalf, or you may choose not to retain a lawyer and represent yourself in this action within the applicable statute of limitations period.

If you have any questions, you may contact the attorneys listed below:

Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

## **PLEASE NOTE**

There is a two (2) year deadline for filing overtime claims or three (3) years if the violation is determined to be willful. This deadline continues to run until you "opt-in" to this conditionally certified Collective Action. If you wish to participate in this Collective Action, return your "Opt-in Consent Form" as soon as possible so that your rights may be preserved.