UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA WRIGHT, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING LLC, and GH SENIOR LIVING LLC, dba GREENHAVEN ESTATES ASSISTED LIVING,<br><br>        Defendants. | No.  2:19-cv-01767-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND** |

    On September 6, 2019, Joshua Wright ("Plaintiff") sued Frontier Management LLC, Frontier Senior Living LLC, and GH Senior Living LLC (collectively, "Defendants"), on behalf of himself and other employees, over several of their wage and hour policies.  See Compl., ECF No. 1.  Plaintiff seeks leave to amend his complaint to include additional named plaintiffs and wage and hour claims on behalf of proposed Rule 23 classes in Washington, Oregon, and Illinois.  See Mot. to Amend Compl. ("Mot."), ECF No. 50.

For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Amend.[1]

## I. BACKGROUND

Defendants operate a chain of retirement and assisted living communities. Compl. ¶ 30. Plaintiff worked as a medication technician at one of the assisted living locations in California from April 12, 2018, until March 15, 2019. Compl. ¶ 31. On September 6, 2019, Plaintiff filed suit against Defendants. See Compl. Plaintiff alleges that Defendants' wage and hour practices violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and several provisions of the California Labor Code, and amount to unfair business practices in violation of the California Business and Professions Code. Compl. ¶¶ 62–94, 103–113, 123–132, 140–151. Plaintiff further alleges Defendants do not permit meal and rest periods and fail to provide accurate itemized wage statements and reimburse necessary business expenses as required by law. Compl. ¶¶ 95–102, 114–122, 133–139.

Plaintiff sued on behalf of himself and class and collective members for all unpaid wages, compensation, penalties, and other damages owed. Compl. ¶ 9. The class members are people who are or have been employed by Defendants as hourly, non-exempt employees in California within four years preceding the filing of the original complaint. Compl. ¶ 12. The collective members are

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 26, 2021.

1 | people who are or have been employed by Defendants as hourly,
2 | non-exempt employees in the United States at any time within
3 | three years preceding the filing of the stipulated motion for
4 | conditional certification.  See Am. Stip. and Order to
5 | Conditionally Certify the Collective, ECF No. 15.  The stipulated
6 | motion for conditional certification was filed on March 13, 2020.
7 | See Stip. and Proposed Order to Conditionally Certify the
8 | Collective, ECF No. 13.
9 |    Plaintiff now requests leave to file an amended complaint to
10 | add: (1) Loretta Stanley, Haley Quam, and Aiesha Lewis as named
11 | plaintiffs; (2) six causes of action for violations of the
12 | Washington Minimum Wage Act and other Washington state laws;
13 | (3) six causes of action for violations of the Oregon Revised
14 | Statutes and other Oregon state laws; and (3) five causes of
15 | action for violations of the Illinois Minimum Wage Law and other
16 | Illinois state laws.  See Mot. at 5.  Plaintiff also seeks to
17 | clarify the allegations concerning hours worked off the clock and
18 | compensation of putative class and collective members.  Id.
19 |    Defendants oppose amendment, arguing Plaintiff's proposed
20 | amendments wrongfully use September 6, 2019, the commencement
21 | date of the California Rule 23 class, to relate back and toll the
22 | statute of limitations applicable to the new Washington, Oregon,
23 | and Illinois class claims.  See generally Opp'n, ECF No. 51.
24 | Defendants further argue Plaintiff's proposed amendments
25 | improperly change the start of the FLSA collective period to the
26 | commencement date of the California Rule 23 class.  Id.
27 | ///
28 | ///

II.   OPINION

A.   Leave to Amend

Before a court issues the scheduling order in a case, it must "freely grant leave to amend when justice so requires." Fed. R. Civ. Proc. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15's policy of favoring amendments to pleadings "is to be applied with extreme liberality." Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal quotations and citation omitted). "Amendments seeking to add claims are to be granted [even] more freely than amendments adding parties." Union Pacif. R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991). Rule 15(a)(2)'s mandate rests upon the notion that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.

In light of Rule 15(a)'s text and purpose, the Ninth Circuit has instructed that "[c]ourts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman, 371 U.S. at 182).

  1.  Futility

Defendants oppose amendment insofar as it would be futile. See Opp'n at 5-12. Futility of amendment can, by itself, justify

4

1  the denial of a motion for leave to amend.  Nunes v. Ashcroft,
2  375 F.3d 805, 808 (9th Cir. 2004).  An amendment is futile when
3  "no set of facts can be proved under the amendment to the
4  pleadings that would constitute a valid and sufficient claim or
5  defense."  Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656
6  (9th Cir. 2017) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d
7  209, 214 (9th Cir. 1988)).

8  Plaintiff's original complaint asserts nine causes of action
9  against Defendants for violations of FLSA and California law.
10 See generally Compl.  Plaintiff's proposed first amended
11 complaint alters the FLSA collective action to incorporate the
12 new named plaintiffs and their representative classes and start
13 the collective period on September 6, 2016.  See Proposed First
14 Am. Compl. ("Proposed FAC") ¶ 58, Ex. 1 to Mot., ECF No. 50-2.
15 As for the class claims, Plaintiff's proposed first amended
16 complaint expands them to include seventeen new causes of action
17 for violations of Washington, Oregon, and Illinois law, and seeks
18 to relate them back to September 6, 2019.  See Proposed FAC
19 ¶¶ 39, 181–383.

20 Defendants' argue that amendment would be futile because the
21 proposed Washington, Oregon, and Illinois class claims do not
22 relate back to the original complaint and cannot be tolled to the
23 filing date of the original complaint.  Opp'n at 5-11.  This
24 argument misses the mark.  That the amended and additional claims
25 should not relate back or be tolled to the original complaint
26 does not necessarily mean they are futile.  Notably, Defendants
27 do not argue that, absent relation back or tolling, the proposed
28 claims would be time-barred.  See, e.g., Twersky v. Yeshiva

Univ., 579 Fed.Appx. 7, 12 (2d Cir. 2014) ("[T]he district court correctly concluded that amendment would have been futile" where the amendments involved untimely claims.). Nor do they present any other reason why the Court should find the proposed amendments futile.

The Court, therefore, grants Plaintiff leave to amend the complaint to add Loretta Stanley, Haley Quam, and Aiesha Lewis as named plaintiffs, include additional class claims under Washington, Oregon, and Illinois law, and clarify preexisting allegations. However, as discussed below, Plaintiff is denied leave to relate back and toll the statute of limitations applicable to the new class claims to the filing of the original complaint. Plaintiff is also denied leave to begin the FLSA collective period on September 6, 2016.

B. Relation Back

Generally, an amendment of a pleading relates back to the date of the original pleading when the new claim asserted arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); Immigr. Assistance Project of the L.A. Cnty. Fed'n of Lab. v. INS, 306 F.3d 842, 857 (9th Cir. 2002). An amendment adding a plaintiff relates back to the date of the original pleading "only when: (1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff." Immigr. Assistance Project, 306 F.3d at 857 (citation omitted).

Here, Plaintiff's original complaint alleges a FLSA claim and a class action involving California employees working at California retirement and assisted living communities where the wage and hour practices violate several sections of the California Labor Code and the California Business and Professions Code. See Compl. ¶¶ 8, 12, 58, 72-151 ("Plaintiff also pursues claims under [the] California Labor Code to challenge Defendants' policies and practices . . . ."). Plaintiff's proposed amendments add three new classes, see Proposed FAC ¶¶ 19-21, 74-77, and several new class claims alleging violations of the wage and hour laws of other states, see Proposed FAC ¶¶ 181-383. In addition, the proposed first amended complaint asserts a six-year look back period for the Oregon claims, which reaches farther back than the original three-year FLSA and four-year California limitations periods. See Proposed FAC ¶ 288.

Plaintiff argues Defendants were put on notice of the new Washington, Oregon, and Illinois class claims because the original FLSA claim applies to a "nationwide collective." See Reply at 4, ECF No. 53. The Court disagrees. The original pleading did not provide Defendants with fair notice of the proposed state law individual and class claims. Plaintiff "do[es] not identify any authority suggesting that [the FLSA and California] claims put [Defendants] on notice that [they] might be sued, in this action, by different plaintiffs asserting individual and class claims under the wage-and-hour laws of [three] additional states." See Charlot v. Ecolab, Inc., 97 F.Supp.3d 40, 72 (E.D.N.Y. 2015).

Plaintiff, instead, cites to Ramirez v. Ghilotti Bros. Inc.,

1   941 F.Supp.2d 1197 (N.D. Cal. 2013) in support of the contention
2   that Defendants were put on notice of additional state law claims
3   on behalf of employees in other states.  Reply at 4.  However,
4   there are important distinctions between Ramirez and the instant
5   matter.  In Ramirez, the plaintiffs' original complaint alleged
6   FLSA and California state law violations based on a construction
7   company's wage and hour practices.  941 F.Supp.2d at 1201.  The
8   same plaintiffs later included additional violations of the
9   California Labor Code, for which the underlying facts were
10  largely included in the original complaint.  Id. at 1209-10.
11  Thus, the court found the subsequently alleged violations of
12  California law related back to the original pleading.  Id. 1208-
13  10.  By contrast, Plaintiff seeks to add new named plaintiffs and
14  class claims under the laws of entirely different states.
15      Under Plaintiff's theory, he "would be permitted to stop the
16  clock on all state law wage-and-hour claims possibly brought
17  against an employer in multiple states by filing a single FLSA
18  collective action, as long as [he] were later able to identify
19  plaintiffs in other states."  Charlot, 97 F.Supp.3d at 73.  "This
20  is not fair notice."  Id.  Although the basic facts of
21  Defendants' allegedly unlawful wage and hour practices are the
22  same under federal law, "the state standards vary such that a
23  defendant facing multi-state claims must analyze its records and
24  scope of liability under each state law separately."  Id.  It
25  would be unfair to expect a defendant to engage in this review
26  before at least one employee from a state has stepped forward as
27  a plaintiff.  Id.
28      Accordingly, Plaintiff has not demonstrated fair notice and

relation back is not proper under Rule 15(c)(1)(B). Moreover, Plaintiff does not argue that relation back is appropriate because either Washington, Oregon, or Illinois law "provides [that] the applicable statute of limitations allows relation back." See Fed. R. Civ. P. 15(c)(1)(A). Thus, Plaintiff is denied leave to amend the complaint such that the new Rule 23 non-California classes and non-California state law claims relate back to the original complaint filed on September 6, 2019. July 8, 2020, the day Plaintiff provided Defendants with the proposed first amended complaint, shall instead define the temporal scope of the Washington, Oregon, and Illinois classes. See Edelstein Decl. ¶ 4, ECF No. 50-1; see also Charlot, 97 F.Supp.3d at 87 (plaintiffs were permitted to add clams that did not relate back to the original complaint so long as they were timely as of the day plaintiffs informed defendant of their intent to amend the complaint).

### C. Tolling

Defendants also argue that Plaintiff's proposed amendments should not be tolled to the filing of the original complaint. See Opp'n at 9–11. Plaintiff does not dispute that tolling pursuant to Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) does not apply here. Instead, Plaintiff argues the Court should apply equitable tolling. See Reply at 5. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." Stoll v. Runyon, 165 F.3d 1238, 1241 (9th Cir. 1999).

9

1 Plaintiff does not contend either situation applies.
2 Moreover, Plaintiff does not argue that equitable tolling is
3 necessary to bring these additional claims within the applicable
4 statutes of limitations. Plaintiff alleges "Defendants
5 specifically agreed to toll the statute of limitations for these
6 new class claims," but fails to offer the Court evidence of
7 that. See Reply at 5. Plaintiff cites to docket number 56,
8 however, the docket ends at 55. Plaintiff's counsel references
9 a tolling agreement executed on August 7, 2020, but that
10 agreement expired on October 5, 2020. Edelstein Decl. ¶ 4.
11 Accordingly, the Court declines to apply equitable tolling
12 to the proposed class claims at this stage.
13     D.    FLSA Collective Period
14 Finally, Defendants argue Plaintiff's proposed amendments
15 incorrectly relate the start of the FLSA collective period back
16 to the filing date of the original complaint on September 6,
17 2019, such that the collective period begins on September 6,
18 2016. See Opp'n at 11; Proposed FAC ¶ 58. Defendants are
19 correct. Pursuant to 29 § U.S.C. 216(b), the parties stipulated
20 to the collective period beginning "three years prior to the date
21 of filing of stipulated motion for conditional certification."
22 See Stip. and Order to Conditionally Certify the Collective. In
23 doing so, the parties agreed to override the language of the
24 original complaint, which did have the collective period
25 beginning three years prior to the filing of the original
26 complaint. See Compl. ¶ 42. The stipulation was filed on March
27 13, 2020. Thus, the collective period begins on March 13, 2017.
28 As a result, Plaintiff may amend the complaint to include

the start date of the collective period, but that date is March 13, 2017, unless the parties stipulate otherwise.

### III.   ORDER

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Amend.  Plaintiff is permitted to amend the complaint to add the new named plaintiffs and their claims, but only to the extent that such claims were timely as of July 8, 2020.  The commencement of the FLSA collective period should be amended to March 13, 2017. Plaintiff shall file a First Amended Complaint within twenty days (20) of this Order.  Defendants' responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: February 5, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11