1
2
3
4

Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

5
6

Attorneys for Plaintiff and the Putative Class
and Collective

7
8

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

JOSHUA WRIGHT, LORETTA STANLEY, HALEY QUAM, and AIESHA LEWIS on behalf of themselves and all others similarly situated,

                    Plaintiffs,

vs.

FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING, LLC, and GH SENIOR LIVING, LLC dba GREENHAVEN ESTATES ASSISTED LIVING,

                    Defendants.

Case No. 2:19-cv-01767-JAM-CKD

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL**

17
18
19
20
21
22
23
24
25
26
27
28

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Joshua Wright, Loretta Stanley, Haley Quam, and Aiesha Lewis ("Plaintiffs"), on behalf of themselves and all others similarly situated, complains, and alleges as follows:

## SUBJECT MATTER JURISDICTION AND VENUE

1.     This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous hourly, non-exempt employees who reside in this district, and a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district. Defendants are subject to personal jurisdiction here.  Defendant Frontier Management, according to its website, operates multiple residential memory care and senior living facilities, and employs Class and Collective members, in California, including in this judicial district.  Defendant Frontier Senior living, according to its filings with the California Secretary of State, is the corporate entity through which Defendant Frontier Management manages its California operations, including those in this judicial district.

## INTRODUCTION

3.     Plaintiffs bring this class and collective action on behalf of themselves and other similarly situated individuals who have worked for Frontier Management LLC ("Frontier Management"), Frontier Senior Living, LLC ("Frontier Senior Living"), and GH Senior Living, LLC dba Greenhaven Estates Assisted Living ("Greenhaven") (collectively, "Defendants") as hourly, non-exempt employees.

4.     Defendants maintain a longstanding policy and practice of failing to properly compensate non-exempt employees for work performed during meal periods, for work performed while "off-the-clock," and for missed rest and meal periods. These policies denied Plaintiffs and other

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

hourly, non-exempt employees payment for all hours worked, including overtime, and deny Plaintiffs and Class members meal and rest periods that comply with California, Washington, Oregon, and Illinois law.

5. Defendants violate the FLSA and laws of the states of California, Washington, Oregon, and Illinois, by knowingly and willfully requiring Plaintiffs and Class and Collective members to perform work and/or remain on duty during meal and rest breaks, subjecting them to interruptions during those times. While Defendants require Class and Collective members to clock in and out for meal periods, these employees remain on duty and are continuously subject to interruption during that time.

6. Defendants received value from the work performed by Plaintiffs and Class and Collective members during their meal periods and while "off-the-clock" without compensating them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiffs and Class and Collective members for work performed.

7. Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiffs and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

8. This is a class action against Defendants to challenge their policies and practices of: (1) failing to pay Plaintiffs and Class members minimum wage ; (2) failing to pay Plaintiffs and Class members overtime wages; (3) failing to authorize and permit Plaintiff and Class members to take meal and rest breaks to which they are entitled by law; (4) failing to compensate Plaintiffs and Class members for all hours worked; (5) failing to provide Plaintiffs and Class members accurate, itemized wage statements; (6) failing to timely pay Plaintiffs and Class members full wages upon termination or resignation; (7) failing to reimburse Plaintiffs and Class members for necessary business expenses, and engaging in unfair and unlawful business practices.

9. Plaintiffs file this action to recover on behalf of themselves and Class and Collective

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

members all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and state law individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiffs and Class and Collective members of their lawfully-earned wages.

10.     As a result of violations, Plaintiffs seek compensation, damages, penalties, and interest to the full extent permitted by the FLSA, as well as the wage, hour, labor, and other applicable laws of the States of California, Washington, Oregon, and Illinois, as described herein.

11.     Plaintiffs also seeks declaratory, equitable, and injunctive relief, including restitution.

12.     Finally, Plaintiffs seeks reasonable attorneys' fees and costs under the FLSA and applicable laws of the States of California, Washington, Oregon, and Illinois, as described herein.

## PARTIES

13.     Plaintiff Joshua Wright is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Sacramento.  Mr. Wright was employed as a Medication Technician by Defendants at their Greenhaven facility from April 12, 2018 until March 15, 2019.

14.     Plaintiff Loretta Stanley is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of Oregon. Ms. Stanley was employed as a Lead Medical Technician and Caregiver by Defendants at their Monetary Ray Court Happy Valley facility in Portland, Oregon, from December 2018 until September 2019.

15.     Plaintiff Haley Quam is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of Washington. Ms. Quam was employed as a Caregiver by Defendants at their facility in Bellingham, Washington from September 2017 until September 2018.

16.     Plaintiff Aiesha Lewis is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of Illinois. Ms. Lewis was employed as a Caregiver by

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

Defendants at their facility in Granite City, Illinois from July 2017 to approximately October 2017.

17. The Collective members are people who are or who have been employed by Defendants as hourly, non-exempt employees in the United States at any time within the three years preceding the filing of the Complaint.

18. The California Class members are all people who are or who have been employed by Defendants as hourly, non-exempt employees in California within the four years preceding the filing of the Complaint.

19. The Washington Class members are all people who are or who have been employed by Defendants as hourly, non-exempt employees in Washington within the three years preceding the filing of the Complaint.

20. The Oregon Class members are all people who are or who have been employed by Defendants as hourly, non-exempt employees in Oregon within the six years preceding the filing of this Complaint.

21. The Illinois Class members are all people who are or who have been employed by Defendants as hourly, non-exempt employees in Illinois within the three years preceding the filing of the Complaint.

22. Plaintiffs are informed, believe, and thereon allege that Defendant Frontier Management is an Oregon limited liability corporation that maintains its principal office in Portland, Oregon.

23. Plaintiffs are informed, believe, and thereon allege that Defendant Frontier Senior Living is an Oregon limited liability corporation that maintains its principal office in Portland, Oregon.

24. Plaintiffs are informed, believe, and thereon allege that that Defendant Greenhaven is a California limited liability company that maintains its headquarters in Sacramento, California. Defendant Greenhaven is registered to do business in the state of California.

25. Plaintiffs are informed, believe, and thereon allege that Defendant Frontier

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

Management owns Frontier Senior Living, that Defendant Frontier Senior Living is a member of Defendant Greenhaven, and that Defendants Frontier Management, Frontier Senior Living, and Greenhaven all share at least one member or manager and all share the same primary place of business.

26.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

27.     Plaintiffs are informed, believe, and thereon allege that Defendants maintain a chain of retirement and assisted living communities throughout the United States, including in California, Washington, Oregon, and Illinois. Plaintiff is informed, believes, and thereon alleges that Defendants employ hourly, non-exempt employees throughout the United States, including in California, Washington, Oregon, and Illinois.

28.     Plaintiffs are informed and believe that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants Frontier Management, Frontier Senior Living, and Greenhaven, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

29.     Plaintiffs are informed, believes, and thereon allege that Defendant Frontier Management directly controls the operations of its agents, Defendants Frontier Senior Living and Greenhaven.   Plaintiffs are informed, believe, and thereon allege that Defendants Frontier Management, Frontier Senior Living, and Greenhaven jointly exercised control over Plaintiffs and Class and Collective members with respect to their employment.

30.     As employers of Plaintiffs and the Class and Collective members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for back pay, penalties, and other economic damages owed to Plaintiffs and the Class and Collective members.

31.     Throughout this Complaint, any reference to "Defendant" or "Defendants" is intended

1    to refer to Defendants Frontier Management, Frontier Senior Living, and Greenhaven jointly.

2        32.    Plaintiffs and Class and Collective members were and are employees of Defendants

3    within the meaning of 29 U.S.C. § 203(e).

4        33.    At all material times, Defendants have been an enterprise in commerce or in the

5    production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because

6    Defendants have had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

7        34.    Plaintiffs are informed, believe, and thereon allege that Defendants have had, and

8    continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the

9    statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

10       35.    At all material times, Defendants have been an employer within the meaning of the

11   FLSA under 29 U.S.C. § 203(d).

12       36.    In addition to Plaintiffs, Defendants have employed numerous other employees who,

13   like Plaintiff, are hourly, non-exempt employees engaged in interstate commerce.   Further,

14   Defendants are engaged in interstate commerce since they order supplies across state lines, conduct

15   business deals with merchants across state lines, and process patient credit cards with banks in other

16   states.

17       37.    At all material times, Plaintiffs and Collective and Class members were employees who

18   engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

19       38.    At all material times, Defendants have done business under the laws of California, have

20   had places of business in California, including in this judicial district, and have employed Class

21   members in this judicial district.   Defendants are a "person" as defined in Labor Code § 18 and

22   Business and Professions Code § 17201.   At all relevant times, Defendants have been Plaintiffs'

23   "employer" within the meaning of the FLSA, California, Washington, Oregon, and Illinois.

24                                    **FACTUAL ALLEGATIONS**

25       39.    Defendants operate a chain of retirement and assisted living communities throughout

26   the United States and California, including Greenhaven, which is located in Sacramento, California.

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

40.     Plaintiff Wright worked at Greenhaven as a Medication Technician from April 12, 2018 until March 15, 2019.  He was paid at an hourly rate of $14.50 and regularly worked in excess of eight hours a day and forty hours per week, usually working approximately 44 to 46 hours per week.

41.     Plaintiff Stanley worked for Defendants in Portland, Oregon as a Lead Medical Technician and Caregiver from approximately December 2018 until September 2019.  She was paid at an hourly rate of $15.00 and regularly worked in excess of eight hours a day and forty hours per week, usually working approximately 43 to 45 hours per week.

42.     Plaintiff Quam worked for Defendants in Bellingham, Washington as a Caregiver from approximately September 2017 until December 2018. She was paid at an hourly rate of $12.00 and regularly worked in excess of eight hours a day and forty hours per week, usually working approximately 40 to 60 hours per week.

43.     Plaintiff Lewis worked for Defendants in Granite City, Illinois as a Caregiver from approximately July 2017 until October 2017.  She was paid at an hourly rate of $10.00 and regularly worked in excess of eight hours a day and forty hours per week, usually working approximately 44 to 50 hours per week.

44.     As a matter of policy, Defendants require Plaintiffs, Class, and Collective members to remain on duty during their scheduled shifts, including during rest breaks and while clocked out for meal periods.  Defendants do not compensate these employees for work performed while clocked out for meal periods.

45.     Specifically, Defendants require Plaintiffs, Class, and Collective members to carry communication devices, including personal cellphones, radios, and pagers, with them at all times. Defendants require them to carry these devices so that Plaintiffs and Class and Collective members can be reached at all times throughout the day to handle issues concerning their patients and facility personnel.  Defendants have a policy and/or practice that Class and Collective members must keep

these communication devices, namely walkie-talkies, on during meal and rest breaks, in order to be continuously available. Defendants require these employees to respond to calls during this time, regardless of whether they are taking a meal or rest break. Plaintiffs are informed, believe, and thereon allege that this policy and practice applies to all hourly-paid, non-exempt staff.

46.     As a result of these policies, Defendants deny Plaintiffs and Class and Collective members meal and rest periods to which they are statutorily entitled, as well as the overtime premiums resulting from the additional off-the-clock work performed during meal breaks.

47.     Despite these recurring violations, Defendants do not provide Plaintiffs and Class and Collective members premium pay for missed breaks and meal periods.

48.     Plaintiffs and Class and Collective members are also regularly required to work off-the-clock, time which Defendants neither record nor compensate them for. Defendants require Class and Collective members to perform a number of duties off the clock, including filling out paperwork, waiting for other employees to relieve them of their posts, or help other employees with a number of tasks, such as transferring residents, after clocking out for the day. These tasks would take Class and Collective members anywhere from ten minutes to 1 hour per shift to complete.  Defendants did not compensate Class and Collective members for this time worked.

49.     Defendants required Plaintiffs and Class and Collective members to work additional time off the clock, which Defendants neither record nor compensate them for.  For example, Defendants require Plaintiff Wright and California Class members to use a timeclock that encounters technical difficulties 2 to 3 times per pay period. These technical difficulties prevent employees from logging their work hours. Defendants do not account for this off-the-clock work when compensating Plaintiff Wright and California Class members, resulting in widespread under-compensation.  As a result, Defendants failed to record or compensate each California Class member for approximately 8 to 12 hours of off-the-clock work for each pay period.  Although Defendants' management staff is aware of the timeclock issues, which Plaintiff Wright reported multiple times, Defendants refuse to remedy this issue.  Plaintiff is informed, believes, and thereon alleges that this same timekeeping

system is used across Defendants' facilities, including in California.

50.     As another example, Defendants require Plaintiff Stanley and Illinois Class members to arrive at work ten to fifteen minutes prior to clocking in for their shifts.  Defendants neither record nor compensate Plaintiff Stanley and Illinois Class members for this time worked.

51.     Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Collective and Class members. In particular, Defendants have failed to record hours that Plaintiffs and Collective and Class members worked during missed meal breaks as well as hours worked off the clock.

52.     Defendants also engage in a policy and/or practice of rounding time worked by Plaintiffs, Class, and Collective members to the detriment of Plaintiffs, Class, and Collective members. Specifically, Defendants typically round down time worked by Plaintiffs, Class, and Collective members to the nearest fifth-minute. Ultimately, this rounding policy and/or practice results in the underpayment of wages to the Plaintiffs, Class, and Collective members.

53.     Defendants' failure to record all hours worked also results in a failure to provide Class members, including Plaintiffs, accurate itemized wage statements as required by state and federal law. The wage statements Defendant provides are not accurate because they do not reflect the actual hours worked by Plaintiffs and Class members. The wage statements do not contain off-the-clock work or time that should be compensable during interruptible meal breaks. Further, the wage statements are inaccurate because they do not include premium pay for missed breaks, overtime, and work that was performed while the timeclock was out of service.

54.     Further, Defendants do not provide Class members, including Plaintiffs, with full payment of all wages owed at the end of employment. As these workers are owed for off-the-clock work, unpaid overtime, and premium pay when their employment ends, and these amounts remain unpaid under Defendants' policies and practices, Defendants fail to pay all wages due upon termination. As a consequence, Defendants are subject to waiting time penalties.

55.     Finally, Defendants do not reimburse or compensate Plaintiffs and Class members for

business expenses incurred for Defendants benefit. Plaintiffs and Class members are required to use their personal cell phones, in addition to their radios, in order to stay in constant communication with managers via phone calls and texts, especially once managers are no longer on the premises. Defendants do not reimburse or compensate Plaintiffs and Class members for these business expenses.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

56.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

57.     Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective of individuals:

> All current and former hourly, non-exempt employees of Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living, in the United States during the time period from March 13, 2017 until the resolution of this action.

58.     Defendants have not compensated these employees for all hours worked, including minimum wage and overtime compensation for all hours worked over 40 hours per week.

59.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the Collective members.

60.     Plaintiffs are informed, believe, and thereon allege that that Collective members have been denied compensation, including overtime compensation for time worked "off-the-clock," and would therefore likely join this collective action if provided a notice of their rights to do so.

61.     Plaintiffs and the Collective members are similarly situated. Defendants subjected Collective members, like Plaintiffs, to Defendants' common practices, policies, or plans of refusing to pay overtime for all work performed in clear violation of the FLSA. Other hourly, non-exempt employees work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek. Other hourly,

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

non-exempt employees also performed compensable work while "off-the-clock" which, when included with their recorded hours, results in additional overtime hours worked that were not compensated at the rate of one and one-half times their regular hourly in violation of the FLSA.

62.     Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty as a result of meal breaks that were interrupted due to work demands and "off-the-clock" work.

63.     Collective members perform or have performed the same or similar work as Plaintiffs.

64.     Collective members regularly work or have worked in excess of forty hours during a workweek.

65.     Collective members are not exempt from receiving overtime compensation under the FLSA.

66.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

67.     This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

       a.  Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiffs and Collective members;

       b.  Defendants maintained common timekeeping systems and policies with respect to Plaintiffs and Collective members; and

       c.  Defendants maintained common payroll systems and policies with respect to Plaintiffs and Collective members, controlled the payroll systems and policies

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

applied to Plaintiffs and Collective members, and set the pay rates assigned to Plaintiffs and Collective members.

68.     Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

69.     Plaintiffs and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not recording or paying Plaintiffs and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock." These unpaid hours are typically worked in excess of 40 hours per week, and therefore the failure to track these hours results in a violation of the FLSA.

70.     Plaintiffs estimate the Collective, including both current and former employees over the relevant time period, will include upwards of 500 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records.

## RULE 23 CLASS ALLEGATIONS

71.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

72.     Plaintiff Wright brings this case as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  The Class that Plaintiff Wright seeks to represent is defined as follows:

> All current and former non-exempt employees, employed by Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living in California during the time

1    period from September 6, 2015 until the resolution of this action (the "California Class").

2    73.    Plaintiff Quam brings this case as a class action on behalf of herself and all others

3    similarly situated pursuant to Federal Rule of Civil Procedure 23.  The Class that Plaintiff Quam

4    seeks to represent is defined as follows:

5
6            All current and former non-exempt employees, employed by Frontier
             Management LLC and Frontier Senior Living, LLC in Washington during
             the time period from July 8, 2017 until the resolution of this action (the
7            "Washington Class").

8    74.    Plaintiff Stanley brings this case as a class action on behalf of herself and all others

9    similarly situated pursuant to Federal Rule of Civil Procedure 23.  The Class that Plaintiff Stanley

10   seeks to represent is defined as follows:

11           All current and former non-exempt employees, employed by Frontier
             Management LLC and Frontier Senior Living, LLC in Oregon during the
12           time period from July 8, 2014 until the resolution of this action (the "Oregon
             Class").

13   75.    Plaintiff Lewis brings this case as a class action on behalf of herself and all others

14   similarly situated pursuant to Federal Rule of Civil Procedure 23.  The Class that Plaintiff Lewis

15   seeks to represent is defined as follows:

16
             All current and former non-exempt employees, employed by Frontier
17           Management LLC and Frontier Senior Living, LLC in Illinois during the
             time period from July 8, 2017 until the resolution of this action (the "Illinois
18           Class").

19   76.    This action has been brought and may properly be maintained as a class action under

20   Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the

21   litigation and the Class is easily ascertainable.

22           a.   **Numerosity**:  The potential members of the Classes as defined are so numerous

23   that joinder of all the members of the Class is impracticable.  Plaintiffs are informed and

24   believes that the number of Class members for each Class exceeds 500.  This volume makes

25   bringing the claims of each individual member of the class before this Court impracticable.

26   Likewise, joining each individual members of the Classes as a plaintiff in this action is

27   impracticable.  Furthermore, the identities of the Classes will be determined from Defendants'

28
                                              13
     FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
                              RELIEF AND DEMAND FOR JURY TRIAL
                *Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Classes and Defendants.

    b. **Commonality**: There are questions of law and fact common to Plaintiffs and the Classes that predominate over any questions affecting only individual members of the Classes. These common questions of law and fact include, but are not limited to:

      i. Whether Defendants fail to compensate putative California, Washington, Oregon, and Illinois Class members for all hours worked in violation of the California Labor Code and Wage Orders, the Washington's Minimum Wage Act, Revised Code of Washington ("RCW"); the Oregon Revised Statutes ("ORS"); the Oregon Administrative Rules ("OAR"); the Illinois Minimum Wage Law ("IMWL"); and the Illinois' Wage Payment and Collection Act ("IWPCA") respectively.

      ii. Whether Defendants fail to compensate putative California, Washington, Oregon, and Illinois Class members with at least minimum wage for all compensable work time in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 et seq., as well as the RCW, ORS, and IMWL respectively.

      iii. Whether Defendants fail to properly compensate putative California, Washington, Oregon, and Illinois Class members with overtime wages, at either one and one-half times or double the rate of pay, to members of the putative Classes in violation of the California Labor Code and Wage Orders, the RCW, AWHA, ORS, OAR, and IMWL respectively.

      iv. Whether Defendants fail to authorize, permit, make available, and/or provide putative California, Washington, Oregon, and Illinois Class members with compliant meal periods to which they are entitled in violation

14

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

of the California Labor Code, Wage Orders, as well as the RCW, OAR, and IWPCA respectively.

v.  Whether Defendants fail to authorize, permit, make available, and/or provide putative California, Washington, Oregon, and Illinois Class members with compliant rest periods to which they are entitled in violation of the California Labor Code and Wage Orders, the RCW, OAR, and IWPCA respectively.

vi.  Whether Defendants fail to reimburse putative California and Washington Class members for reasonable business expenses that they incur in violation of the California Labor Code and Wage Orders, as well as the RCW respectively.

vii.  Whether Defendants fail to provide putative California and Washington Class members with timely, accurate itemized wage statements in violation of the California Labor Code and Wage Orders, as well as the RCW respectively.

viii.  Whether Defendants fail to timely pay putative California, Washington, Oregon, and Illinois Class members for all wages owing upon termination of employment in violation of the California Labor Code and Wage Orders, the RCW, ORS, and IWPCA respectively.

ix.  Whether Defendant violates Business and Professions Code §§ 17200 et seq., by:

a)  failing to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation;

b)  failing to pay putative Class members minimum wage for all hours worked;

c)  failing to properly pay overtime compensation, at either one and

one-half times or double the regular rate of pay, to putative Class members;

d) failing to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods to which they are entitled;

e) failing to reimburse Class members for reasonable and necessary business expenses;

f) failing to provide putative Class members with timely, accurate itemized wage; and

g) failing to timely pay putative Class members for all wages owed upon termination of employment.

x. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the putative Class alleged herein.

c. **Typicality**: Plaintiffs' claims are typical of the claims of the Classes. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and members of the putative Classes to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Classes.

d. **Adequacy of Representation**: Plaintiffs are members of the Classes, do not have any conflicts of interest with other putative Class members and will prosecute the case vigorously on behalf of the Classes. Counsel representing Plaintiffs is competent and experienced in litigating large employment class actions, including misclassification and wage and hour class actions. Plaintiffs will fairly and adequately represent and protect the interests of the members of the putative Classes.

e. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the putative Classes is not practicable, and questions of law and fact common to the Class

predominate over any questions affecting only individual members of the Classes.  Each member of the putative Classes have been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible.  Individualized litigation increases the delay and expense to all Parties and the Court.  By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

77.     In the alternative, the Classes may be certified because the prosecution of separate actions by the individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes, and, in turn, would establish incompatible standards of conduct for Defendants.

78.     Further, Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or declaratory relief with respect to the Classes as a whole.

79.     If each individual member of the Classes were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Classes with Defendants' vastly superior financial legal resources.

80.     Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

1
2

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(Against All Defendants – on Behalf of the Collective)**

3      81.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

4    herein.

5      82.     This claim is brought by Plaintiffs Wright, Stanley, Quam, and Lewis on behalf of the

6    Collective against Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH

7    Senior Living, LLC dba Greenhaven Estates Assisted Living.

8      83.     The FLSA requires that covered employees receive compensation for all hours worked

9    and overtime compensation of not less than one and one-half times the regular rate of pay for all

10   hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206(a)(1), 207(a)(1).

11     84.     At all times material herein, Plaintiffs and the Collective are covered employees

12   entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and

13   207(a).

14     85.     Defendants are covered employers required to comply with the FLSA's mandates.

15     86.     Defendants have violated the FLSA with respect to Plaintiffs and the Collective, by,

16   *inter alia*, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect

17   to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum

18   wage.  Defendants have also violated the FLSA by failing to keep required, accurate records of all

19   hours worked by Plaintiffs and the Collective.  29 U.S.C. § 211(c).

20     87.     Plaintiffs and the Collective are victims of a uniform and company-wide compensation

21   policy that has been applied to current and former non-exempt, hourly employees of Defendants,

22   working throughout the United States.

23     88.     Plaintiffs and the Collective are entitled to damages equal to the mandated pay,

24   including minimum wage, straight time, and overtime premium pay within the three years preceding

25   the filing of the complaint, plus periods of equitable tolling, because Defendants have acted willfully

26   and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

27

28

89.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

90.     Pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiffs and the Collective as a result of the Defendants' violations of the FLSA.  Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

91.     Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Pursuant to California Labor Code § 1194**
**(Against All Defendants – on Behalf of the California Class)**

92.     Plaintiffs re-allege and incorporates the foregoing paragraphs as though fully set forth herein.

93.     This claim is brought by Plaintiff Wright on behalf of the California Class against Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

94.     Defendants fail to compensate Plaintiff and putative Class members with at least the minimum wage for all hours worked or spent in Defendant's control because Plaintiff and the putative Class members are paid at rates at or just above the applicable California minimum, and when the required premium payments for missed breaks, wages for off-the-clock work, unpaid wages due to Defendants' rounding policies and practices, and overtime wages are factored in, the actual rate of pay often drops below the applicable California minimum.

95.     Defendants have maintained policies and procedures which created a working environment where Plaintiff and Class members are routinely compensated at a rate that is less than the statutory minimum wage.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

96.     During the applicable statutory period, Labor Code §§1182.11, 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendant's employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of ten dollars ($10.00) per hour commencing January 1, 2016.

97.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

98.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

99.     Because of Defendant's policies and practices with regard to compensating Plaintiff and Class members, Defendants have failed to pay minimum wages as required by law.  Plaintiff and Class members frequently perform work for which they are compensated below the statutory minimum, as determined by the IWC.

100.    Labor Code §1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

101.    California law further requires that employers pay their employees for all hours worked at the statutory or agreed upon rate.  No part of the rate may be used as a credit against a minimum wage obligation.

102.    By failing to maintain adequate time records as required by Labor Code §1174(d) and IWC Wage Order 4-2001(7), Defendants have made it difficult to calculate the minimum wage compensation due to Plaintiff and Class members.

103.   As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

104.   Wherefore, Plaintiff and the putative California Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**Pursuant to California Labor Code § 510**
**(Against All Defendants – on Behalf of the California Class)**

105.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

106.   This claim is brought by Plaintiff Wright on behalf of the California Class against Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

107.   Defendants do not compensate Plaintiff and Class members with appropriate overtime, including time and half and double time, as required by California law.

108.   Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

109.   The IWC Wage Order 4-2001(3)(A)(1) states:

> [E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay

for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

. . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek[.] …

110.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

111.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

112.    Defendants often require Plaintiff and Class members to work in excess of eight hours per day.  Defendants do not compensate Plaintiff and Class members at an overtime rate for hours in excess of eight hours each day or in excess of forty in each week, nor does Defendants compensate Plaintiff and Class members at a double time rate for hours in excess of twelve each day or in excess of eight on the seventh consecutive day.

113.    Plaintiff and Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Order, and other applicable law.

114.    Defendants have knowingly and willfully refused to properly compensate Plaintiff and the Class for overtime work.  As a proximate result of the aforementioned violations, Defendants

have damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

115.    Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

116.    Wherefore, Plaintiff and the putative California Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Failure to Authorize and Permit, Provide and/or Make Available Meal and Rest Periods Pursuant to California Labor Code §§ 226.7 and 512
### (Against All Defendants – on Behalf of the California Class)

117.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

118.    This claim is brought by Plaintiff Wright on behalf of the California Class against Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

119.    Defendants require Plaintiff and Class members to respond to calls at all times during their shifts, even if this means cutting breaks short or not being relieved for breaks at all.  Defendants also engage in rounding policies and practices that result in the underpayment.

120.    Defendants do not pay Plaintiff and Class members one hour of premium pay for the missed meal and rest breaks.

121.    Labor Code §§ 226.7 and 512 and the applicable Wage Order requires Defendants to authorize and permit meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the Wage Order prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Section 226.7 and the applicable Wage Order also require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and

to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

122.    Under § 226.7(b) and the applicable Wage Order, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

123.    Despite these requirements, Defendants knowingly and willfully refuse to perform their obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to take the off-duty meal and rest periods to which they are entitled.  Defendants also fail to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest periods that they are denied. Defendants' conduct described herein violates Labor Code §§ 226.7 and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

124.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

125.    Wherefore, Plaintiff and the putative California Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**Pursuant to California Labor Code §§ 200, 204, 1194, and 1198**
**(Against All Defendants – on Behalf of the California Class)**

126.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

127.    This claim is brought by Plaintiff Wright on behalf of the California Class against

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

128.   Plaintiff alleges that Defendants willfully engaged and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in Defendants' control.

129.   Defendants regularly require Plaintiff and putative Class members to perform uncompensated off-the-clock work. Detailed above, Defendants require Plaintiff and putative Class members to clock out for meal breaks but then require, suffer, and/or permit them to work through these meal breaks.

130.   Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

131.   Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

132.   Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

133.   Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

134.   IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so…."

135.   In violation of California law, Defendants knowingly and willfully refuse to perform its obligation to provide Plaintiff and putative Class members with compensation for all time worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and

25

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

willfully, and in conscious disregard of Plaintiff's and putative Class members' rights. Plaintiff and putative Class members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

136.  As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

137.  Wherefore, Plaintiff and the putative California Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to California Labor Code § 226**
**(Against All Defendants – on Behalf of the California Class)**

138.  Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

139.  This claim is brought by Plaintiff Wright on behalf of the California Class against Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

140.  Defendants do not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

141.  Labor Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates

1   in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

2   142.   The IWC Wage Order also establishes this requirement.  (See IWC Wage Order 4-
3   2001(7)).

4   143.   Labor Code § 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

144.   Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

145.   Defendants have failed to provide timely, accurate itemized wage statements to Plaintiff and Class members in accordance with Labor Code § 226(a) and the IWC Wage Order.  The wage statements Defendants provide their employees, including Plaintiff and Class members, do not reflect the actual hours worked, actual gross wages earned, or actual net wages earned.  The wage statements are simply a record of shifts worked, and the amount earned per shift.

146.   Defendants are liable to Plaintiff and the Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

147.   Wherefore, Plaintiff and the putative California Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Waiting Time Penalties**
**Pursuant to California Labor Code §§ 201-203**
**(Against All Defendants – on Behalf of the California Class)**

148.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

149.   This claim is brought by Plaintiff Wright on behalf of the California Class against Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC

dba Greenhaven Estates Assisted Living.

150.    Defendants do not provide Class members whose employment with Defendants has ended, including Plaintiff, with their wages due at the time their employment ends as required under California law.

151.    Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

152.    Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

153.    Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

154.    Class members have left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages, including overtime and double time wages.

155.    Defendants willfully refuse and continue to refuse to pay former Class members all the wages that are due and owing them, in the form of, *inter alia*, overtime and double time pay and meal and rest period premium pay, upon the end of their employment.  As a result of Defendants' actions, Plaintiff and Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

156.    Defendants' willful failure to pay Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendants are liable to Class members for all penalties owing pursuant to Labor Code §§ 201-203.

157.    In addition, § 203 provides that an employee's wages will continue as a penalty up to

thirty days from the time the wages were due.  Therefore, Plaintiff and Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

158.   Wherefore, Plaintiff and the putative California Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Failure to Reimburse for Necessary Business Expenses**
**Pursuant to California Labor Code § 2802**
**(Against All Defendants – on Behalf of the California Class)**

159.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

160.   This claim is brought by Plaintiff Wright on behalf of the California Class against Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

161.   Defendants do not reimburse Plaintiff and Class members for necessary business expenses.

162.   Labor Code § 2802(a) provides as follows:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the direction, believed them to be lawful.

163.   Defendants require Plaintiff and Class members to use their personal mobile devices for Defendants' benefit.  Defendants does not reimburse Plaintiff or Class members for these expenses that are necessary to perform their daily work assignments.

164.   Defendants are liable to Plaintiff and Class members for the unreimbursed expenses and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

165.   As a direct and proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at time of trial.

166.    Wherefore, Plaintiff and the putative California Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Unfair Business Practices
**Pursuant to California Business and Professions Code §§ 17200, *et seq.***
**(Against All Defendants – on Behalf of the California Class)**

167.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

168.    This claim is brought by Plaintiff Wright on behalf of the California Class against Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living.

169.    Business and Professions Code §§17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

170.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

171.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

172.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business acts and practices described in this Complaint, including, but not limited to:

        a.    violations of Labor Code § 1194 and IWC Wage Order pertaining to the payment of wages;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

b.   violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

c.   violations of Labor Code §§ 1182.11, 1182.12, and 1197 and IWC wage orders pertaining to minimum wage;

d.   violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

e.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements;

f.   violations of Labor Code §§ 201-203; and

g.   violations of Labor Code § 2802.

173.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 *et seq.*

174.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq*.  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

175.   Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.   Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair, and fraudulent business acts and practices alleged above.

176.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

177.     Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated.   Plaintiff and Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

178.     Plaintiff herein takes upon himself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing them to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

179.     Wherefore, Plaintiff and the putative California Class request relief as hereinafter provided.

**TENTH CAUSE OF ACTION**
**Failure to Pay Minimum Wage**
**Pursuant to RCW 49.46.090, RCW 49.12.150**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Washington Class)**

180.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

181.     This claim is brought by Plaintiff Quam on behalf of the Washington Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

182.     As detailed above, Defendants fail to compensate Plaintiff Quam and putative Class members with at least the minimum wage for all hours worked.

183.     Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090

requires that the employer pay the employees the full amount due to such employee, less any amount actually paid to the employee, and for costs and such reasonable attorney's fees as may be allowed by the court.

184.    During the applicable statutory period, RCW 49.46.020(1)(a) was in full force and effect and required that Plaintiff and putative Class members receive the minimum wage for all hours worked at the rate of nine dollars thirty-two cents ($9.32) per hour commencing January 1, 2014, at the rate of nine dollars forty-seven cents ($9.47) per hour commencing July 1, 2015, at the rate of eleven dollars ($11.00) per hour commencing January 1, 2017, at a rate of eleven dollars and fifty cents ($11.50) per hour commencing January 1, 2018, at a rate of twelve dollars ($12.00) per hour commencing January 1, 2019, and at a rate of thirteen dollars and fifty cents ($13.50) per hour commencing January 1, 2020.

185.    Washington Administrative Code ("WAC") 296-126-002 defines hours worked as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place.

186.    RCW 49.46.090(1) provides, in relevant part:

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

187.    RCW 49.12.150 also provides:

> If any employee shall receive less than the legal minimum wage, except as hereinbefore provided in RCW 49.12.110, said employee shall be entitled to recover in a civil action the full amount of the legal minimum wage as herein provided for, together with costs and attorney's fees to be fixed by the court, notwithstanding any agreement to work for such lesser wage. In such action, however, the employer shall be credited with any wages which have been paid upon account.

188.    RCW 49.48.030 allows the court to grant reasonable attorney's fees "[i]n any action in

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

which any person is successful in recovering judgment for wages or salary owed" to him or her.

189.    Because of Defendants' policies and practices with regard to compensating Plaintiff and putative Class members, Defendants have failed to pay minimum wages as required by law. Plaintiff and putative Class members frequently perform work for which they are compensated below the statutory minimum.

190.    Plaintiff and putative Class members have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus interest thereon, attorneys' fees, and costs of suit pursuant to RCW 49.46.090 and 49.48.030.

191.    Wherefore, Plaintiff and the putative Washington Class request relief as hereinafter provided.

**ELEVENTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**Pursuant to WMWA 49.46.130**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Washington Class)**

192.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

193.    This claim is brought by Plaintiff Quam on behalf of the Washington Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

194.    As detailed above, Defendants fail to compensate Plaintiff and putative Class members with at least the minimum wage for all hours worked.

195.    Defendants do not compensate Plaintiff and putative Class members with the appropriate overtime rate for work performed in excess of forty hours per week.

196.    RCW 49.46.130(1) provides that work performed in excess of forty hours in a given week must be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee.

197.    Wages are defined in the RCW 49.46.010(7) as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible

into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

198.    All such wages are subject to Washington's overtime requirements, including those set forth above.

199.    RCW 49.46.090(1) provides, in relevant part:

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

200.    RCW 49.48.030 allows the court to grant reasonable attorney's fees "[i]n any action in which any person is successful in recovering judgment for wages or salary owed" to him or her.

201.    Defendants regularly require Plaintiff and putative Class members to work in excess of forty hours per week, but do not compensate them at an overtime rate for all of this work. Furthermore, as detailed above, Defendants routinely require Plaintiff and putative Class members to work, off the clock, which increases the amount of overtime compensation to which they are due, but do not receive.

202.    Plaintiff and putative Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the RCW, and other applicable laws of the state of Washington.

203.    Defendants have knowingly and willfully refused to perform their obligation to compensate Plaintiff and the putative Class members for all premium wages for overtime work.

204.    Plaintiff and putative Class members are entitled to recover unpaid overtime under Washington law, and they are also entitled to declaratory relief stating Defendants violated the statute, and continues to violate the statute, as described above.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

205.    Plaintiff further seeks declaratory relief stating Defendants is in violation of RCW 49.46.130 for failing to compensate putative Class members for "off-the-clock" work performed for the benefit of Defendants.

206.    Plaintiff and putative Class members who are within the applicable statute of limitations are entitled to collect the difference between the wages received that were then due and the overtime wages due in an amount to be proven at trial, together with double damages (RCW 49.52.070), attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), civil penalties (RCW 49.12.170), as well as pre- and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

207.    Wherefore, Plaintiff and the putative Washington Class request relief as hereinafter provided.

### TWELFTH CAUSE OF ACTION
**Failure to Authorize and Permit and/or Make Available Meal and Rest Breaks
Pursuant to RCW 49.12.020
(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf
of the Washington Class)**

208.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

209.    This claim is brought by Plaintiff Quam on behalf of the Washington Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

210.    As detailed above, Defendants fail to compensate Plaintiff and putative Class members with at least the minimum wage for all hours worked.

211.    RCW 49.12.010 provides:
The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

212.    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their

1  health."

2      213.    Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor "means

3  and includes the conditions of rest and meal periods" for employees.

4      214.    WAC 296-126-092 provides:

5
6      (1) Employees shall be allowed a meal period of at least thirty minutes
       which commences no less than two hours nor more than five hours from the
7      beginning of the shift. Meal periods shall be on the employer's time when
       the employee is required by the employer to remain on duty on the premises
       or at a prescribed work site in the interest of the employer.
8      (2) No employee shall be required to work more than five consecutive hours
9      without a meal period.
       (3) Employees working three or more hours longer than a normal work day
10     shall be allowed at least one thirty-minute meal period prior to or during the
       overtime period.
11     (4) Employees shall be allowed a rest period of not less than ten minutes,
12     on the employer's time, for each four hours of working time. Rest periods
       shall be scheduled as near as possible to the midpoint of the work period.
13     No employee shall be required to work more than three hours without a rest
       period.
14     (5) Where the nature of the work allows employees to take intermittent rest
       periods equivalent to ten minutes for each 4 hours worked, scheduled rest
15     periods are not required.

16     215.    In the present case, Plaintiff and putative Class members are routinely required to work

17  through rest and meal periods. When Plaintiff and putative Class members do receive a meal or rest

18  break, these breaks generally are on duty.

19     216.    By actions alleged above, Defendants have violated WAC 296-126-092.  This, in turn,

20  constitutes a violation of RCW 49.12.010 and RCW 49.12.020.

21     217.    Defendants implemented a policy and practice of either failing to provide Plaintiff and

22  putative Class members with the meal and rest breaks to which they were entitled, failing to ensure

23  those breaks were taken, failing to record missed breaks, and failing to pay for missed breaks.

24     218.    Because Plaintiff and putative Class members were not provided a meal break, were

25  not relieved of all duties during their meal breaks, and were subject to interruption during their meal

26  breaks, they did not receive continuous meal breaks in accordance with WAC 296-126-092.

27

28
                                    37
      FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
                             RELIEF AND DEMAND FOR JURY TRIAL
             *Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

219.    Because Plaintiff and putative Class members have failed to receive the meal and rest breaks to which they were entitled, ICS has violated WAC 296-126-092.

220.    Because Plaintiff and putative Class members were constantly engaged in work activities during their meal breaks in violation of WAC 296-126-092, Plaintiff and putative Class members should be additionally compensated for thirty (30) minutes each for each meal break missed. *See Pellino v. Brink's Inc.,* 164 Wn. App. 668, 688, 267 P.3d 383 (2011).

221.    Because Plaintiff and putative Class members were constantly engaged in work activities during their paid rest breaks in violation of WAC 296-126-092, Plaintiff and putative Class members should be additionally compensated for ten (10) minutes each for each rest break missed. *See Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 287 P.3d 516 (2012).

222.    Plaintiff and putative Class members are entitled to recover wages at one and one-half times their regular hourly rate for all time owed by Defendants for missed rest and meal breaks that, when added to the other hours worked in a week, exceeded 40 hours.

223.    As a result of these unlawful acts, Plaintiff and the putative Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the putative Class are entitled to the recovery of such damages, including interest thereon, civil penalties, and attorneys' fees and costs under RCW 49.48.030 and 49.12.170.

224.    Wherefore, Plaintiff and the putative Washington Class request relief as hereinafter provided.

### THIRTEENTH CAUSE OF ACTION
**Unpaid Wages On Termination**
**Pursuant to RCW 49.48.010**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Washington Class)**

225.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

226.    This claim is brought by Plaintiff Quam on behalf of the Washington Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

227.    As detailed above, Defendants fail to compensate Plaintiff and putative Class members with at least the minimum wage for all hours worked.

228.    RCW 49.48.010 provides that "[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

229.    By the actions alleged above, Defendants have violated and continues to violate the provisions of RCW 49.48.010.

230.    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employee.

231.    By the actions alleged above, Defendants have violated the provisions of RCW 49.46.090 and the Washington law by failing to pay any wage whatsoever to Plaintiff and putative Class members when they work off the clock, miss all or part of their breaks, and are deprived of correct overtime compensation.

232.    As a result of the unlawful acts of Defendants, Plaintiff and the putative Classes have been deprived of regular and overtime compensation in an amount to be determined at trial. Pursuant to RCW 49.46.090 and 49.48.030, Plaintiff and the putative Class are entitled to recover attorneys' fees and costs of suit.

233.    Wherefore, Plaintiff and the putative Washington Class request relief as hereinafter provided.

**FOURTEENTH CAUSE OF ACTION**
**Willful Refusal to Pay Wages**
**Pursuant to RCW 49.52.050**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Washington Class)**

234.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

235.    This claim is brought by Plaintiff Quam on behalf of the Washington Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

236.    As detailed above, Defendants fail to compensate Plaintiff and putative Class members with at least the minimum wage for all hours worked.

237.    RCW 49.52.050(2) provides that any employer or agent of any employer who "[w]illfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

238.    RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorney fees.

239.    An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of a bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc*. 146 Wash.2d 841, 849 (2002), quoting *Chelan Cnty. Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wash.2d 282, 300 (1987).

240.    In the present case, Defendants intentionally fail to pay all wages owed to Plaintiff and putative Class members, including minimum wage and overtime wages, by requiring Plaintiff and putative Class members to work during meal and rest periods.   Defendants knew or should have known that their employment policies violate Washington law, and their failure to pay wages owed to Plaintiff and putative Class members was "willful" under RCW 49.52.050(2).

241.    Because Defendants' failure to pay wages owed was "willful," Plaintiff and the putative Class are entitled to exemplary damages under RCW 49.52.070.

242.    Wherefore, Plaintiff and the putative Washington Class request relief as hereinafter provided.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTEENTH CAUSE OF ACTION**
**Violations of RCW 49.52.060 and WAC 296-126-028**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Washington Class)**

243.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

244.    This claim is brought by Plaintiff Quam on behalf of the Washington Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

245.    As detailed above, Defendants fail to compensate Plaintiff and putative Class members with at least the minimum wage for all hours worked.

246.    Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from employee's wages except in limited circumstances.

247.    Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); *see also* RCW 49.52.060; WAC 296-128-010(9).

248.    By the actions alleged above, Defendants have violated RCW 49.52.060 and WAC 296-126-028.

249.    As a result of the unlawful acts of Defendants, Plaintiff and the putative Class have been deprived of compensation in amounts to be determined at trial. Pursuant to RCW 49.52.060 and WAC 296-126-028, Plaintiff and the putative Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees under RCW 49.48.030 and costs.

250.    Wherefore, Plaintiff and the putative Washington Class request relief as hereinafter provided.

**SIXTEENTH CAUSE OF ACTION**
**Violation of Washington's Consumer Protection Act**
**Pursuant to RCW 19.86**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Washington Class)**

251.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

herein.

252.    This claim is brought by Plaintiff Quam on behalf of the Washington Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

253.    As detailed above, Defendants fail to compensate Plaintiff and putative Class members with at least the minimum wage for all hours worked.

254.    Defendants have engaged in unfair or deceptive acts or practices when they: (i) fail to pay Plaintiffs and putative Class members wages for off-the-clock work; (ii) prevent Plaintiffs and putative Class members from taking rest and meal breaks; (iii) fail to pay Plaintiffs and putative Class members for the periods during which their rest and meal breaks were interrupted; (iv) fail to pay Plaintiffs and putative Class members for overtime worked; (v) violate RCW 49.46.30; (vi) violate WAC 296-126-023; and (vii) violate WAC 296-126-092 and 296-125-0287.

255.    Defendants' unfair or deceptive acts or practices repeatedly occur in Defendants' trade or business, injured Plaintiff and the putative Class, and impacted the public interest because they injured other persons and had and have the capacity to injure other persons.

256.    As a direct and proximate cause of Defendants' unfair or deceptive acts or practices, Plaintiff and the putative Class have suffered actual damages, in that Plaintiff and putative Class members are wrongfully denied the payment of wages, are forced to work off the clock, and are prevented from taking rest and meal breaks.

257.    As a result of Defendants' unfair and deceptive practices, Plaintiff and the putative Class are entitled, pursuant to RCW 19.86.090, to recover treble damages, reasonable attorneys' fees, and costs.

258.    Wherefore, Plaintiff and the putative Washington Class request relief as hereinafter provided.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

**SEVENTEENTH CAUSE OF ACTION**
Failure to Pay Minimum Wages
**Pursuant to ORS 653.025 AND OAR 839-020-0030**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf**
**of the Oregon Class)**

259.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

260.    This claim is brought by Plaintiff Lewis on behalf of the Oregon Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

261.    As detailed above, Defendants fail to compensate Plaintiff Lewis and putative Class members with at least the minimum wage for all hours worked.

262.    Pursuant to ORS 653.015, it is "the policy of the State of Oregon to establish minimum wage standards for workers at levels consistent with their health, efficiency and general well-being."

263.    During the applicable statutory period, ORS 653.025 was in full force and effect and required that Plaintiff and putative Class members receive the minimum wage for each hour of work time that the employees are gainfully employed at the rate of nine dollars seventy-five cents ($9.75) per hour commencing June 1, 2016, at the rate of ten dollars twenty-five cents ($10.25) per hour commencing July 1, 2017, at the rate of ten dollars seventy-five cents ($10.75) per hour commencing July 1, 2018, at a rate of eleven dollars and twenty-five cents ($11.25) per hour commencing July 1, 2019, and at a rate of twelve dollars ($12.00) per hour commencing July 1, 2020.

264.    ORS 653.010 defines work time worked as "both time worked and time of authorized attendance."

265.    ORS 653.055(1) provides, in relevant part:

> Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 (Definitions for ORS 653.010 to 653.261) to 653.261 (Minimum employment conditions) is liable to the employee affected:
>     (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and

1

(b) For civil penalties provided in ORS 652.150 (Penalty wage for failure to pay wages on termination of employment).

2

266.     Pursuant to ORS 12.080, a six-year statute of limitations is applied for liability of

3

unpaid regular wages. *See, e.g., Makaneole v. Solarworld Indus. Am., Inc*., No. 3:14-CV-1528-PK,

4

2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), *report and recommendation adopted*, No. 3:14-

5

CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid regular

6

wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS 12.080(1)).

7

267.     ORS 652.150(1) states that, "if an employer willfully fails to pay any wages or

8

compensation of any employee whose employment ceases, as provided in ORS 652.140 . . . , then,

9

as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the

10

due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is

11

commenced. *See* ORS 652.150(1). Penalty wages are not to continue for more than 30 days from the

12

due date. *See* ORS 652.150(1)(a).

13

268.     Pursuant to ORS 12.100(2), "the limitations period applicable to claims for penalties

14

arising out of the failure to pay minimum wages is three years." *Gessele v. Jack in the Box, Inc*., 427

15

F. Supp. 3d 1276, 1326 (D. Or. 2019) (citing *Russell v. U. S. Bank Nat'l Ass'n*, 246 Or. App. 74, 77,

16

265 P.3d 1, 2 (2011)).

17

269.     Defendants' failure to make payment of Plaintiff's and putative Class members' final

18

wages when due was willful and continued for not less than 30 days.

19

270.     ORS 653.055(4) allows the court to grant reasonable attorney's fees "to the prevailing

20

party in any action brought by an employee under this section."

21

271.     Because of Defendants' policies and practices with regard to compensating Plaintiff

22

and putative Class members, Defendants have failed to pay minimum wages as required by law.

23

Plaintiff and putative Class members frequently perform work for which they are compensated below

24

the statutory minimum.

25

272.     Because of Defendant's failure to make payment of final wages when due, Plaintiff is

26

due statutory penalty wages of not less than one hundred percent, pursuant to ORS 652.150, for the

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

continuation of Plaintiff's unpaid final wages for not less than 30 days. Likewise, putative Class members who ended their employment but were not fully compensated their total wages due and owing are likewise due statutory penalty wages pursuant to ORS 652.150.

273.    Because of Defendant's failure to pay Plaintiff's and putative Class members' wages within the time required by law, Plaintiff and putative Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 653.055(4) and ORS 652.200.

274.    Plaintiff and putative Class members who are within the applicable six-year statute of limitations seek statutory wages pursuant to ORS 653.055; plus costs, disbursements and attorney fees pursuant to ORS 653.055(4) and ORS 652.200; plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

275.    Plaintiff and putative Class members who are within the applicable three-year statute of limitations also seek civil penalties pursuant to ORS 653.055 and ORS 12.100(2).

276.    Wherefore, Plaintiff and the putative Oregon Class request relief as hereinafter provided.

**EIGHTEENTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**Pursuant to ORS 653.261 AND OAR 839-020-0030**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Oregon Class)**

277.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

278.    This claim is brought by Plaintiff Lewis on behalf of the Oregon Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

279.    Pursuant to ORS 653.261, Defendants were required to pay Plaintiff and Oregon Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

280.    Plaintiff and putative Class members are entitled to recover unpaid overtime under Oregon law, and Plaintiff and putative Class members are also entitled to declaratory relief stating

Defendants violated the statute, and continue to violate the statute, by incorporating and continuing to utilize the automatic time deduction policy as described above.

281.    Plaintiff and putative Class members are further entitled to recover unpaid overtime for time worked "off-the-clock" that went uncompensated. Plaintiff and putative Class members further seek declaratory relief stating Defendants are in violation of ORS 653.261 and OAR 839-020-0030 for failing to compensate Plaintiff for "off-the-clock" work performed for the benefit of Defendants.

282.    Plaintiff and putative Class members who are within the applicable two-year statute of limitations are entitled to collect the difference between wages received then due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. See ORS 652.200; ORS 82.010.

283.    Wherefore, Plaintiff and the putative Oregon Class request relief as hereinafter provided.

## NINETEENTH CAUSE OF ACTION
### Unlawful Deductions from Wages
### Pursuant to ORS 652.610
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Oregon Class)**

284.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

285.    This claim is brought by Plaintiff Lewis on behalf of the Oregon Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

286.    Defendants deducted wages from Plaintiff and putative Class members for unidentified deductions, namely for deducting wages in the form of failing to compensate Plaintiff and putative Class members for "off-the-clock" work performed. Said withholdings were unauthorized and in violation of ORS 652.610.

287.    As a result of Defendants' wrongful withholdings, Plaintiff and putative Class members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant

to ORS 652.615. Defendants are liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS 12.080(1).

288.     Because of Defendants' failure to pay Plaintiff's and putative Class members' wages within 48 hours after they were due, Plaintiff and putative Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 652.200.

289.     Because of Defendants' wrongful withholding from Plaintiff's and putative Class members' wages,  Plaintiff and putative Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

290.     Wherefore, Plaintiff and the putative Oregon Class request relief as hereinafter provided.

**TWENTIETH CAUSE OF ACTION**
**Failure to Pay All Wages Due Upon Separation of Employment**
**Pursuant to ORS 652.140**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Oregon Class)**

291.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

292.     This claim is brought by Plaintiff Lewis on behalf of the Oregon Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

293.     ORS 652.140 requires that, "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." See ORS 652.140(1).

294.     ORS 652.140 further requires that individuals who provide at least 48 hours' notice of an intent to quit must immediately be paid all wages earned and unpaid at the time their resignation becomes effective. If the employee quits within less than 48 hours' notice, the employer must pay all wages earned and unpaid within five days. Plaintiff provided four days' notice of her intent to

leave CVH's employment.

295.    ORS 652.150 states that, "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140 . . . , then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. See ORS 652.150(1). Penalty wages are not to continue for more than 30 days from the due date. See ORS 652.150(1)(a).

296.    Pursuant to ORS 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages. *See, e.g., Makaneole v. Solarworld Indus. Am., Inc*., No. 3:14-CV-1528-PK, 2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), *report and recommendation adopted*, No. 3:14-CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid regular wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS 12.080(1)).

297.    As described above, Defendants enacted a policy that deprived Plaintiff and putative Class members compensation for all hours worked, including automatic time deductions and work duties performed "off-the-clock." As a result, Defendants failed to pay Plaintiff and putative Class members all wages due and owing after separation from employment in violation of ORS 652.140.

298.    In failing to pay all wages due upon separation of employment, Defendants acted as a free agent, determined its own actions, was not responsible to, nor coerced by any other person, entity or authority. Defendants knew that Plaintiff and putative Class members had ended and possessed information regarding the hours worked and amount of wages due Plaintiff and putative Class members at the date of termination. Defendants were capable of paying all wages earned and due at termination.

299.    Defendants' failure to make payment of Plaintiff's and putative Class members' final wages when due was willful and continued for not less than 30 days.

300.    Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than one hundred percent, pursuant to ORS 652.150, for the

continuation of Plaintiff's unpaid final wages for not less than 30 days. Likewise, putative Class members who ended their employment but were not fully compensated their total wages due and owing are likewise due statutory penalty wages pursuant to ORS 652.150.

301.    Because of Defendant's failure to pay Plaintiff's and putative Class members' wages within the time required by law, Plaintiff and putative Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 652.200.

302.    Plaintiff and putative Class members seek statutory wages pursuant to ORS 652.150; plus costs, disbursements and attorney fees pursuant to ORS 652.200; plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

303.    Wherefore, Plaintiff and the putative Oregon Class request relief as hereinafter provided.

**TWENTY-FIRST CAUSE OF ACTION**
**Meal Break Violations**
**Pursuant to OAR 839-020-0050**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Oregon Class)**

304.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

305.    This claim is brought by Plaintiff Lewis on behalf of the Oregon Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

306.    Pursuant to OAR 839-020-0050, employees who have worked at least six hours are entitled to a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. See OAR 839-020-0050(2)(a). Except as otherwise provided in the rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period. See OAR 839-020-0050(2)(b).

307.    Defendant implemented a policy that automatically rounds time worked from Plaintiff's and putative Class members' time for each shift worked, to the detriment of Plaintiff and putative Class members.

308. Because Plaintiff and putative Class members' meal breaks were subject to interruption, were on duty, were not continuous, and were not relieved of all duties during the break, Defendant's automatic time deduction for meal periods was and is in violation of OAR 839-020-0050, and Plaintiff and putative Class members should be reimbursed for back wages for the entire 30 minutes from each work day.

309. Plaintiff is entitled to declaratory relief that Defendant's past and ongoing automatic time deduction policy violated and is in violation of the Oregon meal break requirements.

310. Plaintiff and putative Class members are entitled to recover unpaid wages at their regular hourly rate for the minutes that were automatically deducted by Defendants for each work period where that deduction took place. Pursuant to ORS 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages.

311. Defendants' violation of the Oregon meal break rules was willful, as that term is used in ORS 652.150. Defendants' violation was willful because the automatic time deduction policy was implemented purposefully and was not the product of inadvertence. Defendants had, or reasonably should have had, a level of awareness of their obligation to pay Plaintiff and putative Class members such that Defendants' failure to pay was "willful."

312. Because of Defendants' failure to pay Plaintiff's and putative Class members' wages within 48 hours after they were due, Plaintiff and putative Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 652.200.

313. Because of Defendant's wrongful withholding from putative Class members' wages, putative Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

314. Wherefore, Plaintiff and the putative Oregon Class request relief as hereinafter provided.

1

2

3

**TWENTY-SECOND CAUSE OF ACTION**
**Declaratory Relief for Rest Period Violations**
**Pursuant to OAR 839-020-0050(6)**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf**
**of the Oregon Class)**

4      315.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

5    herein.

6      316.    This claim is brought by Plaintiff Lewis on behalf of the Oregon Class against

7    Defendants Frontier Management LLC and Frontier Senior Living, LLC.

8      317.    Pursuant to OAR 839-020-0050, every employer is required to provide each employee,

9    for each segment of four hours or major pay thereof worked in a work period, a rest period of not

10   less than ten continuous minutes during which the employee is relieved of all duties, without

11   deduction from the employee's pay. OAR 839-020-0050(6)(a).

12     318.    Plaintiff and putative Class members generally worked shifts lasting over hours per

13   shift.  Accordingly, Plaintiff and putative Class members were entitled to at least two separate rest

14   periods lasting 10 minutes each during which Plaintiff and putative Class members should have been

15   relieved of all duties. As discussed above, Plaintiff and putative Class members are subject to

16   interruption and are consistently denied requisite rest periods.

17     319.    Plaintiff and putative Class members are entitled to declaratory relief finding that

18   Defendant is in violation of the rest break requirements provided by Oregon law.

19     320.    Wherefore, Plaintiff and the putative Oregon Class request relief as hereinafter

20   provided.

21

22

23

**TWENTY-THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wage**
**Pursuant to 820 ILCS § 105/4**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf**
**of the Illinois Class)**

24     321.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

25   herein.

26     322.    This claim is brought by Plaintiff Stanley on behalf of the Illinois Class against

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

1   Defendants Frontier Management LLC and Frontier Senior Living, LLC.

2      323.   As detailed above, Defendants fails to compensate Plaintiff and putative Class

3   members with at least the minimum wage for all hours worked.

4      324.   During the applicable statutory period, the IMWL, 820 ILCS § 105/4(a)(1), was in full

5   force and effect and required that Plaintiff and putative Class members receive the minimum wage

6   for all hours worked at the rate of eight dollars twenty-five cents ($8.25) per hour commencing July

7   1, 2010, at the rate of nine dollars twenty-five cents ($9.25) per hour commencing January 1, 2020,

8   and at the rate of ten dollars ($10.00) per hour commencing July 1, 2020.

9      325.   Plaintiff and putative Class members were directed to work by Defendants and, in fact,

10  did work but were not compensated at least at the Illinois minimum wage rate for all time worked.

11  Pursuant to 820 § ILCS 105/4, Plaintiff and putative Class members are entitled to be compensated

12  at least at the applicable Illinois-mandated minimum wage rate for all time worked.

13     326.   Pursuant to 820 ILCS § 105/12(a), Plaintiff and the putative Class members are entitled

14  to recover unpaid minimum wages for three years prior to the filing of this suit, plus punitive damages

15  in the amount of two percent (2%) per month of the amount of underpayments.

16     327.   Pursuant to 815 ILCS § 205/2, Plaintiff and the putative Class members are entitled to

17  recover prejudgment interest on minimum wage underpayments.

18     328.   Pursuant to 820 ILCS § 105/12(a), Plaintiff and the putative Class members are entitled

19  to recover reasonable attorneys' fees and costs for their IMWL minimum wage claims.

20     329.   Because of Defendants' policies and practices with regard to compensating Plaintiff

21  and putative Class members, Defendants have willfully failed to pay minimum wages as required by

22  law. The off-the-clock work—including but not limited to work during meal periods that have been

23  deducted from the nominal hours worked—contributes to the actual hours worked by Plaintiff and

24  putative Class members. Moreover, Defendants regularly require Plaintiff and putative Class

25  members to pay out-of-pocket for work expenses including but not limited to personal cellphone

26  bills, and fail to fully reimburse Plaintiff and putative Class members for these expenses, if at all.

27

28
FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

When the remuneration received by Plaintiff and putative Class members is reduced by unreimbursed out-of-pocket expenses, and then divided by the actual hours worked, Plaintiff and putative Class members are frequently compensated below the statutory minimum.

330.   Plaintiff and putative Class members have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus statutory damages, interest thereon, attorneys' fees, and costs of suit pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2.

331.   Wherefore, Plaintiff and the putative Illinois Class request relief as hereinafter provided.

## TWENTY-FOURTH CAUSE OF ACTION
### Failure to Pay Overtime Wages
### Pursuant to 820 ILCS § 105/4a
### (Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Illinois Class)

332.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

333.   This claim is brought by Plaintiff Stanley on behalf of the Illinois Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

334.   Defendants do not compensate Plaintiff and putative Class members with the appropriate overtime rate for work performed in excess of forty hours per week.

335.   820 ILCS § 105/4a provides that work performed in excess of forty hours in a given week must be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee.

336.   820 ILCS § 115/2 provides as follows:

> For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation.

337.     All such wages are subject to Illinois' overtime requirements, including those set forth above.

338.     820 ILCS § 115/3 provides that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period."

339.     820 ILCS § 115/4 provides as follows:

> All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned. All wages paid on a daily basis shall be paid insofar as possible on the same day as the wages were earned, or not later in any event than 24 hours after the day on which the wages were earned. Wages of executive, administrative and professional employees, as defined in the Federal Fair Labor Standards Act of 1938, may be paid on or before 21 calendar days after the period during which they are earned.

340.     Pursuant to 820 ILCS § 105/12(a), Plaintiff and the putative Class members are entitled to recover unpaid overtime wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

341.     Pursuant to 815 ILCS § 205/2, Plaintiff and the putative Class members are entitled to recover prejudgment interest on overtime wage underpayments.

342.     Pursuant to 820 ILCS § 105/12(a), Plaintiff and the putative Class members are entitled to recover reasonable attorneys' fees and costs for their IMWL overtime claims.

343.     Because of Defendants' policies and practices with regard to compensating Plaintiff and putative Class members, Defendants have willfully failed to pay overtime wages as required by law. The off-the-clock work—including but not limited to work during meal periods that have been deducted from the nominal hours worked—contributes to the actual hours worked by Plaintiff and putative Class members. The actual hours worked exceed the threshold for overtime pay. Moreover, Defendants regularly require Plaintiff and putative Class members to pay out-of-pocket for work expenses including but not limited to personal cellphone bills, and fail to fully reimburse Plaintiff and putative Class members for these expenses, if at all. When the remuneration received by Plaintiff

and putative Class members is reduced by unreimbursed out-of-pocket expenses, and then divided by the actual hours worked, Defendants fail to compensate by Plaintiff and putative Class members at the appropriate overtime rate for all of these hours.

344.    Plaintiff and putative Class members have been deprived of overtime wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus statutory damages, interest thereon, attorneys' fees, and costs of suit pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2.

345.    Wherefore, Plaintiff and the putative Illinois Class request relief as hereinafter provided.

**TWENTY-FIFTH CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**Pursuant to 820 ILCS §§ 115/3 and 115/4**
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Illinois Class)**

346.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

347.    This claim is brought by Plaintiff Stanley on behalf of the Illinois Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

348.    Defendants willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in their control.

349.    Defendants regularly schedules Plaintiff and the putative Class members to work twelve-hour shifts.  However, Defendants intentionally and willfully require Plaintiff and the putative Class members to complete additional work off-the-clock, in excess of twelve hours per day.  For example, Defendants automatically deduct thirty minutes for time spent taking meal. However, Plaintiff and putative Class members routinely work through this meal period and are not compensated for that work.  As a result, Defendants fail to pay Plaintiff and the putative Class members for all hours worked and fail to track their actual hours worked.

350.    820 ILCS § 115/2 provides as follows:

For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation.

351.    820 ILCS § 115/3 provides that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period."

352.    820 ILCS § 115/4 provides as follows:

All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned. All wages paid on a daily basis shall be paid insofar as possible on the same day as the wages were earned, or not later in any event than 24 hours after the day on which the wages were earned. Wages of executive, administrative and professional employees, as defined in the Federal Fair Labor Standards Act of 1938, may be paid on or before 21 calendar days after the period during which they are earned.

353.    Defendants require Plaintiff and putative Class members to work off-the-clock without compensation. In other words, Plaintiff and putative Class members are forced to perform work for the benefit of Defendants without compensation.

354.    Pursuant to 820 ILCS § 105/12(a), Plaintiff and the putative Class members are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

355.    Pursuant to 815 ILCS § 205/2, Plaintiff and the putative Class members are entitled to recover prejudgment interest on wage underpayments.

356.    Pursuant to 820 ILCS § 105/12(a), Plaintiff and the putative Class members are entitled to recover reasonable attorneys' fees and costs for their unpaid wage claims.

357.    In violation of Illinois law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the putative Classes with compensation for all time worked. Defendants regularly fail to track the time they actually worked or to compensate them for hours worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein

knowingly and willfully, and in conscious disregard of the Plaintiff and the putative Class members' rights.  Plaintiff and the putative Classes are thus entitled to recover nominal, actual, statutory, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit, pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2.

358.    As a proximate result of the aforementioned violations, Plaintiff and the putative Classes have been damaged in an amount according to proof at time of trial.

359.    Wherefore, Plaintiff and the putative Illinois Class request relief as hereinafter provided.

## TWENTY-SIXTH CAUSE OF ACTION
### Unpaid Wages on Termination
### Pursuant to 820 ILCS § 115/5
### (Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Illinois Class)

360.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

361.    This claim is brought by Plaintiff Stanley on behalf of the Illinois Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

362.    Under the IWPCA, 820 ILCS § 115/5, employers must pay employees all wages to which they are entitled under the IMWL at the time of the employee's separation from employment, if possible, "but in no case later than the next regularly scheduled payday for such employee."

363.    Under the IWPCA, 820 ILCS § 115/14, any employee not timely paid final compensation by his or her employer as required by the IWPCA "shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

364.    Pursuant to 815 ILCS § 205/2, Plaintiff and the putative Class members are entitled to recover prejudgment interest for their final compensation claims.

365.     Pursuant to 820 ILCS § 820 ILCS 115/14, Plaintiff and the putative Class members are entitled to recover reasonable attorneys' fees and costs for their final compensation claims.

366.     By the actions alleged above, Defendants have violated the provisions of the IWPCA, 820 ILCS § 115/5 by failing to pay any wage whatsoever to Plaintiff and putative Class members when they work off the clock, miss all or part of their breaks, and are deprived of correct overtime compensation. Moreover, Defendants regularly require Plaintiff and putative Class members to pay out-of-pocket for work expenses including but not limited to personal cellphone bills, and fail to fully reimburse Plaintiff and putative Class members for these expenses, if at all. These amounts remain due upon the separation of employment. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the putative Class members' rights.  Plaintiff and the putative Classes are thus entitled to recover nominal, actual, statutory, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit, pursuant to 820 ILCS § 115/14 and 815 ILCS § 205/2.

367.     As a proximate result of the aforementioned violations, Plaintiff and the putative Classes have been damaged in an amount according to proof at time of trial.

368.     Wherefore, Plaintiff and the putative Illinois Class request relief as hereinafter provided.

### TWENTY-SEVENTH CAUSE OF ACTION
**Violation of Illinois Consumer Fraud and Deceptive Business Practices Act**
**Pursuant to 815 ILCS § 505/1 *et seq.***
**(Against Defendants Frontier Management LLC and Frontier Senior Living, LLC – on Behalf of the Illinois Class)**

369.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

370.     This claim is brought by Plaintiff Stanley on behalf of the Illinois Class against Defendants Frontier Management LLC and Frontier Senior Living, LLC.

371.     The Illinois Consumer Fraud and Deceptive Business Practices Act prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

372.    815 ILCS § 505/10a allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

373.    820 ILCS § 105/2 states it is the policy of the IMWL "to establish a minimum wage standard for workers at a level consistent with their health, efficiency and general well-being; to safeguard such minimum wage against the unfair competition of wage and hour standards which do not provide such adequate standards of living; and to sustain purchasing power and increase employment opportunities."

374.    820 ILCS § 105/2 further states:

> It is against public policy for an employer to pay to his employees an amount less than that fixed by [the IMWL]. Payment of any amount less than herein fixed is an unreasonable and oppressive wage, and less than sufficient to meet the minimum cost of living necessary for health. Any contract, agreement or understanding for or in relation to such unreasonable and oppressive wage for any employment covered by [the IMWL] is void.

375.    Defendants have committed acts of unfair competition as defined by the Illinois Consumer Fraud and Deceptive Business Practices Act, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.   violations of 820 ILCS §§ 105/4, 115/3 and 115/4 pertaining to payment of wages, including minimum wage, for all hours worked;

    b.   violations of 820 ILCS § 105/4a pertaining to overtime;

    c.   violations of 820 ILCS § 140/3 pertaining to meal breaks; and

    d.   violations of 820 ILCS § 115/5 pertaining to unpaid wages upon termination;

376.    The violations of these laws, as well as of the fundamental Illinois public policies protecting wages, serve as unlawful predicate acts and practices for purposes of 815 ILCS § 505/1 *et seq.*

377.    The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of 815 ILCS § 505/1 *et seq.*  Among

other things, the acts and practices have taken from Plaintiff and the putative Class members wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

378.    815 ILCS § 505/10a provides that a court "in its discretion may award actual economic damages or any other relief which the court deems proper," including injunctive relief where appropriate.

379.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the putative Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them, in an amount according to proof at time of trial.

380.    Under the Illinois Consumer Fraud and Deceptive Business Practices Act, a plaintiff may recover both compensatory and punitive damages. *See, e.g., Black v. Lovino*, 219 Ill. App. 3d 378 (1991); *Check v .Clifford Chrysler Plymouth of Buffalo Grove, Inc*., 342 Ill. App. 3d 150 (1st Dist. 2003). Plaintiff and putative Class members are entitled to an award pursuant to 815 ILCS § 505/10a for all wages and payments unlawfully withheld from employees during the three-year period prior to the filing of the Complaint in this action.  Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated.  Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, punitive damages, and all other equitable remedies owing to them.

381.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to 815 ILCS § 505/10a and otherwise.

382.    Wherefore, Plaintiff and the putative Illinois Class request relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the putative Classes and Collective they seeks to represent in this action, request the following relief:

1. For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2. For an order equitably tolling the statute of limitations for the potential members of the Collective;

3. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, California Business and Professions Code; WMWA, ORS, IMWL, IWPCA, and other laws of the States of California, Washington, Oregon, and Illinois;

4. For a declaratory judgment that Defendants have violated the FLSA, California Labor Code, ORS, and public policy as alleged herein;

5. For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200 et seq., as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

6. For a declaratory judgment that Defendants Frontier Management LLC and Frontier Senior Living, LLC have violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*., as a result of the aforementioned violations of the IMWL, IWPCA, and of Illinois public policy protecting wages;

7. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

8.  For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

9.  For an order awarding Plaintiff and the members of the Classes compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff and members of the Classes, together with interest on these amounts, according to proof;

10. For an order awarding Plaintiff and members of the Classes and Collective civil penalties pursuant to the FLSA, California Labor Code, WMWA, ORS, IMWL, IWPCA, and the laws of the States of California, Washington, Oregon, and Illinois, with interest thereon;

11. For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, WMWA, ORS, IMWL, IWPCA, and the laws of the States of California, Washington, Oregon, Illinois, and/or other applicable law;

12. For all costs of suit;

13. For such other and further relief as this Court deems just and proper.


Respectfully submitted,

Date: February 9, 2021

__/s/ Carolyn H. Cottrell_____
Carolyn H. Cottrell
Ori Edelstein
SCHNEIDER WALLACE
COTTRELL KONECKY LLP


Attorneys for Plaintiff and the Putative Class and Collective

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3

a jury.

4

Respectfully submitted,

5

Date: February 9, 2021

6

_/s/ Carolyn H. Cottrell_____

Carolyn H. Cottrell

7

Ori Edelstein

SCHNEIDER WALLACE

8

COTTRELL KONECKY LLP

9

10

Attorneys for Plaintiff and the Putative Class and

Collective

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL
*Wright, et al. v. Frontier Management LLC, et al.* , Case No. 2:19-cv-01767-JAM-CKD