BARBARA I. ANTONUCCI (SBN 209039)
bantonucci@constangy.com
SARAH K. HAMILTON (SBN 238819)
shamilton@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
601 Montgomery Street, Suite 350
San Francisco, CA  94111
Telephone: (415) 918-3000

ANTHONY SBARDELLATI (SBN 246431)
asbardellati@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA  90067
Telephone: (310) 909-7775

Attorneys for Defendants
FRONTIER MANAGEMENT LLC,
FRONTIER SENIOR LIVING, LLC, and
GH SENIOR LIVING, LLC dba GREENHAVEN
ESTATES ASSISTED LIVING

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA WRIGHT, LORETTA STANLEY, HALEY QUAM, and AIESHA LEWIS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING, LLC, and GH SENIOR LIVING, LLC dba GREENHAVEN ESTATES ASSISTED LIVING,<br><br>Defendants. | Case No.: 2:19-cv-01767-JAM-CKD<br>The Hon. John A. Mendez<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>FAC Filed: February 9, 2021<br><br>Hearing Date: May 18, 2021<br>Hearing Time: 1:30 p.m.<br>Dept: 6, 14th Floor |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' Opposition to Defendants' Motion to Dismiss fails to rebut Defendants' argument that the scarce factual allegations supporting the 27 claims set forth in the First Amended Complaint ("FAC") are *entirely* theoretical. Instead, the Opposition repeats those scant facts *ad nauseam* and asserts that they suffice to state 27 claims under the laws of five unique jurisdictions. And, as discussed below, the Opposition admits that the FAC fails to allege even one *actual* missed meal period, missed rest break, or instance of unpaid time worked, erroneously claiming that there is no need for such allegations to state a claim.[1] The Opposition also ignores the cases discussed in the Motion which explain why Plaintiffs' wage statement, consumer protection, and other derivative claims fail, and instead relies on distinguishable authorities or no law at all. For all of the reasons discussed in the Motion, and below, Defendants respectfully request that the Court dismiss the FAC in its entirety.

I. **ARGUMENT**

A. **The FAC's Four Meal and Rest Period Claims Fail.**

The Opposition acknowledges that the FAC lacks **non-theoretical** allegations supporting its four claims for violation of California, Oregon, and Washington's meal and rest period laws. (ECF 69, p. 6, lines 12-26; *see also* ECF 57 ¶ 43-47). Instead, Plaintiffs contend that the FAC alleges that the various putative classes were "on call" during their meal periods and that being required to carry communication devices during meal periods is sufficient to state a claim under California, Oregon, and Washington law "regardless of whether an interruption actually occurred or what the nature of the interruption was," which is incorrect. (ECF 69, p.6, lines 12-15; see also ECF 57 ¶ 43-47).

First, a quick review makes clear that the FAC does not expressly allege that the California, Oregon, and Washington subclasses were "on call" during their meal periods, at all. (ECF 57 ¶ 43-47) Instead, the FAC merely alleges that unspecified putative class members were required to carry and *theoretically* respond to communications received on walkie talkies during their meal periods. *Id.* Also,

---

[1] Underscoring the theoretical nature of the FAC, the Opposition argues that the FAC's few facts are all alleged on behalf of unspecified "Plaintiffs" – defined to include not only the named plaintiffs, but also all putative class members (of varied positions) and the entire FLSA collective. Such a broad argument accentuates the problem plaguing the FAC, i.e., its ambiguous allegations are so unfocused that they fail to provide Defendants with notice of the Plaintiffs' claims and the grounds upon which they rest.

while the Opposition argues that the FAC "specifically describe[s] facts surrounding what Defendants did to interfere with their breaks, including requiring Plaintiffs to carry communication devices … to respond to patient care needs during their breaks," (Opp. at 7:5-7), (1) many of the non-exempt putative class members (e.g., cooks, housekeepers, receptionists, etc.) are not involved in patient care, and (2) the allegations in the FAC are far less focused than described in the Opposition. (ECF 57 ¶ 43-47). Thus, the allegations supporting the meal and rest period claims are uncertain, leaving Defendants without adequate notice of the grounds on which they rest with respect to the putative class members. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Moreover, the FAC does not even allege that a single meal or rest period was actually interrupted as a result of this alleged policy, rendering the FAC's meal and rest period claims entirely theoretical as opposed to plausible. Without factual allegations of any *actual* meal or rest period violations supporting the FAC's meal and rest period claims, the Court should grant Defendants' Motion and dismiss the FAC's Fourth, Twelfth, Twenty-First, and Twenty-Second Causes of Action. *Chavez v. RSCR Cal., Inc*, 2019 WL 1367812 at *2 (E.D. Cal. Mar. 25, 2019) (plaintiff's "failure to plead at least one occasion on which she was impeded from taking a meal or rest break likely runs afoul of the Ninth Circuit's decision" in *Landers*); *Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016); *Krauss v. Wal-Mart, Inc.*, 2020 WL 1874072, at *1-2 (E.D. Cal. Apr. 15, 2020); *Krauss v. Wal-Mart, Inc.*, 2019 WL 6170770, at *2-3 (E.D. Cal. Nov. 20, 2019); *Morrelli v. Corizon Health, Inc.*, 2018 WL 6201950, at *3 (E.D. Cal. Nov. 28, 2018).

### B. The FAC's Fourteen Wage Claims Fail.

To state a claim for unpaid wages, the FAC "must allege at least one workweek" when Plaintiffs "worked in excess of forty hours" and were "not paid for the excess hours in that workweek, or [were] not paid minimum wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). Although the Opposition argues that *Landers* does not require such a showing, this Court has found to the contrary and dismissed unpaid wage claims on this very basis. *Krauss v. Wal-Mart, Inc.*, 2020 WL 1874072, at *1-2. In light of the controlling standard, the Court should dismiss the FAC's fourteen claims for wages because they all suffer from the same defect: they fail to include any facts explaining that any specific Plaintiff, collective member, and/or putative class member was actually not

paid any amounts for any time allegedly worked during any particular workweek. On that basis, alone, the FAC's fourteen wage claims fail. *Landers*, 771 F.3d at 646; *Krauss*, 2020 WL 1874072, at *1-2.

The wage claims fail for the additional reason that the FAC's allegations are generalized and ambiguous, rendering those claims unclear and leaving Defendants without adequate notice of the grounds upon which they rest. *Bell Atl. Corp.*, 550 U.S. at 555; *Ashcroft*, 556 U.S.at 679. Specifically, while the FAC asserts that vague, generalized issues such as alleged timeclock malfunctions and interrupted meal periods caused ambiguous "Plaintiffs" to work off the clock, those allegations are insufficiently detailed (i.e., with regard to when, how, and what Plaintiffs allege caused them to work without compensation) and are not tied to any particular plaintiff or putative class member. This problem is underscored by the Opposition's use of "Plaintiffs," which encompasses such disparate employees as a nurse providing direct care during the overnight shift in Sacramento, a cook preparing breakfast in Tigard, Oregon, and a housekeeper cleaning a facility in Naperville, Illinois. Nevertheless, Plaintiffs contend these sweeping allegations provide Defendants with adequate notice of their unpaid wage claims as to this diverse set of employees, who perform distinct tasks at different times of day and work in dissimilar environments across multiple jurisdictions. As in *Chavez*, the FAC's overly broad allegations fail to provide Defendants with "factual detail…sufficient to state a plausible claim for non-payment of [] wages" as to all of the named plaintiffs, collective members, and putative class members. *Chavez*, 2019 WL 1367812, at *3; *see also Krauss*, 2020 WL 1874072, at *2-3; *Morrelli*, 2018 WL 6201950, at *4. Fatally deficient, Defendants request that the Court dismiss these claims.

### C. <u>The Wage Statement Claim Fails.</u>

In support of the Sixth Cause of Action for violation of Labor Code Section 226, the FAC alleges only that "[t]he wage statements Defendant provides are not accurate because they do not reflect the actual hours worked by Plaintiffs and Class members. The wage statements do not contain off-the-clock work or time…" or "premium pay for missed breaks, overtime, and work that was performed while the timeclock was out of service." (ECF 57 ¶ 53). In other words, the FAC's wage statement claim is purely derivative and the FAC does ***not*** allege that the information on the wage statements differs in any way from the payments actually made to Plaintiffs. Moreover, the Opposition ignores the controlling authority on this point (cited in the Motion) and only makes the conclusory assertion that

"[b]ecause Defendants did not comply with Labor Code § 226, they are liable to Plaintiffs under this section," without citation to any supporting legal authority. (ECF 69, p. 11, lines 6-16). However, controlling California law is clear that such purely derivative allegations fail to state an independent claim for violation of Labor Code Section 226. *Naranjo v. Spectrum Sec. Srvs., Inc.*, 40 Cal. App. 5th 444, 474 (2019); *Maldonado v. Epsilon Plastics,* 22 Cal. App. 5th 1038, 1336 (2018); *See also Castro v. Wal-Mart, Inc.*, 2020 WL 4748167, *2 (E.D. Cal. Aug. 17, 2020) (applying *Maldonado*); *Krauss*, 2019 WL 6170770, at *4 (E.D. Cal. Nov. 20, 2019) (same).[2]

### D. The Illinois Consumer Fraud and Deceptive Business Practices Act Claim Fails.

The Motion explains that the FAC's Twenty-Seventh Cause of Action fails because the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFDBPA") applies to "consumers" and not "employees" as interpreted by the Seventh Circuit. *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 454 (7th Cir. 2012) (plaintiff lacked a valid ICFDBPA claim because he was an employee, not a "consumer"); *See also Deslandes v. McDonald's USA, LLC*, 2018 WL 3105955, *9 (N.D. Ill. June 25, 2018). Plaintiffs fail to explain why the ruling in *Hess* does not apply to the alleged employees in this case, present a rejected interpretation of the ICFDBPA, and admit that Plaintiffs are not consumers while asserting that the FAC somehow states a claim. Lacking legal support, this claim should be dismissed.

### E. The Washington Consumer Protection Act Claim Fails.

Plaintiffs' Opposition ignores the authority cited in the Motion which explains that wage and hour violations, alone, do not constitute violations of Washington's Consumer Protection Act ("CPA"). Nevertheless, Plaintiffs' CPA claim clearly fails. For clarity, the CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. Although the CPA does not define "unfair or deceptive," Washington courts consider an act deceptive if it has the capacity to deceive a substantial portion of the general public and it misleads or misrepresents something of material importance. *Sing v. John L. Scott, Inc.*, 134 Wash. 2d 24, 30 (1997); *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs.*, 134 Wash. App. 210, 226 (2006). The CPA does not provide a secondary enforcement mechanism for wage and hour regulations. *Aziz v. Knight*

---

[2] The FAC's other derivative claims, as well as the expense reimbursement claim, also fail for the reasons set forth in the Motion to Dismiss.

*Transp.*, 2012 WL 3596370 at *2 (W.D. Wash. Aug. 21, 2012); *Castillo v. United Rentals, Inc.*, 2018 WL 1382597 (W.D. Wash. Mar. 19, 2018).

*Castillo* is instructive. In that case, the plaintiff alleged that "wage and hour violations constitute an act or practice with the capacity to deceive substantial portions of the public." *Castillo*, 2018 WL 1382597 at *8. The court disagreed and held that plaintiff's wage and hour allegations did not demonstrate intent to "deceive a substantial portion of the public." *Id*. Here, Plaintiffs make the same argument rejected in *Castillo*. Notably, the Opposition's reliance on *Kirkpatrick v. Ironwood Commc'ns, Inc.*, 2006 WL 2381797, at *12-13 (W.D. Wash. Aug. 16, 2006) also fails to advance their case. In *Kirkpatrick*, the court observed a lack of cases involving CPA claims by employees against employers, and noted that "the paucity of authority might reflect the CPA's inapplicability to" such disputes. Since *Kirkpatrick*, Washington district courts have concluded that the CPA does not apply to wage and hour violations alone. *Aziz*, 2012 WL 3596370, at *2; *Castillo*, 2018 WL 1382597, at * 8-9.

Lastly, relying on *Klem v. Washington Mut. Bank*, 176 Wash. 2d 771 (2013), Plaintiffs argue that a violation of *any* statute is a per se violation of the CPA. That is not the law and is not a fair expression of the *Klem* court's analysis. In reality, *Klem* affirmed the holding of *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, which held that a per se violation of the CPA occurs only when a "statute that has been declared by the legislature to constitute an unfair or deceptive act in trade or commerce has been violated." 105 Wash. 2d 778 (1986). None of the wage and hour laws Plaintiffs claim Defendants violated have been so declared. Thus, the Court must dismiss this claim.

## II. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Dismiss in its entirety, and enter an Order dismissing the FAC with prejudice.

Dated: May 11, 2021        CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By: */s/ Sarah K. Hamilton*
    Barbara I. Antonucci
    Sarah K. Hamilton
    Anthony Sbardellati
    Attorneys for Defendants
    FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING, LLC, and GH SENIOR LIVING, LLC dba GREENHAVEN ESTATES ASSISTED LIVING