UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA WRIGHT, LORETTA STANLEY, HALEY QUAM, and AIESHA LEWIS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING LLC, and GH SENIOR LIVING LLC, dba GREENHAVEN ESTATES ASSISTED LIVING,<br><br>Defendants. | No. 2:19-cv-01767-JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Joshua Wright, Loretta Stanley, Haley Quam, and Aiesha Lewis ("Plaintiffs") filed this putative class action against Frontier Management LLC, Frontier Senior Living LLC, and GH Senior Living LLC (collectively, "Defendants") over several of their wage and hour policies. See First Am. Compl. ("FAC"), ECF No. 56. Currently before the Court is Defendants' motion to dismiss Plaintiffs' FAC for failing to plead sufficient facts to state plausible meal, rest period, and unpaid wage claims. See Mot. to

1

Dismiss ("Mot."), ECF No. 68. Defendants also argue that Wright's reimbursement claim fails, as do Plaintiffs' derivative claims. Id. Plaintiffs oppose the motion. See Opp'n, ECF No. 69.

For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss.[1]

## I. BACKGROUND

Defendants operate a chain of retirement and assisted living communities. FAC ¶ 39. Wright worked as a medication technician at one of the assisted living locations in California from April 12, 2018, until March 15, 2019. FAC ¶ 13. Stanley worked as a lead medical technician and caregiver at a facility in Oregon from December 2018, until September 2019. FAC ¶ 14. Quam worked as a caregiver at a facility in Washington from September 2017, until September 2018. FAC ¶ 15. Lewis worked as a caregiver at a facility in Illinois from July 2017, until October 2017. FAC ¶ 16. Plaintiffs, collectively, allege that Defendants' wage and hour practices violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. See FAC ¶¶ 81-91.

Wright, on behalf of the California class, alleges violations of several provisions of the California Labor Code and behavior amounting to unfair business practices in violation of the California Business and Professions Code. See FAC ¶¶ 92-104, 105-16, 117-25, 126-37, 138-47, 148-58, 159-66, 167-79. Quam, on

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 18, 2021.

behalf of the Washington class, alleges violations of Washington labor law and the Washington Consumer Protection Act. See FAC ¶¶ 180-91, 192-207, 208-24, 225-33, 234-42, 243-50, 251-58. Lewis, on behalf of the Oregon class, alleges a host of labor violations pursuant to Oregon law. See FAC ¶¶ 259-76, 277-83, 284-90, 291-303, 304-14, 315-20. Stanley, on behalf of the Illinois class, alleges violations of Illinois labor law, consumer fraud, and deceptive business practices. See FAC ¶¶ 321-31, 332-45, 346-59, 360-68, 369-82. Plaintiffs' state law claims are similar in that they generally allege that Defendants failed to properly compensate them and denied them several employee entitlements like meal and rest periods and accurate, itemized wage statements. See generally FAC.

Defendants move to dismiss the FAC in its entirety, arguing Plaintiffs have failed to present any specific, non-theoretical factual allegations supporting the twenty-seven claims against them. See generally Mot. Defendants argue the motion to dismiss is rife with unsupported legal conclusions. Id. Plaintiffs oppose the motion, arguing Defendants seek to inappropriately impose a heightened pleading standard on their FAC. See generally Opp'n.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts must dismiss a suit if the plaintiff fails to "state a claim upon

3

which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility standard requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At this stage, the court "must accept as true all of the allegations contained in a complaint." Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

B. Meal and Rest Break Claims

Plaintiffs' fourth, twelfth, twenty-first, and twenty-second causes of action are unpaid meal and rest break claims. See FAC ¶¶ 117-25, 208-24, 304-14, 315-20. Plaintiffs allege that Defendants require them to remain on duty during rest breaks and while clocked out for meal periods. FAC ¶ 44. Further, Defendants require them to carry communication devices—like cellphones and pagers—at all times, so that they can be reached to handle any job-related issues. FAC ¶ 45. Plaintiffs contend that this policy denies them their statutorily required meal and rest breaks. FAC ¶ 46. In addition, Plaintiffs are not compensated for any meal and rest breaks missed as a result of this policy. FAC ¶ 47.

Defendants argue that these claims must be dismissed because they are "conclusory, incomplete, and entirely theoretical." Mot. at 11-13. The Court agrees. It is not difficult to imagine a situation in which an employee has a meal

or rest break interrupted by a phone call to help with a resident of one of the assisted living facilities. However, the allegations in the FAC "stop[] short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Plaintiffs do not describe an instance in which Defendants actually interfered with one of their meal or rest breaks, alleging only that Defendants "require [them] to carry communication devices . . . with them at all times" and that Defendants "require [them] to respond to calls [] regardless of whether they are taking a meal or rest break." FAC ¶ 45. These allegations are factually lacking. The Court cannot reasonably infer that Defendants are liable for the misconduct alleged from the few and unspecific facts presented in support of the meal and rest break claims. See Iqbal, 556 U.S. at 678.

Moreover, as this Court determined in Chavez v. RSCR Cal., Inc., 2019 WL 1367812, at *2 (E.D. Cal. 2019), Plaintiffs' "failure to plead at least one occasion on which [they were] impeded from taking a meal of rest break likely runs afoul of the Ninth Circuit's decision in Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 204), as amended (Jan. 26, 2015)." See Landers, at 645-46 (holding that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week."); Bush v. Vaco Tech. Servs., LLC, 2018 WL 2047807, ay *8 (N.D. Cal. 2018) (finding the reasoning of Landers, based on the Ninth Circuit's reading

5

of Twombly and Iqbal, persuasive in determining overtime claim asserted under the California labor Code); see also Guerrero v. Halliburton Energy Servs., Inc., 2018 WL 6494296, at *6 (E.D. Cal. 2016) (collecting district court cases applying Landers standard to meal and rest period claims under the California Labor Code).

Plaintiffs argue that the FAC alleges that the putative classes were "on call" during their meal and rest periods, and that fact alone is sufficient to state a claim under California, Oregon, and Washington law, regardless of whether an interruption actually occurred. See Opp'n at 5-6. Plaintiffs are correct that, under California, Washington, and Oregon law, an employee should either not be on call during his meal or rest breaks, or else receive compensation for being on call. See Augustus v. ABM Sec. Servs., Inc., 2 Cal.5th 257, 273 (2016) (California law prohibits on-duty and on-call rest periods); White v. Salvation Army, 118 Wash.App. 272, 278 (Washington law permits on-call meal periods "provided the employee is paid."); Talarico v. Hoffman Structures, Inc., 1999 U.S. Dist. Lexis 20898, at *9 (D. Or. 1999) (Oregon law permits on-call meal breaks so long as employee is paid). But these legal conclusions have no impact on the FAC's factual deficiencies.

Plaintiffs have vaguely alleged that Defendants require them to remain on duty "during rest breaks and while clocked out for meal periods." FAC ¶ 44. The only fact that speaks to Defendants' failure to provide off-duty meal and rest breaks is Defendants' policy requiring employees to have communication devices on them at all times. FAC ¶ 46. From this, Plaintiffs

6

ask the Court to infer that they were interrupted and asked to work during their off-duty meal and rest breaks. The Court declines to do so. In this instance, there is little difference between drawing an inference and mere speculation. Thus, Plaintiffs' meal and rest break allegations fall short of plausibility.

The Court DISMISSES Plaintiffs' fourth, twelfth, twenty-first, and twenty-second causes of action for on-duty and unpaid meal and rest breaks.

C. Unpaid Wage Claims

Plaintiffs' first, second, third, fifth, tenth, eleventh, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twenty-third, twenty-fourth, and twenty fifth causes of action assert various types of unpaid wage claims. See FAC ¶¶ 81-91, 92-104, 105-16, 126-37, 180-91, 192-207, 234-42, 243-50, 259-76, 277-83, 284-90, 321-31, 332-45, 346-59. Plaintiffs allege that Defendants failed or refused to pay them minimum and overtime wages, did not pay them for all hours worked, and made unlawful deductions from their wages. Id. In support of these allegations, Plaintiffs contend:

- Employees are not paid for "work performed while clocked out for meal periods" or "missed breaks and meal periods";
- Employees are "regularly required to work off-the-clock" filling out paperwork, waiting to be relieved of their posts, helping other employees with "a number of tasks" like transferring residents, and are not compensated for that time;

7

- Wright and other California employees are prevented from logging eight to twelve hours of work per pay period because Defendants require them to use a malfunctioning timeclock;
- Stanley and other Illinois employees are required to arrive at work ten to fifteen minutes before clocking in and are not compensated for this time; and
- Defendants round down time worked by Plaintiffs to the nearest fifth minute, which results in underpayment of wages.

See FAC ¶¶ 44, 47, 48, 49, 50, 52.

Defendants argue that these claims fail because they do not include any facts specifying Plaintiffs "were not paid any specific sum for any specific amount of time allegedly worked on any specific date or during any specific pay period." Mot. at 15. In other words: The lack of specificity is key. Plaintiffs have only presented "generalized allegations." See Krauss v. Wal-Mart, Inc., 2018 WL 6170770, at *3 (E.D. Cal. 2019) (quoting Landers, 771 F.3d at 646). With regard to minimum and overtime wages, "[n]otably absent" from Plaintiffs' FAC is "any detail regarding a given workweek when [Plaintiffs] worked in excess of forty hours and [were] not paid overtime for that given workweek and/or were not paid minimum wages." Id.

Plaintiffs "[do] identify the tasks for which [they] were allegedly not paid:" filling out paperwork, waiting to be relieved, and helping other employees with certain tasks. Chavez, 2019 WL 1367812, at *3. However, as in Chavez, Plaintiffs "fail[] to provide any other factual detail regarding

8

the [unaccounted task time] sufficient to state a plausible claim for non-payment of minimum wages." Id. (citing Iqbal, 556 U.S. at 678) (noting that the "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.")). Plaintiffs are not required "to identify an exact calendar week or particular instance of denied overtime" or minimum wages, but Plaintiffs must supply allegations that "give rise to a plausible inference that there was such an instance." Tan v. GrubHub Inc., 171 F.Supp.3d 998, 1008 (N.D. Cal. 2016).

Similarly, while the FAC alleges that Wright and other California employees were required to use a malfunctioning timeclock that prevented them from logging eight to twelve hours of work per pay period, more specific facts are absent. For instance, Plaintiffs do not specify what sort of technical difficulties prevented them from logging their hours. They do not give an example of a specific time this occurred. Plaintiffs do not detail Wright's exchanges with management about these issues (e.g., who he spoke to, what they said, when he spoke to them). Nor do Plaintiffs set forth specific facts in support of the allegation that Stanley and other Illinois employees were required to arrive early for work. No example is given of a specific time this occurred. Plaintiffs do not specify what sort of work-related tasks they were required to complete during that time, if any. And they do not explain how Defendants went about requiring them to show up early.

Insofar as Plaintiffs allege that Defendants round down their time worked to the nearest fifth minute, and that this

9

results in underpayment of wages, this allegation similarly lacks specificity. The FAC does not allege who "was actually affected by [this practice], when, for what amount of time, at whose direction, and the approximate amount of wages [they] are owed as a result." Mot. at 16. In sum, Plaintiffs allegations are overly general. See, e.g., Krauss v. Wal-Mart, Inc., 2020 WL 1874072, at *2-4 (E.D. Cal. 2020) (dismissing overtime and minimum wage claims because plaintiff failed to "allege key facts and specific details necessary to support [them]."); Chavez, 2019 WL 1367812, at *3 (same); Morelli, 2018 WL 6201950, at *4 (same). They preclude the Court from making any plausible inferences about Defendants' conduct and fail to give Defendants the fair notice necessary to defend themselves effectively. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

The Court DISMISSES Plaintiffs' first, second, third, fifth, tenth, eleventh, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twenty-third, twenty-fourth, and twenty fifth causes of action for unpaid wages.

D. Unreimbursed Business Expenses Claim

Plaintiffs' eighth cause of action is for unreimbursed business expenses. See FAC ¶¶ 159-66. Plaintiffs allege Wright and the other California employees were not reimbursed for the use of "their personal cell phones, in addition to their radios" while working. FAC ¶ 55. However, Plaintiffs fail to allege any specific instances in which an employee was required to use his or her personal cell phone for work-related purposes. Plaintiffs do not specify whether they incurred any actual expenses related to the use of their cell phones; whether they

requested Defendants reimburse them for those expenses; or that Defendants refused to tender any requested reimbursements. Absent any supporting details, the Court cannot infer that Plaintiffs' claim for unreimbursed business expenses is plausible. See Krauss, 2019 WL 6170770, at * 5 ("Because Plaintiff fails to allege even a single instance when Walmart did not reimburse her for reimbursement-eligible items, this claim fails."); Chavez, 2019 WL 1367812, at *3 ("Chavez fails to provide a single instance when such a cost was actually incurred and not reimbursed.").

The Court DISMISSES Plaintiffs' eighth cause of action for unreimbursed business expenses.

E. Derivative Claims

Plaintiffs' sixth, seventh, ninth, thirteenth, sixteenth, twentieth, twenty-sixth, and twenty-seventh causes of action allege violations of state consumer protection and unfair business practice laws, as well as waiting time and inaccurate wage statement penalties. See FAC ¶¶ 138-47, 148-58, 167-79, 225-33, 251-58, 291-303, 360-68, 369-82. As currently alleged, these claims are dependent upon adequately pled claims for failure to pay overtime compensation, failure to provide meal and rest breaks, and failure to pay minimum wages. See Marshall v. Pollin Hotels II, LLC, 170 F.Supp.3d 1290, 1306 (D. Or. 2016) (a claim of late payment of wages upon termination under Oregon law is completely dependent on claims for unpaid overtime wages and unlawful wage deductions); Morrelli, 2018 WL 6201950, at *5 (claims of inaccurate wage statements and failure to pay wages upon termination under California law and violations of

California's Unfair Competition Law are all dependent upon adequately pled overtime, minimum wage, and meal and rest break claims); Porch v. Masterfoods, USA, Inc., 685 F.Supp.2d 1058, 1075-76 (claim of unfair business practices under California law is predicated on at least one legal violation). For the reasons described above, none of those preceding claims are adequately pled. Thus, the derivative claims necessarily fail.

Moreover, Plaintiffs' twenty-seventh cause of action for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFDBPA") fails as a matter of law because Plaintiffs are employees and not consumers. See Hess v. Kanoski & Assocs., 668 F.3d 446, 454 (7th Cir. 2012) (Plaintiff did not have a valid claim under the ICFDBPA because he was an employee and not a consumer). And Plaintiffs' sixteenth cause of action for violation of Washington's Consumer Protection Act ("CPA") also fails as a matter of law because simple wage and hour violations do not constitute CPA violations. See Aziz v. Knight Transp., 2012 WL 3596370, at *2 (W.D. Wash. 2012) (an act which violates wage and hour laws may form the basis for a CPA claim if it also has the capacity to deceive a substantial portion of the public); Castillo v. United Rentals, Inc., 2018 WL 1382597, at *8-9 (W.D. Wash. 2018) (dismissing the plaintiff's CPA claim as a matter of law because a simple violation of a meal and rest break statute does not constitute a CPA violation).

Plaintiffs dispute this and contend that there has been a violation of the CPA because: (1) Defendants have per se violated statutory wage and hour laws; and (2) Defendants' conduct toward their employees constitutes unfair and deceptive business

practices.  See Opp'n at 12-14.  With regard to the per se violations, "[t]he Washington Supreme Court has been clear that a per se unfair trade practice 'exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated.'" Castillo, 2018 WL 1282597, at *8 (quoting Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 719 P.2d 531, 535 (Wash. 1986)).  By way of example, a violation of a statute governing embalming services has been designated by the legislature as "constitut[ing] an unfair practice under [the CPA]."  Id. (quoting RCW 18.39.350).  The wage and hour statutes at issue here have not been given a similar designation.  Id.  Thus, there can be no per se violation.

As for Plaintiffs' argument that Defendants' conduct constitutes unfair and deceptive business practices, for their conduct to fall within this category, "the plaintiff must allege more than merely the failure to comply with Washington's wage laws, but rather the payment of wages at rates below what [Defendants] represented to [Plaintiffs] and the general public." Id. (internal quotation marks and citations omitted).  Plaintiffs have pled no facts regarding what representations, if any, were made by Defendants to Plaintiffs and the general public concerning payment of wages.  Nor have they presented any supporting facts in their opposition brief.

The Court DISMISSES Plaintiffs' sixth, seventh, ninth, thirteenth, sixteenth, twentieth, twenty-sixth, and twenty-seventh causes of action for violations of state consumer protection and unfair business practice laws and waiting time and

inaccurate wage statement penalties.

   F.   Leave to Amend

Plaintiffs' request leave to file a second amended complaint if any of their claims are found to be deficient. See Opp'n at 14-15. The Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006). Plaintiffs have already filed two complaints and, notably, supplied no further factual detail in their opposition brief. Plaintiffs, therefore, do not appear able to cure the FAC's deficiencies. Amendment, at this point, would be futile. Additionally, Plaintiffs' sixteenth and twenty-seventh causes of action fail as a matter of law. Accordingly, Plaintiffs' request for leave to amend is DENIED.

                      III.   ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED WITH PREJUDICE.

   IT IS SO ORDERED.

Dated: May 28, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE