Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Attorneys for Plaintiffs and the Putative
Class and Collective

[*Additional counsel on next page*]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA WRIGHT, LORETTA STANLEY, HALEY QUAM, and AIESHA LEWIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING, LLC, and GH SENIOR LIVING, LLC dba GREENHAVEN ESTATES ASSISTED LIVING,<br><br>Defendants. | Case No. 2:19-cv-01767-JAM-CKD<br><br>**STIPULATION AND ORDER FOR PLAINTIFFS TO FILE SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. John A. Mendez<br><br>Complaint Filed: September 6, 2019<br>Trial Date:      None |

Barbara I. Antonucci (SBN 209039)
Sarah K. Hamilton (SBN 238819)
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
601 Montgomery Street, Suite 350
San Francisco, CA  94111
Telephone: (415) 918-3000
bantonucci@constangy.com
shamilton@constangy.com

Attorneys for Defendants FRONTIER
MANAGEMENT LLC, FRONTIER
SENIOR LIVING, LLC and GH SENIOR LIVING, LLC
dba GREENHAVEN ESTATES ASSISTED LIVING

Plaintiffs Joshua Wright, Loretta Stanley, Haley Quam, and Aiesha Lewis ("Plaintiffs") and Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"), by and through their attorneys of record, hereby stipulate as follows:

1. WHEREAS, on September 16, 2019, Plaintiff Wright filed a complaint pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA") in the California Superior Court of Alameda County, Case No. RG19035167 ("PAGA Action") against Defendants;

2. WHEREAS, on September 6, 2019, Plaintiff Wright filed this Action against Defendants in the United States District Court, District of California, asserting claims under the California Labor Code and under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq. Wright, et al. v. Frontier Management LLC, et al,* United States District Court, Eastern District of California, Case No. 2:19-cv-01767-JAM-CKD ("this Action"), *see* ECF 1;

3. WHEREAS, on July 29, 2020, the Parties participated in a full-day mediation regarding both this Action and the PAGA Action before respected wage and hour mediator David Rotman, but the cases did not settle that day. On August 26, 2020, the Parties participated in a second, half-day mediation before Mr. Rotman, but the cases did not settle that day as well;

4. WHEREAS, on February 9, 2021, Plaintiff Wright filed a First Amended Class and Collective Action Complaint ("FAC") to add Plaintiffs Loretta Stanley, Haley Quam, and Aiesha Lewis; to assert FLSA claims on their behalf; and to allege Washington, Oregon, and Illinois state class wage and hour claims on their behalf, ECF 57;

5. WHEREAS, on March 15, 2021, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which this Court granted on June 1, 2021, dismissing the Federal Action with prejudice and without leave to amend, *see* ECF 68, 72-73. On June 17, 2021, Plaintiffs appealed the Court's order (9th Cir., Case No. 21-16052), *see* ECF 74.

6. WHEREAS, on April 8, 2021, Defendants filed a motion to strike PAGA allegations in the PAGA Action, which was denied on July 2, 2021 without prejudice. On September 10, 2021,

  Defendants filed a petition for writ of mandate for an order directing the superior court to vacate its July 2, 2021 order in the PAGA Action and to rule on Defendants' motion to strike on its merits (Court of Appeal of the State of California, First Appellate District, Division One, Case No. A163424);

7. WHEREAS, on October 5, 2021, the Parties further participated in a full-day mediation before respected wage and hour mediator Steven Serratore. The Parties ultimately accepted the mediator's proposal to settle both this Action and the PAGA Action on October 6, 2021.

8. WHEREAS, following extensive arm's length negotiations over the next few months, the Parties eventually finalized the long-form settlement agreement, which was executed on June 8, 2022 ("Settlement").

9. WHEREAS, pursuant to the Parties' Settlement, the Parties agreed to dismiss Plaintiffs' appeal without prejudice, to stay Defendants' appeal and the PAGA Action pending dismissal upon final approval of the Settlement, and to stipulate to amend the First Amended Complaint in this Action to assert the claims alleged in Plaintiff Wright's PAGA Action for purposes of Settlement and to assert additional claims under the PAGA;

10. WHEREAS, on June 22, 2022, in order to seek approval of the settlement and pursuant to the Parties' stipulation, Plaintiffs' appeal was voluntarily dismissed without prejudice to re-instate the appeal within 28 days of an order from this Court denying approval of the Settlement (Case No. 21-16052, DktEntry 22);

11. WHEREAS, pursuant to the Parties' Settlement, Plaintiff seeks to file the proposed Second Amended Class and Collective Action Complaint ("SAC"), a true and correct copy of which is attached hereto as **Exhibit 1**. The SAC asserts additional claims for penalties under the California Private Attorneys General Act § 2699 arising from Defendants' violations of the California Labor Code pursuant to the Settlement, (2) clarifies factual allegations, and (3) revises the Class and Collective member definitions to reflect those settled in this Action.

12. WHEREAS, the Parties submit that there is good cause to grant leave to Plaintiffs to file the SAC, as doing so will allow Plaintiffs to aver claims against Defendants that the Parties

included in their mediation efforts and have resolved in the proposed Settlement, which will be submitted for the Court's preliminary approval;

13. WHEREAS, pursuant to the Parties' Settlement, the Parties further agreed that in the event the Settlement is ultimately not approved in this Action, Plaintiff Wright may re-file his PAGA complaint in Alameda Superior Court, Defendants be permitted to refile a motion to strike and motion for summary judgment without prejudice in the PAGA Action, and Defendants be permitted to pursue any appeal on the same basis as the currently pending petition for writ of mandate without prejudice the PAGA Action, and the Parties shall be placed in the same position as they were in immediately prior to resolution; and

14. WHEREAS, by stipulating to the filing of the SAC, Defendants represent only that amendment of the Complaint at this juncture in the litigation is consistent with applicable law regarding the amendment of pleadings, and explicitly does not concede the validity of any allegations, theories, or claims contained therein, or the validity or legal sufficiency of the proposed classes, their associated class periods, or the alleged statutes of limitations.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

1. Plaintiffs should be granted leave to amend to file the proposed SAC;
2. Defendants shall have no obligation to file a pleading in response to the SAC; and
3. In the event the Court ultimately denies Plaintiffs' motion for final approval of the Settlement, the First Amended Complaint will be deemed the operative complaint.

Dated: July 6, 2022

/s/ _Michelle S. Lim_____
Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Attorneys for Plaintiffs and the Putative
Class and Collective

Dated: July 6, 2022

                                        */s/ Barbara I. Antonucci*
Barbara I. Antonucci
Sarah K. Hamilton
CONSTANGY, BROOKS, SMITH &
PROPHETE LLP

Attorneys for Defendants FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING, LLC and GH SENIOR LIVING, LLC dba GREENHAVEN ESTATES ASSISTED LIVING

## **ORDER**

Plaintiffs Joshua Wright, Loretta Stanley, Haley Quam, and Aiesha Lewis ("Plaintiffs") and Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"), have stipulated that Plaintiffs may file their Second Amended Class and Collective Action Complaint.

Having considered the Parties' stipulation, and for good cause shown, the Parties' Stipulation permitting Plaintiffs to file a Second Amended Class and Collective Action Complaint is **GRANTED**. Plaintiffs' Second Amended Class and Collective Action Complaint, as filed under ECF 79-1, shall be deemed filed as of the date of this Order, and the Defendants shall have no obligation to respond to the Second Amended Class and Collective Action Complaint. In the event the Court ultimately denies Plaintiffs' motion for final approval of the Settlement, the First Amended Complaint will be deemed the operative complaint.

**IT IS SO ORDERED.**

Dated: July 5, 2022

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE