Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

*Attorneys for Plaintiffs, and the Putative Classes and Collective*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA WRIGHT, LORETTA STANLEY, HALEY QUAM, and AIESHA LEWIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING, LLC, and GH SENIOR LIVING, LLC dba GREENHAVEN ESTATES ASSISTED LIVING,<br><br>Defendants. | Case No.: 2:19-cv-01767-JAM-CKD<br><br>Hon. John A. Mendez<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Date: September 13, 2022<br>Time: 1:30 p.m.<br>Ctrm.: 6, 14th Floor<br><br>Filed: September 6, 2019<br>Trial Date: None |

The Motion for Preliminary Approval of Settlement filed by Plaintiffs Joshua Wright, Loretta Stanley, Haley Quam, and Aiesha Lewis, Plaintiffs in this action (the "Action"), was scheduled for hearing regularly in Courtroom 6, 14th Floor, of the above captioned court, the Honorable John A. Mendez presiding. The Parties stipulated that the Court could decide the motion without a hearing and Defendants do not oppose the motion.

In the operative complaint in the Action, Plaintiffs allege that Defendants violated federal and state wage and hour laws with respect to current and former non-exempt employees who worked for Defendants. Throughout the relevant time period, Plaintiffs allege that Defendants committed violations as to Plaintiffs and Class and Collective Members by: (1) not paying Class and Collective Members proper minimum and overtime wages for work performed off-the-clock on a daily basis; (2) failing to provide Class and Collective Members with a reasonable opportunity to take meal and rest periods, and failing to compensate Class and Collective Members when such meal and rest periods are not taken; (3) failing to reimburse necessarily-incurred expenses; and (4) failing to issue accurate, itemized wage statements.

After discovery and extensive investigation by Plaintiffs' counsel, the Parties participated in three sessions of private mediations with respected neutral mediator David Rotman and Steve Serratore in an attempt to resolve the claims. As a result of the final mediation session on October 5, 2021 and further arm's-length negotiations facilitated by Mr. Serratore, the Parties reached a global settlement that resolves all of the claims in all of the Action. The Parties then executed a Class Action Settlement Agreement and Release ("Settlement") on June 8, 2022.

The instant motion seeking Preliminary Approval was filed on July 21, 2022 (ECF No. 85) for the purpose of determining, among other things, whether the proposed Settlement is within the range of possible approval, if Notices of the Settlement to Members of the California Class and FLSA Collective Members are appropriate, and whether a formal fairness hearing, also known as a final approval hearing, should be scheduled. Appearing at the hearing was Schneider Wallace Cottrell Konecky LLP on behalf of Plaintiffs, the Collective, and Putative Classes, and Constangy, Brooks, Smith & Prophete LLP on behalf of Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living

(collectively, "Defendants").

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1.  The Court hereby GRANTS preliminary approval of the terms and conditions contained in the Settlement, attached to the Declaration of Carolyn H. Cottrell in support of Plaintiffs' Motion for Preliminary Approval of Settlement as **Exhibit 1**, as to the California, Oregon, Washington, and Illinois Classes ("State Classes"). The Court preliminarily finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2.  The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable to the members of the State Classes when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive, arms-length negotiations between the Parties. Accordingly, the Court preliminarily finds that the Settlement was entered into in good faith.

3.  The Court hereby GRANTS conditional certification of the provisional State Classes, in accordance with the Settlement, for the purposes of this Settlement only. The State Classes are defined as:

    a.  The California Class means all persons who are employed, have been employed, or alleged in the Action to have been employed by Defendants as a non-exempt employee in the State of California between September 6, 2015 and March 1, 2022.

    b.  The Oregon Class means all persons who are employed, have been employed, or are alleged in the Action to have been employed by Defendants as a non-exempt employee in the state of Oregon between July 8, 2014 and March 1, 2022.

    c.  The Washington Class means all persons who are employed, have been employed, or

1     are alleged to have been employed in the Action by Defendants as a non-exempt
2     employee in the state of Washington between July 8, 2017 and March 1, 2022.
3         d.  The Illinois Class means all persons who are employed, have been employed, or are
4     alleged in the Action to have been employed by Defendants as a non-exempt
5     employee in the state of Illinois between July 8, 2017 and March 1, 2022.

6. 4. The Court hereby GRANTS approval of the terms and conditions contained in the Settlement as to the Collective of Opt-In Plaintiffs. The Court finds that the terms of the Settlement are a fair and reasonable resolution of a *bona fide* dispute and that the terms of the Settlement are within the range of possible approval pursuant to the Fair Labor Standards Act and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable to the Collective Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive, arms-length negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

6. The Court conditionally certified the Collective in its March 17, 2020 Order (ECF 15), and the Court now finally certifies the Collective pursuant to 29 U.S.C. § 216(b) for Settlement purposes only. The Collective is defined as all individuals who have submitted Opt-In Consent Forms in the Federal Action and worked for Defendants as non-exempt, hourly employees between March 13, 2017 and March 1, 2022.

7. The Court hereby authorizes the retention of Settlement Services, Inc. as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated to be $149,400.

8. The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky LLP as Counsel for the Class. The Court hereby conditionally appoints Plaintiffs Wright, Stanley, Quam,

and Lewis as Class Representatives for the California, Oregon, Washington, and Illinois State Classes, respectively.

9. The Court hereby appoints Schneider Wallace Cottrell Konecky LLP as Counsel for the Collective. The Court hereby appoints Plaintiffs Wright, Stanley, Quam, and Lewis as Collective Representatives for the Collective.

10. The Court hereby APPROVES the Notices of Settlement attached to the Settlement as **Exhibit C** and **Exhibit D**. The Court finds that the Notice of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notices of Settlement appear to fully and accurately inform the Members of the State Classes of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds that the Notice of Settlement appears to fully and accurately inform the Members of the Collective of all material elements of the proposed Settlement.

11. The Court hereby authorizes dissemination of the Notice of Settlement to Members of the State Classes and the Collective. Subject to the terms of the Settlement, the Notice of Settlement shall be mailed via first-class mail to the most recent known address of each Member of the State Classes and the Collective within the timeframe specified in the Settlement, and sent via email to all such persons for whom Defendants have an email address. The Parties are authorized to make non-substantive changes to the proposed Notice of Settlement that are consistent with the terms of the Settlement and this Order.

12. The Court hereby APPROVES the proposed procedure for members of the State Classes to request exclusion from the Rule 23 component of the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator during the time period permitted under the Settlement. Any member of the State Classes who submits a written exclusion shall not be a member of the State Classes, shall be barred from participating in the Rule 23 component of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

13. The Court further PRELIMINARILY APPROVES Plaintiffs' counsel's request for attorneys' fees of up to one-third of the Gross Settlement Amount, or $3,166,663.50, plus their costs, not to exceed $110,000. The Parties are authorized to make changes to the proposed Notice of Settlement to reflect that Class Counsel will request up to one-third of the Gross Settlement Amount, or $3,166,663.50, to compensate them for their services in this matter.

14. The Court ORDERS that Plaintiffs' counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any members of the State Classes who request exclusion from the Settlement, by December 23, 2022.

15. The Court ORDERS that Plaintiffs' counsel shall file a motion for approval of the fee and cost award and of the service award to the Class Representative, with the appropriate declarations and supporting evidence, by December 23, 2022, to be heard at the same time as the motion for final approval of the Settlement.

16. The Court further ORDERS that each member of the State Classes shall be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on March 1, 2023 at 1:30 p.m. in Courtroom 6, 14th Floor, of the United States District Court, Eastern District of California. Any Class Member seeking to object to the proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiffs' counsel and Defendants' counsel.

17. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notices of Settlement and adopts the following dates and deadlines:

| | |
|---|---|
| Deadline for Defendants to pay the Gross Settlement Amount in the QSF | Within 30 calendar days after Final Approval Order |
| Deadline for Defendants to provide SSI with the Class List | Within 30 calendar days after the Court's preliminary approval of the Settlement |
| Deadline for SSI to mail the Notice of Settlement to Class Members | Within 10 business days after SSI receives the Class List |
| Deadline for State Class Members to postmark requests to opt-out or file objections to the Settlement ("Notice Deadline") | 60 days after Notice of Settlement are initially mailed |

ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
*Wright, et al. v. Frontier Management LLC, et al.*, Case No. 2:19-cv-01767-JAM-CKD

| | |
|---|---|
| Deadline for SSI to provide all counsel with a report showing (i) the names of Settlement Class Members; (ii) the Individual Settlement Payments owed to each Settlement Class Members; (iii) the final number of Settlement Class Members who have submitted objections or valid letters requesting exclusion from the Settlement; (iv) the estimated average and median recoveries per State Class Member; (v) the largest and smallest estimated recoveries to State Class Members; and (vi) the number of undeliverable Notices of Settlement. | Within 10 business days after the Notice Deadline |
| Deadline for filing of Final Approval Motion | As provided above |
| Final Approval Hearing | No earlier than 30 days after the Notice Deadline |
| Effective Date | The latest of the following dates: (i) if there are one or more objections to the settlement that are not subsequently withdrawn, then the date after the expiration of time for filing a notice of appeal of the Court's Final Approval Order, assuming no appeal or request for review has been filed; (ii) if there is a timely objection and appeal by one or more objectors, then the date after such appeal or appeals are terminated (including any requests for rehearing) resulting in the final judicial approval of the Settlement; or (iii) if there are no timely objections to the settlement, or if one or more objections were filed but subsequently withdrawn before the date of Final Approval, then the first business day after the Court's order granting Final Approval of the Settlement is entered |
| Deadline for SSI to calculate the employer share of taxes and provide Defendants with the total amount of Defendants' Payroll Taxes | Within 5 business days after final Settlement Award calculations are approved |
| Deadline for SSI to make payments under the Settlement to Participating Individuals, the LWDA, Class Representatives, Plaintiffs' counsel, and itself | Within 30 days after the Effective Date or as soon as reasonably practicable |
| Check-cashing deadline | 180 days after issuance |
| Deadline for SSI to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | Within 10 business days after the check cashing period |
| Deadline for SSI to tender uncashed check funds to cy pres recipient Legal Aid at Work or redistribute such uncashed funds to Participating Individuals who cashed their Settlement Award checks | As soon as practicable after check-cashing deadline |

| Deadline for Plaintiffs to file a Post-Distribution Accounting | Within 21 days after the distribution of any uncashed funds |
|---|---|

18. The Court further ORDERS that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

19. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

20. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the State Classes.

**IT IS SO ORDERED.**

DATED: August 29, 2022

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE