Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

*Attorneys for Plaintiffs, and the Putative Classes and Collective*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA WRIGHT, LORETTA STANLEY, HALEY QUAM, and AIESHA LEWIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING, LLC, and GH SENIOR LIVING, LLC dba GREENHAVEN ESTATES ASSISTED LIVING,<br><br>Defendants. | Case No.: 2:19-cv-01767-JAM-CKD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Judge:   Hon. John A. Mendez<br>Date:    February 28, 2023<br>Time:    1:30 p.m.<br>Ctrm.:   6, 14th Floor<br><br>Filed:   September 6, 2019<br>Trial Date:  None |

The Motion for Final Approval of Class and Collective Action Settlement filed by Plaintiffs Joshua Wright, Loretta Stanley, Haley Quam, and Aiesha Lewis, Plaintiffs in this action (the "Action"), came on for hearing regularly in Courtroom 6, 14th Floor, of the above captioned court, the Honorable John A. Mendez presiding. Defendants in the Action do not oppose the motion.

Upon consideration of Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement ("Motion") seeking final Court approval of the parties' settlement of this Action on the terms set forth in the Class Action Settlement Agreement and Release, filed at ECF 85-1 ("Settlement Agreement"), and having reviewed and considered the terms and conditions of the proposed settlement as set forth in the Settlement Agreement and the terms of which are incorporated in this Order; and no opposition to the Motion having been submitted; and the Court having jurisdiction to consider the Motion and the relief requested therein, and venue being proper before the Court; and due and proper notice of the Motion having been provided; and upon the hearing on the Motion and after due deliberation, and good and sufficient cause appearing therefore;

**THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:**

1. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2. The Court has jurisdiction over the claims of the Rule 23 State Class Members and Collective Members asserted in this proceeding and over all Parties to the action.

3. The parties litigated this case for over three years. During the course of the litigation, the Court became very familiar with the claims, defenses, competing facts and legal theories presented by the parties, as well as the work of counsel in presenting them. Among other things, the Court considered and decided multiple pleadings motions and discovery disputes. These motions presented complex, difficult and sometimes novel issues for the parties to develop and the Court to resolve. They also evidenced that the parties conducted extensive discovery, depositions, and investigation to support and vet their positions during the course of the case. Through lengthy arms-length negotiations and this Court's guidance, the parties have prepared and revised the Settlement Agreement at issue.

4. With this history, the Court has now considered Plaintiffs' motion for final approval of the proposed settlement by weighing the strength of the case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; and the extent of discovery completed, among other factors. See Fed. R. Civ. P. 23(e)(2); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *Lusk v. Five Guys Enters. LLC*, No. 1:17-cv-00762-AWI-EPG, 2022 U.S. Dist. LEXIS 12812, at *6 (E.D. Cal. Jan. 22, 2022). The Court concludes based on these factors, as well as the terms of the settlement itself and the history of the lengthy arms-length negotiations that resulted in an agreement of these terms, that the settlement is "fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

5. The Court also finds, for purposes of settlement, that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the State Classes of California, Illinois, Oregon, and Washington: (1) the Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims or defenses of Plaintiffs are typical of the claims or defenses of the Class Members; and (4) Plaintiffs will fairly and adequately protect the interests of the Class Members.

  a. **Numerosity**: Plaintiffs meet the criteria of Rule 23(a)(1) of the Federal Rules of Civil Procedure because there are approximately over 1,000 class members per State Class, making joinder impractical. Additionally, these class members are ascertainable through Defendants' records.

  b. **Common Questions**: Plaintiffs meet the criteria of Rule 23(a)(2) because the Class claims turn upon answers to overarching common questions regarding Defendants' policies and procedures that are capable of class-wide resolution for settlement purposes. The Court finds that for settlement purposes, the common questions raised by Class Members, include: whether, *inter alia*, State Class Members were required to – and should be paid for – unrecorded off the clock work, including time spent conducting pre-shift and post-shift work; whether carrying and/or responding to calls during meal and rest breaks were required and

        renders such breaks on-duty, untimely, or cut short; and whether State Class Members were required to purchase items for work and should be reimbursed for such purchases.

   c. **Typicality**: Plaintiffs meet the criteria of Rule 23(a)(3) for settlement purposes because the claims of the Class Representatives are typical of the claims of the State Classes in that all their claims are based on the same Defendants' policies and legal theories, and Plaintiffs were subject to and allege they were harmed by the same polices as other State Class Members.

   d. **Adequacy**: Plaintiffs meet the criteria of Rule 23(a)(4) because the named Plaintiffs are adequate class representatives in that they do not have any conflicts with the class, are committed to representing the interests of the members of the class, and are represented by counsel with extensive experience and expertise in class action litigation, including wage-and-hour class actions.

6. The Court finds, for purposes of settlement only, that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are met because there are common questions of fact and law regarding Defendants' policies and procedures, including those identified above, that in the context of a settlement, predominate over any individual issues. Moreover, a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy because the injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible, and the class action settlement device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

7. The Court finds that the terms of the Settlement are within the range of approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable law. The Court finds that: (1) the settlement amount is fair and reasonable as to the State Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably

evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith with respect to the California Class, the Illinois Class, the Oregon Class, and the Washington Class.

8. For purposes of settlement only, the California Class, the Illinois Class, the Oregon Class, and the Washington Class are certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of the Classes, defined as follows:

   a. The California Class means all persons who are employed, have been employed, or alleged in the Action to have been employed by Defendants as a non-exempt employee in the State of California between September 6, 2015 and March 1, 2022.
   b. The Illinois Class means all persons who are employed, have been employed, or are alleged in the Action to have been employed by Defendants as a non-exempt employee in the state of Illinois between July 8, 2017 and March 1, 2022.
   c. The Oregon Class means all persons who are employed, have been employed, or are alleged in the Action to have been employed by Defendants as a non-exempt employee in the state of Oregon between July 8, 2014 and March 1, 2022.
   d. The Washington Class means all persons who are employed, have been employed, or are alleged to have been employed in the Action by Defendants as a non-exempt employee in the state of Washington between July 8, 2017 and March 1, 2022.

9. For the purpose of facilitating the settlement, the Court designates Plaintiffs Joshua Wright, Loretta Stanley, Aiesha Lewis, and Haley Quam, as the Class Representatives. Also, for the purpose of facilitating the settlement, the Court designates Carolyn H. Cottrell, Ori Edelstein, and Michelle S. Lim of Schneider Wallace Cottrell Konecky LLP as Class Counsel.

10. The Court finds that no class member has objected to the settlement or the motion for attorneys' fees and costs, that no class member has disputed his or her workweeks for calculating the settlement awards, and that seven class members have requested to opt out of the settlement.

11. The Court finds that due and proper notice of the Settlement was provided to all State Class Members, including notice of the right to object to the proposed Settlement, the right to object to Class Counsel's application for attorneys' fees and costs, the right to appear in person or by counsel at the Fairness Hearing and be heard and the right to Opt Out. The Court finds that the notice provided was the best means of providing notice to the Class Members under the circumstances. The Court further finds that it was due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1), and (h)(1). The Court further finds that the Notice of Settlement fully and accurately informed the State Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. Accordingly, the Court determines that all State Class Members, excluding the seven State Class Members who timely and properly executed a request for exclusion, are bound by this Order and the Judgment.

12. The Court hereby makes final its earlier conditional certification of the FLSA Settlement Collective, in accordance with the Settlement, for purposes of this Settlement only. The FLSA Settlement Collective is defined as follows: "all individuals who have submitted Opt-In Consent Forms in the Federal Action and worked for Defendants as non-exempt, hourly employees between March 13, 2017 and March 1, 2022."

13. The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the FLSA Collective as set forth in its August 29, 2022 Order. See ECF 89, ¶¶ 4-6. The Court has already found that the terms of the Settlement represent a fair and reasonable resolution of a *bona fide* dispute, and are within the range of possible approval, pursuant to the FLSA and applicable law.

14.  The Court finds that: (1) the settlement amount is fair and reasonable as to the Collective when balanced against the probable outcome of further litigation relating to collective decertification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and noncollusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith with respect to the Collective.

15.  The Court further finds that the Notice of Settlement fully and accurately informed the Collective Members of all material elements of the Settlement. Accordingly, the Court determines that all Collective Members are bound by this Order and the Judgment.

16.  The Court approves the PAGA Payment of $95,000 for Plaintiff Wright's claims pursuant to the California Private Attorney General Act of 2004, to be distributed by the Settlement Administrator as follows: 75%, or $71,250, to the Labor and Workforce Development Agency ("LWDA"), and 25%, or $23,750, to the Aggrieved Employees.

17.  By separate order, the Court finds that the award of Plaintiffs' attorneys' fees and costs is fair, reasonable and appropriate, and approves the service awards as well.

18.  The Court approves payment to the Settlement Administrator, SSI Settlement Services Inc. ("SSI"), of $149,400.00 out of the Gross Settlement Amount, based on the declaration of Aisha Lange verifying the administrator's reasonable costs in fulfilling the settlement administration in this case.

19.  The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved on a final basis pursuant to Federal Rule of Civil Procedure 23(e). Specifically, the Court approves in full the Settlement Agreement. The Parties shall comply with and implement the Settlement Agreement according to its terms.

20.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement or this Order.

21. Accordingly, good cause appearing, the Court hereby approves following implementation schedule:

| EVENT | DEADLINE |
|---|---|
| Effective Date | The latest of the following dates: (i) if there are one or more objections to the settlement that are not subsequently withdrawn, then the date after the expiration of time for filing a notice of appeal of the Court's Final Approval Order, assuming no appeal or request for review has been filed; (ii) if there is a timely objection and appeal by one or more objectors, then the date after such appeal or appeals are terminated (including any requests for rehearing) resulting in the final judicial approval of the Settlement; or (iii) if there are no timely objections to the settlement, or if one or more objections were filed but subsequently withdrawn before the date of Final Approval, then the first business day after the Court's order granting Final Approval of the Settlement is entered |
| Deadline for SSI to calculate the employer share of taxes and provide Defendants with the total amount of Defendants' Payroll Taxes | Within 5 business days after final Settlement Award calculations are approved |
| Deadline for SSI to make payments under the Settlement to Participating Individuals, the LWDA, Class Representatives, Plaintiffs' counsel, and itself | Within 30 days after the Effective Date or as soon as reasonably practicable |
| Deadline for SSI to send a reminder letter via U.S. mail and, if applicable, email to those Participating Individuals that have not cashed their settlement check | 90 days before the check-cashing deadline |
| Deadline for SSI to place a call to Participating Individuals that have not cashed their settlement check, to promptly attempt to obtain valid mailing addresses for such individuals, and to send second checks to such individuals | 60 days before the check-cashing deadline |
| Check-cashing deadline | 180 days after issuance |
| Deadline for SSI to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | Within 10 business days after the check cashing period |
| Deadline for SSI to tender uncashed check funds to cy pres recipient Legal Aid at Work or redistribute such uncashed funds to | As soon as practicable after check-cashing deadline |

| | |
|---|---|
| Participating Individuals who cashed their Settlement Award checks | |
| Deadline for Plaintiffs to file a Post-Distribution Accounting | Within 21 days after the distribution of any uncashed funds |

22. The Court further ORDERS that, pending further order of this Court, all proceedings in the above-captioned Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

23. The Court will separately enter a Judgment and Dismissal of this Action with prejudice consistent with the terms of this Order.

**IT IS SO ORDERED.**

Dated: March 9, 2023                    /s/ John A. Mendez
                                        THE HONORABLE JOHN A. MENDEZ
                                        SENIOR UNITED STATES DISTRICT JUDGE