Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

*Attorneys for Plaintiffs and the*
*Class and Collective*

Barbara I. Antonucci (SBN 209039)
Sarah K. Hamilton (SBN 238819)
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 918-3000
bantonucci@constangy.com
shamilton@constangy.com

*Attorneys for Defendants FRONTIER*
*MANAGEMENT LLC, FRONTIER*
*SENIOR LIVING, LLC and GH SENIOR LIVING, LLC*
*dba GREENHAVEN ESTATES ASSISTED LIVING*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA WRIGHT, LORETTA STANLEY, HALEY QUAM, and AIESHA LEWIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER MANAGEMENT LLC, FRONTIER SENIOR LIVING, LLC, and GH SENIOR LIVING, LLC dba GREENHAVEN ESTATES ASSISTED LIVING,<br><br>Defendants. | Case No. 2:19-cv-01767-JAM-CKD<br><br>Hon. John A. Mendez<br><br>**STIPULATION AND ORDER REGARDING UNCASHED CHECK FUNDS**<br><br><br><br>Complaint Filed: September 6, 2019<br>Trial Date: None |

Plaintiffs Joshua Wright, Loretta Stanley, Haley Quam, and Aiesha Lewis (collectively, "Plaintiffs") and Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"), by and through their attorneys of record, hereby stipulate as follows:

1. **WHEREAS**, on March 13, 2023, the Court entered an Order granting final approval of the Parties' Settlement. ECF Nos. 101-104. Pursuant to the Court's Order, in relevant part, the Settlement Administrator – Settlement Services, Inc. (SSI) – was required to make payments under the Settlement to Class Participants, the service award to the Plaintiff, attorneys' fees and costs to Class Counsel, and administration costs to itself. *Id*. at 8-9. The Order further approved payment of $149,400 out of the Gross Settlement Amount of $9,500,000, based on the declaration of Aisha Lange verifying SSI's reasonable costs in fulfilling the settlement administration in this matter. *See id.* at 7:19-22; *see also,* ECF No. 93-2 (Declaration of Aisha Lange, "Lange Decl.").

2. **WHEREAS**, in relevant part, the Parties' Class Action Settlement Agreement and Release (ECF No. 85-1, at 22-29, "Settlement") provides that the "Settlement Administration costs shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement." Settlement, § 34.d; *see also, id.,* § 2.ee-ff. The Settlement administrator costs are further estimated to be $149,400 under the Settlement. *Id.,* § 2.ff. Pursuant to the Settlement:

    a. Each Participating Individual (i.e., State Class Members who do not opt-out of the Settlement, all Opt-In Plaintiffs under the FLSA, State Class Members who cash or deposit their Settlement Award checks, and all Aggrieved employees under the PAGA) is required to cash their Settlement Award check within 180 days after the checks are mailed to them. *Id.,* § 45; *see also id.,* § 2.y.

    b. During the 180-day check cashing period, with 90 days remaining, a reminder letter

must be sent via mail and email to Participating Individuals who had not yet cashed their checks. *Id.* With 60 days remaining, SSI must place a call to Settlement Class Members who have still not cashed their checks to remind them to do so. *Id.*

    c. If the total residual amount of funds remaining from checks that are returned as undeliverable or are not negotiated within 180 days of mailing is less than $95,000, the remaining funds are to be paid to the *cy pres* recipient, Legal Aid at Work. *Id.,* § 46.a. If such residue is or exceeds $95,000, a second distribution will occur to those Participating Individuals who cashed their Settlement Award on a prorated basis, with any additional settlement administration costs related to the redistribution to be deducted from the total amount of uncashed checks prior to redistribution. *Id.,* § 46.b. Any uncashed check funds remaining from the redistribution will revert to *cy pres*. *Id.*

    d. Moreover, the Settlement may be amended or modified, through writings signed by counsel for all Parties, and the Settlement itself cannot be discharged except by performance or by a writing signed by the Parties. *Id.* § 57. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement. *Id.* § 56.

3. **WHEREAS**, pursuant to the Court's Order granting final approval of the Settlement, SSI made the aforementioned payments to all 20,375 Participating Individuals, via mail on April 12, 2023. The 180-day check cashing deadline expired on October 10, 2023. Although 2,344 of these mailings were returned as undeliverable, SSI performed skip-tracing, finding updated addresses and re-mailing such payments to 825 Participating Individuals. In total, 914 checks were reissued to Participating Individuals, and 6,910 of all checks remain uncashed, for a total of $878,571.89. *See* Declaration of Robert Hyte Re: Costs of Administration ("Hyte Decl.") ¶ 15, attached as **Exhibit A**.

4. **WHEREAS**, between November 11, 2023 and October 9, 2023, SSI made outbound calls to the 8,024 Participating Individuals who had still not yet negotiated their checks. *Id.*, ¶ 10.

Approximately 8,024 calls were made. *Id*. Given the concerns of using a cheaper, automated call system against the tenets of the TCPA, these calls were made by SSI's live operators.

5. **WHEREAS**, between November 11, 2023 and the check cashing deadline, SSI reissued and remailed a total of 790 individual settlement award checks. *Id.,* ¶ 12. During this period, SSI also received 544 incoming calls, as well as 50 emails, in response to SSI's outreach efforts. *Id.,* ¶¶ 11,12.

6. **WHEREAS**, based on the SSI's declaration verifying SSI's reasonable costs to administer the Settlement, SSI previously estimated its costs to total $149,400, as of May 25, 2023. *See* Lange Decl., ¶ 17. However, this estimation failed to anticipate various, additional duties arising from the actual Settlement that resulted following the provision of SSI's initial capped-fee proposal of $149,400. Following extensive and numerous efforts to discuss and revise SSI's invoicing with Class Counsel, SSI agreed to waive approximately 61%, or $93,100 of the outstanding balance owed. SSI's unanticipated duties, and the adjusted costs of such duties, is broken down hereafter:

   a. SSI's initial capped-fee proposal only anticipated 18,832 Participating Individuals, but the provided class data included an increase of 8.2% of the class size. The increased class size in turn resulted in increased administration costs of $3,000. Hyte Decl*.,* ¶ 6.

   b. SSI's initial capped-fee proposal anticipated a maximum of four states of employment; however, the class data included a total of 15 states of employment, and multiple Participating Individuals worked in multiple states, requiring additional accounting costs totaling $15,000. *Id.,* ¶ 7.

   c. SSI's initial capped-fee proposal anticipated a maximum of two rounds of checks mailed, in the same tax year, with the QSF open for a maximum of two calendar years. However, currently, the QSF is expected to be open for three years. The additional related administration and accounting costs $2,000. *Id.,* ¶ 8.

   d. SSI's initial capped-fee proposal did not anticipate the additional administrative duty

to place outbound calls to Participating Individuals whose checks were not negotiated. Such additional duties required SSI to hire additional staff and increased SSI's administration costs by a total of $28,500. *Id.,* ¶ 10.

    e. As a result of the additional, unanticipated administrative duty to place outbound calls, SSI received multiple incoming calls, responded to hundreds of emails, and reissued and remailed hundreds of settlement checks, increasing SSI's administration costs by a total of $10,000. *Id.,* ¶¶ 11-13 ($5,000 for incoming calls, $500 for email response, and $5,000 for remailed reissuances of checks).

7. **WHEREAS**, SSI requests that the Court grant an additional $59,000 to be awarded to SSI from the uncashed check fund to compensate it for a portion of its administration costs related to the initial distribution.[1]

8. **WHEREAS**, nothing in this Stipulation increases the Gross Settlement Amount of $9,500,000 as agreed to by the Parties in the Settlement, nor does it create any further obligation by Defendants to pay any additional money, including but not limited to settlement administrator costs.

9. **WHEREAS**, the Parties do not oppose this request.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:**

1. The Parties respectfully request that the Court grant: (1) the Settlement Administrator's further costs stemming from the initial distribution shall be included in its fees and costs associated with the redistribution, and shall come out of the uncashed check fund prior to the redistribution; and (2) the uncashed check fund should be redistributed within 20 days of the Court's order on this Stipulation. Nothing in this Stipulation increases the Gross Settlement Amount of $9,500,000 as agreed to by the Parties in the Settlement, nor does it create any further obligation by Defendants to pay any additional money, including but not limited to settlement administrator costs.

---

[1] Given that the remaining uncashed check fund will exceed $95,000 notwithstanding SSI's requested additional award, a redistribution of the uncashed check fund will follow, and SSI anticipates that an additional $47,000 will be further deducted from the uncashed check fund to effectuate the redistribution pursuant to the Settlement.

1
2  Dated: January 23, 2025
3
　　　　　　　　　　　　　　　　　　/s/ Michelle S. Lim
　　　　　　　　　　　　　　　　　Carolyn H. Cottrell
4　　　　　　　　　　　　　　　　　Ori Edelstein
　　　　　　　　　　　　　　　　　Michelle S. Lim
5　　　　　　　　　　　　　　　　　**SCHNEIDER WALLACE**
　　　　　　　　　　　　　　　　　**COTTRELL KONECKY LLP**
6
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*
7　　　　　　　　　　　　　　　　　*and the Class and Collective*

8
9
10  Dated: January 23, 2025
　　　　　　　　　　　　　　　　　*/s/ Barbara I. Antonucci* (as authorized on 01/22/25)
11　　　　　　　　　　　　　　　　　Barbara I. Antonucci
　　　　　　　　　　　　　　　　　Sarah K. Hamilton
12　　　　　　　　　　　　　　　　　CONSTANGY, BROOKS, SMITH &
　　　　　　　　　　　　　　　　　PROPHETE LLP
13
　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
14　　　　　　　　　　　　　　　　*FRONTIER MANAGEMENT LLC, FRONTIER*
　　　　　　　　　　　　　　　　*SENIOR LIVING, LLC and GH SENIOR LIVING, LLC*
15　　　　　　　　　　　　　　　　*dba GREENHAVEN ESTATES ASSISTED LIVING*

16
17
18
19
20
21
22
23
24
25
26
27
28

# **ORDER**

Plaintiffs Joshua Wright, Loretta Stanley, Haley Quam, and Aiesha Lewis ("Plaintiffs") and Defendants Frontier Management LLC, Frontier Senior Living, LLC, and GH Senior Living, LLC dba Greenhaven Estates Assisted Living (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"), have stipulated to request additional settlement administration costs associated to the initial distribution of the Settlement.

Having considered the Parties' stipulation, and for good cause shown, the Parties' Stipulation Regarding Uncashed Check Funds is **GRANTED**.  IT IS THEREFORE ORDERED that:

1. The Settlement Administrator's further request for settlement administration costs of $59,000 stemming from the initial distribution is **GRANTED**;
2. This award shall come out of the uncashed check fund prior to the redistribution; and
3. The uncashed check fund shall be redistributed within 20 days of this Order.
4. Nothing in this Stipulation increases the Gross Settlement Amount of $9,500,000 as agreed to by the Parties in the Settlement, nor does it create any further obligation by Defendants to pay any additional money, including but not limited to settlement administrator costs.

**IT IS SO ORDERED.**

Dated: January 31, 2025     /s/ John A. Mendez
                            THE HONORABLE JOHN A. MENDEZ
                            SENIOR UNITED STATES DISTRICT JUDGE